UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. GRANT, et al, ) | |
| ) | |
| *Plaintiffs*, ) | |
| vs. ) | Case No.  25-CV-1203-JMD |
| ) | |
| BRUCE F. HILTON, et al., ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISQUALIFY JUDGE JOSHUA M. DIVINE PURSUANT TO 28 U.S.C. § 144, OR, IN THE ALTERNATIVE, MOTION TO RECUSE AND/OR DISQUALIFY PURSUANT TO 28 U.S.C. § 455(A) & (B)**

Plaintiffs submit this Memorandum in Support ("Memo.") of their Motion To Disqualify Judge Joshua M. Divine Pursuant To 28 U.S.C. § 144, Or, In The Alternative Motion To Recuse And/Or Disqualify Pursuant To 28 U.S.C. § 455(A) & (B), filed contemporaneously herewith.

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………3-4

INTRODUCTION……………………………………………………………………………….5

    I.      28 U.S.C. § 144 IS SELF-EFFECTUATING IS REQUIRES …………………………5
THE RECUSAL AND DISQUALIFICATION OF DISTRICT
JUDGE DIVINE IN ORDER TO PRESERVE THE PUBLIC'S
TRUST IN THE FEDERAL JUDICIAL SYSTEM.

          A.  General Bias and Appearance of Impropriety…………………………………………..8

          B.  Judge Divine's Immediately Prior Employment In The……………………………..10
Missouri Attorney General's Office Is Specifically
Disqualifying.

    II.    Judge Divine Should Have Self-Recused Under Section 455(a) & (b)……………..15

          A.  Section 455(a) Clearly Is Satisfied……………………………………………………16

CONCLUSION…………………………………………………………………………………17

# TABLE OF AUTHORITIES

**Cases:**

*Am. Prairie Constr. Co. v. Hoich,* 560 F.3d 780, 789 (8th Cir. 2009)……………………….16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)………………..13

*Gilbert v. Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983)…………………………………..6

*Idaho v. Freeman*, 507 F. Supp. 706, 722-23 (D. Idaho 1981)……………………………..6, 8

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60,…………………..12, 16
108 S. Ct. 2194, 2202-03 (1988)

*Moran v. Clarke,* 296 F.3d 638, 649 (8th Cir. 2002)……………………………………9, 16, 17

*Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980), cert.
denied, 449 U.S. 820, 101 S. Ct. 78, 66 L. Ed. 2d 22 (1980)………………………………16

*Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 466 (1952)……………………………………….7

*SDDS, Inc. v. S.D. (In re SDDS, Inc.)*, 225 F.3d 970, 972-973 (8th Cir. 2000)………………15

*United States v. Alabama,* 828 F.2d 1532, 1545 (11th Cir. 1987)……………………………17

*United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984)……………………………………6

*United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)……………………………..14

**Statutes:**

28 U.S.C. § 144……………………………………………………………………………..5, 6, 17

28 U.SC. § 455(a) & (b)(1)……………………………………………………………..5, 6, 15-17

Fed.R.Civ.P. 11……………………………………………………………………………………12

Fed.R.Civ.P. 12(f)…………………………………………………………………………………12

4921-3441-1030, v. 1

**Other Sources:**

https://ago.mo.gov/attorney-general-andrew-bailey-demands-st-louis-sheriff-alfred-montgomery-resign-or-face-removal-opens-tip-line-for-whistleblowers/ ………………………..11

https://fedsoc.org/bio/josh-divine ....................................................................................10

https://www.moed.uscourts.gov/news/2025/hon-joshua-m-divine-sworn-united-states-district-judgeasterndistrictmissouri#:~:text=Judge%20Divine%20served%20in%20a,State%20of%20Missouri%20since%202023 .......10

**INTRODUCTION**

This Court had a duty to self-recuse in this matter under 28 U.SC. § 455(a) & (b). Having failed to do so, Plaintiffs bring their Motion to Recuse and Disqualify pursuant to both 28 U.S.C. § 144 and 28 U.SC. § 455(a) & (b).

