UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. GRANT, et al., | ) |
| Plaintiffs, | ) Case No.: 4:25-CV-01203-JMD |
| v. | ) |
| BRUCE F. HILTON, ET AL., | ) |
| Defendants. | ) |

**COULTER AND GROWE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY U.S. DISTRICT JUDGE JOSHUA M. DIVINE**

COME NOW, Defendants Con Curran Coulter, II; The Coulter Law Group, LLC d/b/a Coulter Goldberger, LLC; Mat Eilerts; and Growe Eisen Karlen Eilberts, LLC (collectively, "Defendants"); and for their Response to Plaintiffs' Motion to Disqualify (Doc. 89), state:

## I.   INTRODUCTION

On November 17, 2025, Plaintiffs filed a Motion to Disqualify Judge Joshua M. Divine Pursuant to 28 U.S.C. § 144, or, in the alternative, Motion to Recuse and/or Disqualify Pursuant to 28 U.S.C. § 455(a) & (b). Doc. 89. Defendants respectfully believe the motion should be denied based on the law and facts.

## II.   STANDARD OF REVIEW

As the Eighth Circuit has summarized:

> Motions to recuse may be based on either of two federal statutes, see 28 U.S.C. §§ 144, 455, but under either statute the standard is the same: "recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality," *United States v. Gamboa*, 439 F.3d 796, 817 (8th Cir. 2006). We review recusal decisions for abuse of discretion. *United States v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005).

*Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (addressing an appeal regarding the denial of both types of recusal requests).

## III. DISCUSSION

Defendants will address each request for recusal in the order raised.

**A. Recusal under 28 U.S.C. § 144 is not warranted under the law or the facts.**

Plaintiff Matthew R. Grant has testified U.S. District Judge Joshua M. Divine's service as a Deputy Solicitor General from 2017–2019 and as Solicitor General from 2023–2025 warrant recusal under 28 U.S.C. § 144 because discovery may address Judge Divine's former colleagues, Plaintiffs' claims pertain to the alleged knowledge of corruption within the Missouri Attorney General's Office from 2017–2025, and that the circumstances render Judge Divine biased or prejudiced. *See* Doc 90-1.

28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"The recusal statute does not provide a vehicle for parties to shop among judges." *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.*, 839 F.2d 1296, 1302 (8th Cir. 1988).

The timeliness component, in modern times, has been interpreted in a manner that parties are to "exercise reasonable diligence in filing an affidavit after discovering facts that show bias." *Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658 (5th Cir. 1985) (citing *Smith v. Danyo*, 585 F.2d 83 (3rd Cir. 1978)). As one court has summarized:

> Personal bias sufficient for recusal must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge

2

> learned from his participation in the case." *Youn*, 324 F.3d at 423 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1965)). Extrajudicial conduct encompasses only a judge's personal biases, not judicial ones arising from a judge's background or view of the law. *Youn*, 324 F.3d at 423. Thus, an affidavit alleging personal bias must declare that such bias "emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.*

*United States v. Scherer*, 532 F. Supp. 3d 479, 484 (S.D. Ohio 2021). "The mere filing of an affidavit of bias pursuant to 28 U.S.C. [§] 144 does not require a trial judge to disqualify himself from a particular case." *Farzan v. Nationstar Mortg. LLC*, 2023 U.S. Dist. LEXIS 216410, at *5 (D.N.J. Dec. 5, 2023) (internal citations and quotations omitted).

The contentions contained within the affidavit are insufficient to convince a reasonable person that this Court harbored a personal, as opposed to judicial, bias for or against any plaintiff. *See id.* (internal citation and quotations omitted). "[C]laims that the Court's prior employment causes the undersigned to be biased against the Plaintiff are similarly insufficient." *Love v. Macomber*, No. 2:23-cv-00790-DJC-EFB, 2023 U.S. Dist. LEXIS 83000, at *4 (E.D. Cal. May 10, 2023).

The State of Missouri is not a party to this matter. Plaintiffs have failed to meet their burden regarding how prior professional employment of this Court presents an extrajudicial source and results in an opinion on the merits on some basis other than what the Court learned from this matter. Whether the Missouri Attorney General has actual knowledge of allegations of alleged public corruption, or even "at least personal interaction with individuals" Plaintiffs may contend were "willfully blind" to corruption, fails to meet the threshold requirement indicating personal bias in the matter. *See, e.g.*, *United States v. Olis*, 571 F. Supp. 2d 777, 795 (S.D. Tex. 2008) (quoting *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985)) (finding friendships within the legal community do not require recusal where the friend, or even close friend, appears as a lawyer).