This case should be transferred to a new district court judge that lacks any potential conflicts of interest in order to preserve the public's trust in this Court. Judge Divine's unique prior leadership role in the Missouri Attorney General's Office coupled with the allegations of that Office's failure to pursue the public corruption at issue in this matter, along with the timing of his nomination create objective bias and an objective appearance of impropriety. The bias and conflicts of interest are exacerbated even more by the fact that Judge Divine would have to preside over a case in which his former colleagues and friends are likely fact witnesses. While not extrajudicial, the fact and tone of the Court's September 3, 2025, Show Cause Order (Doc. 22) confirm the appearance of impropriety and conflicts of interest.

Plaintiffs' filing and Affidavit are timely and legally sufficient and, therefore, this Court should grant their Motion.

### I. 28 U.S.C. § 144 IS SELF-EFFECTUATING AND REQUIRES THE RECUSAL AND DISQUALIFICATION OF DISTRICT JUDGE DIVINE IN ORDER TO PRESERVE THE PUBLIC'S TRUST IN THE FEDERAL JUDICIAL SYSTEM.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a ***personal bias or prejudice either against him*** or in favor of any adverse party, such judge shall proceed no further therein, but another judge ***shall*** be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

Here, Plaintiffs attach the legally sufficient affidavit of Plaintiff Matthew R. Grant in full compliance with the requirements of § 144's.  **Exhibit A**.

The sole issue before this Court is whether Plaintiff's affidavit, taken as true, demonstrates a potential bias and/or the appearance of impropriety.  *See, e.g., United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984).

"To be legally sufficient, an affidavit must allege bias or prejudice, and such 'bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"  *Faul* at 1211 (citations omitted).

It is important to note that, "[t]he standard for determining the appearance or fact of particular grounds for recusal or disqualification of a trial judge is the same under both statutes [144 and 455]. A judge is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality."  *Gilbert v. Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983) (citation omitted)

The Court's disqualification is semi-peremptory and not optional.  In the *Gilbert* case, the 8th Circuit quoted and relied upon the decision in *Idaho v. Freeman*, 507 F. Supp. 706, 722-23 (D. Idaho 1981).  That court explained that "[t]he **semi-peremptory section 144** is initiated by a party affidavit, the contents of which must be taken as true, and a judge after determining its legal sufficiency **must disqualify himself**… the allegations need only be sufficient to support a reasonable apprehension of bias…") (emphasis added).

"As grounds for disqualification set out in the statutes [144 and 455] are quite similar, both may be considered together." *Faul* at 1210.

6

The Western District of Missouri noted: "[perhaps] changing Judges can operate as it sometimes appears when baseball clubs change managers -- maybe emotions can be calmed so intelligence can have an opportunity." *Sch. Dist. v. Missouri,* 438 F. Supp. 830, 836 (W.D. Mo. 1977) (quoting recusal in *Kelley v. Metro. Cty. Bd. of Educ.,* 479 F.2d 810, 812 (6th Cir. 1973)).

The Western District decision also quoted Justice Frankfurter's recusal in *Pub. Utils. Comm'n v. Pollak,* 343 U.S. 451, 466 (1952), when it reiterated: "the guiding consideration is that the administration of justice should reasonably appear to be disinterested as well as be so in fact." *Id.* at 838 (quoting *Pollack*).

In *Sch. Dist.*, the Chief Judge noted that the circumstances at issue "makes it reasonably probable that **rumors and gossip** will circulate in the community that the judge trying the case is going to determine disputed questions of fact concerning matters which occurred while he was counsel for the Kansas City School District." *Id.* at 838 (emphasis added). The same analysis follows here.

There can be little doubt that "rumors and gossip will circulate in the community" if Judge Divine continues to preside over this case that is so entangled with the responsibilities of his former office, employer and sole client. Setting aside the political dynamics, the fact of Judge Divine's prior employment in the very office of the State of Missouri charged with ending public corruption, coupled with Plaintiffs' allegations that that same office failed in its duties during the exact same years in which Judge Divine served, makes it clear that Judge Divine should not sit as the assigned judge in this case. The fact that Judge Divine was nominated after Plaintiff Matthew R. Grant exposed the corruption at issue creates even more fodder for public rumors and gossip regarding the *re-*assignment of this case to Judge Divine.