Plaintiffs' potential surprise (*see* Doc. 90-1, ¶ 15) or disappointment (Doc. 90, pp. 12–13) with any ruling of this Court is insufficient to form a basis of recusal. *See Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002) (en banc) (internal citation and quotations omitted); *Farzan*, 2023 U.S. Dist. LEXIS 216410, at *6 (citing several cases). Plaintiffs have not alleged any relationship between the Court and any party of the kind that warrants dismissal. *See Akins*, 863 F.3d at 1087. Plaintiffs' arguments regarding the political party of the U.S. President appointing the Court is also insufficient to require recusal. *See Lang v. Clinton*, 761 F. Supp. 3d 595, 599 (W.D.N.Y. 2024) (appointment by President Obama insufficient for recusal where President Obama was a defendant). As this matter was filed on August 11, 2025, and Judge Divine was assigned four days later, it is not apparent how Plaintiff's November 17, 2025, filing was timely or reasonably diligent under 28 U.S.C. § 144.

Plaintiffs contend the affidavit alone requires recusal, and cites *Idaho v. Freeman*, 507 F.Supp. 706, 722–23 (D. Idaho 1981). In that case, however, the holding that recusal was not required was not even based on 28 U.S.C. § 144, as the procedure for 28 U.S.C. § 144 was not followed by the movant. *Id.* at 728. The excerpt of *Idaho* Plaintiffs use to argue recusal is "not optional" and "semi-peremptory" is neither supported by the Eighth Circuit decision citing *Idaho* (*Gilbert v. Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983)) nor the law of the Eighth Circuit. As the U.S. District Court for the Western District of Missouri has summarized:

> "Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation and citation omitted). In other words, the moving party "carries a heavy burden of proof." *Fletcher v. Conoco Pipeline Co.*, 323 F.3d 661, 664 (internal quotation and citation omitted). Further, the mere filing of a motion to recuse or disqualify does not automatically require a trial judge to recuse. *See Hayes v. Nat'l Football League*, 463 F. Supp. 1174, 1180 (C.D. Cal. 1979) (if automatic disqualification was required upon the filing of a request for disqualification or

4

recusal, "the floodgates would be open to 'judge-shopping'"). The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996).

*Quaintance v. City of Columbia*, No. 2:17-cv-04007-NKL, 2017 U.S. Dist. LEXIS 36070, at *3-4 (W.D. Mo. Mar. 14, 2017).

Plaintiffs further rely on *Sch. Dist. v. Missouri*, 438 F.Supp. 830, 836 (W.D. Mo. 1977). That decision, however, expressly did not concern a motion on 28 U.S.C. § 144. *Id.* at 832–33; *see also id.* at 833 (finding it irrational to believe impartiality might reasonably be questioned under 28 U.S.C. § 455(a) where the judge's former law firm represented plaintiff and the judge previously represented the school district). Chief Judge John W. Oliver denied the statutory motion to disqualify, but recused on his own motion based on several non-statutory factors and transferred the case. *Id.* at 837–39. Plaintiffs have urged this Court to follow Chief Judge Oliver's procedure as Chief Judge, *sua sponte* under 28 U.S.C. § 137. *Id.*[1] That procedure is not applicable, here, nor does it allow Plaintiffs to convert a statutory motion to one seeking reassignment to a category of judges of Plaintiffs' choosing. *See* Doc. 90, p. 8 (referencing specific judges).

Defendants respectfully submit Plaintiffs have failed to timely meet their standard under 28 U.S.C. § 144.

**B. Recusal under 28 U.S.C. § 455(a) & (b) is not warranted under the law or the facts.**

---

[1] The considerations included cooperation of the parties; communication of counsel to clients regarding the denial of the statutory motion to disqualify; communication of counsel regarding the court's assurances of impartiality; that the nature of the case (desegregation case) was not ordinary, and that there was concern of delay and expense; that the availability of other judges was not a controlling circumstance, but one considered in the case; and that every possible ground for the appearance of impropriety was an overriding consideration. *Id.*

5

Plaintiffs have argued this Court should recuse itself under 28 U.S.C. § 455(a) & (b)(1). Those sections state:

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> * * *

Plaintiffs rely on *Moran* in their motion. In *Moran*, the Eighth Circuit found that the appearance of the district judge at same social events as two defendants "does little to create the appearance of impropriety," but "invite[d] more scrutiny." 296 F.3d at 649. However, the extent of the friendship of the judge and one defendant spurred the Eighth Circuit to remand the matter to the district judge for further consideration (rather than an outright reversal of the denial of recusal). *Id.* On remand, the district judge denied the motion to recuse under 28 U.S.C. § 455(a) in a lengthy decision, but voluntarily recused itself based on "extreme discomfort" in light of the disrespect it felt in light of the accusations. *Moran v. Clarke*, 213 F. Supp. 2d 1067, 1073, 1076 (E.D. Mo. 2002). As the Eighth Circuit has stated:

> The question posed in motions for recusal under § 455(a) is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered ". . . in light of the full record, not simply in light of an isolated incident."

*Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist.*, 839 F.2d 1296, 1302 (8th Cir. 1988) (internal citation omitted).

Plaintiffs have not shown this Court has committed any errors, let alone any such error creating a reasonable inference the Court has lost its impartiality. Plaintiffs reference

6

Fed. R. Civ. P. 12(f), though this Court did not reference that rule in its Show Cause Order. *See* Doc. 22. Plaintiffs contended Fed. R. Civ. P. 11 "*allow[s] parties* an avenue to challenge pleadings and other filings that they deem filed in violation of the Rule's requirements," but concede the Court has the power to address the parties' filings. Doc. 90, p. 12 (original emphasis). Fed. R. Civ. P. 11(c)(3) specifically states: "*On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." The Court correctly referenced Fed. R. Civ. P. 11 in its Show Cause Order. Doc. 22.

Plaintiffs contend that "it seems the court did not even read Plaintiffs' Complaint beyond the first few pages," partially based on citing the Court's reference to losing a custody dispute. Doc. 90, p. 13; *see also* Doc. 22, p. 1. However, Plaintiffs initially claimed Mr. Grant "lost *all* custody and *all* visitation rights last March when he exposed the corruption. . ." (Doc. 3, p. 2), appearing to be one of the multiple alleged disputes—which Mr. Grant claimed he lost—in the underlying litigation. Further, though the Plaintiffs have characterized this Court's Show Cause Order as "blistering," Defendants disagree that the Show Cause Order "only confirmed the very appearance of impropriety that existed before its issuance by the Court." Doc. 90, p. 12. Plaintiffs filed a 170-page complaint listing sixteen defendants, over 100 unnamed alleged co-conspirators, and began with forty-seven pages of unnumbered paragraphs, which warranted a determination. *See* Doc. 3, 22.

As explained *supra*, Plaintiffs have failed to meet their burden to show an appearance of impropriety, in that no reasonable person, knowing all the relevant facts, would discern any potential impropriety. *Moran*, 296 F.3d at 649. For the reasons stated *supra*, as well, Plaintiffs' arguments under 28 U.S.C. § 455(b)(1) should not prevail.

7

WHEREFORE, Defendants respectfully request that this Court issue an Order denying Plaintiffs' Motion to Disqualify.

        /s/ Robert T. Plunkert
Robert T. Plunkert  #62064MO
PITZER SNODGRASS, P.C.
Attorney for Defendants Con Curran
Coulter, II; The Coulter Law Group, LLC
d/b/a Coulter Goldberger, LLC; Mat Eilerts;
and Growe Eisen Karlen Eilerts, LLC
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 18th day of November, 2025:

Matthew R. Grant
GRANT FIRM LLC
701 Market Street, PMB 1709
St. Louis, Missouri 63131
Phone: 314-255-7760
mattgrant.stl@gmail.com
*Attorney for Plaintiffs*

Thomas J. Magee
Kathleen S. Hamilton
Gabrielle A. Deimeke
HEPLER BROOM LLC
701 Market Street, Suite 1400
St. Louis, Missouri 63101
Phone: 314-241-6160
Fax: 314-241-6116
tm1@heplerbroom.com
ksh@heplerbroom.com
gad@heplerbroom.com
*Attorneys for Defendants Maia Brodie, individually and d/b/a Brodie Law and Reinker, Hamilton & Fenley, LLC*

A.J. Bronsky
Bryce Pfalzgraf
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Phone: 314-421-3400
Fax: 314-421-3128
ajbronsky@bjpc.com
bpfalzgraf@bjpc.com
*Attorneys for Lawrence Gillespie and Gillespie, Hetlage & Coughlin, LLC*

Matthew A. Radefeld
RADEFELD LAW GROUP, LLC
7711 Bonhomme Ave, Suite 710
Clayton, Missouri 63105
Phone: 314-341-0374
matthew@radlaw.org
*Attorney for Defendants Rebecca A. Copeland, Staci Thomas, and Sarah M. Grant*

Lauren Kessler
Assistant Attorney General
MISSOURI ATTORNEY GENERAL'S OFFICE
815 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: 314-340-4840
Lauren.Kessler@ago.mo.gov
*Attorney for Defendants Bruce Hilton and Mary Greaves*

                                           /s/ Phillip B. Schatz