7

Just like the procedure followed by the Chief Judge in *Sch. Dist. v. Missouri,* Judge Divine should transfer this case to a judge "who would be the least likely to have any possible apparent connection with the pending litigation." *Sch. Dist. v. Missouri,* 438 F. Supp. 830, 838 (W.D. Mo. 1977). Here, that would suggest that this case be assigned to any of the following senior judges willing to accept it: Senior Judge Fleissig, Senior Judge Sipple, Senior Judge Ross, Senior Judge Perry, Senior Judge Sippel or Senior Judge Webber.

Again, as noted by the *Idaho v. Freeman* court cited by the 8th Circuit, Plaintiff's instant motion is "**semi-peremptory**." *Id.* As such, here this Court needs only to confirm that the Plaintiff's Affidavit satisfies the standard to address this Court's overlooked self-recusal. It undoubtedly does.

### A. General Bias and Appearance of Impropriety.

In their original Complaint, Plaintiffs identified the potential conflicts of interest and stated: "**This Case Must Be Assigned to a Democrat Appointee United States District Judge:**" Doc. 3, p. 29 (emphasis in original). As such, there can be no argument that the instant Motion is after-the-fact 'judge shopping.'

In contrast, Plaintiffs' statement was based upon the, at least, inherent appearance of impropriety of a sitting Eastern District judge appointed by a Republican president presiding over a case in which Plaintiffs allege the local Republican political machine contains corrupt individuals that routinely impact the local appointment of both state and *federal judges*.

Specifically, Plaintiffs long ago stated: "[b]ecause this case attacks ***the same Republican powerbrokers that have the influence to appoint*** not only state, ***but also federal judges***, Plaintiff intends to request a United States District Court Judge appointed by a Democrat President, if that becomes necessary." *Id.* (emphasis added).

Plaintiffs' grounds for recusal and disqualification are not new. Instead, they are *exacerbated* by this case being **re-**assigned to the Honorable Judge Joshua M. Divine who was appointed just a few months ago through the same process, and involving the same "Republican powerbrokers," that Plaintiffs alerted all reasonable observers were at issue in this litigation.[1] *Id*.

Here, this case was not only **re-**assigned, which is itself troubling, but it was reassigned to a new district judge that was nominated *after* Plaintiff Matthew R. Grant's March 26, 2025, exposure of the corruption at issue in this case to the Missouri Court of Appeals for the Eastern District of Missouri on March 26, 2025, and thereby to the public.[2] **Exhibit B.**

Importantly, a reasonable person would be concerned by the timeline and fact that Plaintiff Matthew R. Grant exposed the corruption at issue in this case to the Missouri Court of Appeals on March 26, 2025, less than two months before Honorable Judge Divine was nominated on May 12, 2025. *See Verified* Petition for Preliminary and Permanent Writs attached hereto as **Exhibit B**.

Plaintiffs cannot be clearer than to expressly state that the same individuals believed to be involved in, directly or indirectly, the nomination of Honorable Joshua M. Divine to the federal bench in May 2025 are *at least* fact witnesses in this case.[3] Plaintiff Matthew R.

---

[1] Judge Divine was appointed to the open seat that had existed *for more than 2 years* (since January 28, 2023), when Honorable Rodney W. Sippel took senior status.

[2] Plaintiff Matthew R. Grant also made significant affirmative efforts to ensure that as many Missourians as possible would learn of the corruption. *See* **Exhibit A**. Plaintiff's continuing efforts have obtained more than 500,000 Facebook profile views and more than 800,000 total views including social media outlets such as LinkedIn, Tik Tok, Instagram and X. *Id*. at ¶36

[3] Here, this Court did not voluntarily address the *Republican* judicial nomination process that resulted in his own nomination and confirmation or why it is not a concerning issue for reasonable persons knowledgeable of the circumstances relating to this case. *See Moran v.*

9

Grant has unique personal knowledge that supports his good-faith beliefs. *See e.g.,* Exhibit A, ¶¶21-27.

### B. Judge Divine's Immediately Prior Employment In The Missouri Attorney General's Office Is Specifically Disqualifying.

A reasonable person would not only take into account Plaintiffs' allegations directed to *Republican powerbrokers* involved in state and ***federal judicial assignments***, that same reasonable person would note that less than 2 months after Plaintiffs' revelation and exposure of corruption, *Republican* President Donald J. Trump nominated Honorable Joshua M. Divine, a public servant of the State of Missouri, ***an original defendant in this case***.

A reasonable person would observe that not only was Judge Divine a public servant for his former client, the State of Missouri, but more importantly, he served in the State of Missouri's ***Attorney General's office*** as Solicitor General and in public service prior to that, as Deputy Solicitor General.[4]

Plaintiffs' ongoing research *now* reveals what this Court already knows, Judge Divine devoted many years of public service to the State of Missouri in its Attorney General's Office as Deputy Solicitor General from 2017-2019, and it the State of Missouri's Attorney General's Office as Solicitor General from 2023-2025. *See* https://fedsoc.org/bio/josh-divine

Judge Divine's superior, former Missouri Attorney General Andrew Bailey clarified the scope of his (and Judge Divine's) office's responsibility when he stated:

> "[w]e relentlessly pursue *any public official* who violates the law. This office [Attorney General's Office] has *a zero-tolerance policy on public corruption."*

---

*Clarke,* 296 F.3d 638, 649 (8th Cir. 2002) ("We find particularly worrisome the district court's failure to disclose this conflict himself, as permitted by section 455(e).").

[4] *See* https://www.moed.uscourts.gov/news/2025/hon-joshua-m-divine-sworn-united-states-district-judge-eastern-districtmissouri#:~:text=Judge%20Divine%20served%20in%20a,State%20of%20Missouri%20since%202023

4921-3441-1030, v. 1

> *See*https://ago.mo.gov/attorney-general-andrew-bailey-demands-st-louis-sheriff-alfred-montgomery-resign-or-face-removal-opens-tip-line-for-whistleblowers/ (emphasis added).

Plaintiffs will prove that statement was and is untrue.

This case will prove that the Missouri Attorney General's Office not only did not have "a zero-tolerance policy on public corruption," but it will also show that the Office in which Judge Divine served had a **100%-tolerance policy** for the public corruption of which it was on notice relating to lawyers, judges and commissioners in the Family Court of the 21st Circuit Court for the State of Missouri.[5]

Plaintiffs anticipate that employees of the Missouri Attorney General's Office during the time frame of ***2017 to present*** may be fact witnesses in this case.  As such, Judge Divine will likely be called upon to rule on anticipated Motions to Quash and/or for Protective Orders filed by his friends and former colleagues.

No *reasonable person* could conclude that there is *not* an appearance of impropriety for Judge Divine to preside over litigation that will, among other things, delve into the actions of the very office in which he served for at least 4 years, and *at the exact moment in time* when Plaintiff Matthew R. Grant exposed the very corruption that the Missouri Attorney General's Office for which it falsely claims to have a zero-tolerance policy.

The United States Supreme Court explained that:

> A careful reading of the respective subsections makes clear that Congress intended to require knowledge under subsection (b)(4) and **not to require knowledge under subsection (a)** Moreover, advancement of the purpose of the   provision -- to promote public confidence in the integrity of the judicial process, see S. Rep. No. 93-419, p. 5 (1973); H. R. Rep. No. 93-1453, p. 5 (1974) -- ***does not depend upon whether or not the judge actually knew of facts***

---

[5] This case will also prove the actual constructive knowledge of the Missouri Supreme Court's Office of Chief Disciplinary Counsel and the Judicial Commission on Retirement, Discipline and Removal. *See* Doc. 3.  This Court's *apparent outrage* at Plaintiffs' allegations does not change their veracity.

> ***creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew***.

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60, 108 S. Ct. 2194, 2202-03 (1988) (emphasis added).

Finally, any reasonable person would find that Judge Divine's *blistering* Show Cause Order issued to Plaintiffs only confirmed the very appearance of impropriety that existed before its issuance by the Court. Doc. 22. Indeed, Judge Divine's Show Cause Order would give any *reasonable person* pause.

On July 25, 2025, Judge Divine converted from an advocate for the State of Missouri to a neutral judicial officer that was obligated to fairly and impartially rule upon the facts and law presented.

Shortly after receiving this matter via *re-*assignment, a reasonable person would be concerned that Judge Divine forgot that he now wears a black robe and his role is no longer to advocate for either party, particularly not his former client, the State of Missouri.

However, Judge Divine's Show Cause Order can only be described as a piece of literary advocacy.

As this Court is aware, Rule 11 of the Federal Rules of Civil Procedure exists to ***allow parties*** an avenue to challenge pleadings and other filings that they deem filed in violation of the Rule's requirements. *See* FED.R.CIV.P. 11. Moreover, Rule 12(f) provides an avenue ***for parties*** to ask a federal court to strike material they deem inappropriate for inclusion in pleadings such as a complaint. Fed.R.Civ.P. 12(f).

While the Court undoubtedly has the power to proactively address parties' filings, the Show Cause Order *confirms* that the very appearance of impropriety based upon extrajudicial facts that will only continue to exponentially grow as this case proceeds.

12

For example, Plaintiffs repeatedly alleged and clarified that 1) there was no final judgment in the underlying matter to challenge, and 2) that they sought this litigation to have no impact whatsoever on the ultimate findings in the state court case.[6]

Despite that fact that Plaintiffs confirmed that there was no final judgment, this Court nevertheless claimed that Plaintiffs' Complaint was "[i]n response to losing a custody dispute in family court …" Doc. 22, p.1.  The Court again incorrectly stated obvious facts when it claimed: "[s]imilarly, the complaint appears to include a collateral attack against a state-court judgment." Doc. ??, p. 3.  The Court even cited United States Supreme Court decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) addressing "state court losers." *Id.* at 4.

Sadly, it seems the court did not even read Plaintiffs' Complaint beyond the first few pages.  Any reasonable person that read the Complaint would see that there was no final judgment that Plaintiffs sought to undo.

The Court's incorrect description of Plaintiffs' motives and the factual background again solidify the appearance of impropriety currently in this case.

This Court went to extreme and stated that "**[t]he nature of this complaint—from a seasoned attorney—causes serious concern that Grant has filed it for the vindictive purpose of harassing others**." Doc.22, p.4 (emphasis added).

That statement is staggering.

---

[6] Plaintiff Matthew R. Grant has no explanation for the court's proactive hostility and repeated attacks on his legal abilities.  Regardless, an objective reasonable person would take note of the tone and content of the Court's Show Cause Order.  Plaintiff hopes this Court will understand, in retrospect, that Plaintiff was quite busy fending off obvious corruption in the 21st Circuit Court in the days, weeks and months leading up to the filing of the initial Complaint.

4921-3441-1030, v. 1

At great personal and professional cost to himself and his minor children, Plaintiff Matthew R. Grant has exposed judicial corruption within 21st Circuit Court for the State of Missouri. As an example, Plaintiffs included the following email and actual evidence in their initial and Amended Complaints in prior filings with the Missouri Court of Appeals and the Missouri Supreme Court:



Doc. 3, p. 11. and Doc. 29, p. 19 at ¶119.

This Court failed to even acknowledge this evidence.

Any impartial judge would recognize that Plaintiffs claims are *at least* brought in good faith and at least present more than just allegations of corruption. No reasonable person could conclude that this Court's reference to the Complaint as "vindictive" is reflective of bias and prejudice as it is contrary to the actual allegations and facts.

Here, Plaintiffs have caught lawyers, a Presiding Circuit Judge, a Circuit Court Commissioner and a Guardian *Ad Litem* working together and colluding to, among other things, prolong and **"buy"** future litigation in many cases.

A reasonable, objective judge should question the foundation of, and motivation in the origin of this statement.[7] More importantly, it merely cements that fact that the prejudice and appearance of impropriety as this case currently sits is palpable.

---

[7] Plaintiffs assert only extrajudicial sources of bias, prejudice, conflicts of interest and appearance of impropriety.

4921-3441-1030, v. 1

Every judge that sees the email above should feel a shock to her or his conscious and want answers. Here, the *proof of corruption* was not even acknowledged. Hopefully, Judge Divine will at some point explain this inconsistency.

Finally, this Court's apparent bias and distaste *resulted in* a Show Cause Order for Plaintiffs' decision to name the State of Missouri as a defendant even though, as the Court has now been reminded, it was entirely appropriate. *Compare* Doc. 22 *with SDDS, Inc. v. S.D. (In re SDDS, Inc.)*, 225 F.3d 970, 972-973 (8th Cir. 2000) (confirming State of South Dakota as proper defendant despite the Eleventh Amendment of the United States Constitution).

The conclusion that there is an appearance of impropriety in Judge Divine continuing to preside over this case is inescapable.

## II. Judge Divine Should Have Self-Recused Under Section 455(a) & (b).

### A. Section 455(a) Clearly Is Satisfied.

Congress passed section 455(a) to ensure that the public's trust in the federal judicial system remains untouched and never jeopardized. *See* 28 U.S.C. § 455(a). Subsection (a) requires a federal judge to disqualify herself or himself when "**in any proceeding in which his impartiality might reasonably be questioned**." *Id.* (emphasis added).

As the 8th Circuit has explained:

> Since the goal of the judicial-disqualification statute is to ensure not only actual impartiality, but also the appearance of impartiality, it is not necessary that actual bias or prejudice be present before disqualification is required.

*United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981).

"[A] judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Id.*

15

at 954 (quoting *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980), cert. denied, 449 U.S. 820, 101 S. Ct. 78, 66 L. Ed. 2d 22 (1980)).

This restriction is intended to "promote public confidence in the integrity of the judicial process." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988)); *see also Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980) ("The goal of the judicial disqualification statute is to foster the Appearance of *impartiality*.") (emphasis added).

The statute is intended "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988) (affirming new trial based upon district court judge's failure to recuse under 455(a) after learning his role as university trustee appeared to a reasonable person to create appearance of impropriety even when judge had no actual knowledge of facts).

"Whether a judge actually has a bias, ***or actually knows of grounds requiring recusal is irrelevant*** - section 455(a) sets an objective standard that does not require scienter." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (citation omitted) (emphasis added).

"Under § 455(a), 'disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown.'" *Am. Prairie Constr. Co. v. Hoich,* 560 F.3d 780, 789 (8th Cir. 2009) (citation omitted).

Particularly relevant here, "[t]he image of one sitting in judgment over a friend's affairs would likely cause the average person in the street to pause …We find particularly worrisome the district court's failure to disclose this conflict himself, as permitted by section

16

455(e)."[8] *Moran v. Clarke,* 296 F.3d 638, 649 (8th Cir. 2002).  Indeed, the harsh tone and personal attacks contained in the Court's Show Cause Order are understandable considering the fact that Plaintiffs allege that public corruption took place with the consent of, or under the nose of, Judge Divine's last employer, client, co-workers and colleagues.  Obviously, Judge Divine's friends in the Office of Attorney General be witnesses in this matter.

## CONCLUSION

As illustrated above, Plaintiffs' Motion based upon 28 U.S.C. § 144 is semi-peremptory and because Plaintiffs have complied with its requirements, it should be granted as a matter of a law.  Upon its filing, Judge Divine loses all jurisdiction in this matter to substantively proceed.

Alternatively, there can be no doubt that a reasonable person armed with knowledge of the allegations in Amended Complaint and the employment background of Judge Divine, would immediately see an appearance of impropriety.  Because the public's trust in the federal judiciary, Plaintiffs' Motion based upon section 455(a) & (b) should alternatively be granted.

To avoid a future 28 U.S.C. 455(a) or similar motion, Plaintiffs renew their request that this matter be assigned to a (Senior) District Judge that was nominated by a President from the Democrat Party.

---

[8] Here, Judge Divine's employment in the highest level of the Missouri Attorney General's Office during the exact time frame of the public corruption at issue also requires recusal under 28 U.S.C. § 455(b)(1).  The Eleventh Circuit addressed a similar situation in which a district judge had loosely connected background knowledge that he brought with him to the bench. *See United States v. Alabama,* 828 F.2d 1532, 1545 (11th Cir. 1987).

4921-3441-1030, v. 1

>Respectfully submitted,
>
>    */s/Matthew R. Grant*
> Matthew R. Grant, #MO50312
> GRANT FIRM LLC
> 701 Market Street
> Suite 110, PMB 1709
> St. Louis, MO 63131
> T: (314) 255-7760
> Email: mattgrant.stl@gmail.com
>
> ***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

>    */s/ Matthew R. Grant*

4921-3441-1030, v. 1