**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MATTHEW R. GRANT, individually, As *Next Friend* to C.L.G. and as *Next Friend* to C.M.G., and on behalf of all others similarly situated, and STOP MISSOURI CORRUPTION, LLC,

*Plaintiffs*,

v.

BRUCE F. HILTON, et. al.,

*Defendants*.

Case No. 4:25-cv-01203-JMD

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Bruce Hilton and Mary Greaves, by and through undersigned counsel, submits the following Memorandum in Support of Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6).

**STANDARD OF REVIEW**

At this stage, the Court "accept[s] as true all factual allegations in the light most favorable to the nonmoving party, but need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corporation*, 2 F.4th 751, 755 (8th Cir. 2021). To survive a motion to dismiss, a plaintiff must "plead[] enough facts to state a claim for relief that is plausible on its face." *East Coast Test Prep LLC*

*v. Allnurses.com, Inc.*, 971 F.3d 747, 751 (8th Cir. 2020). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

## ARGUMENT

### I. Sovereign Immunity bars all claims against Defendants in their official capacity.

Sovereign immunity bars all claims against Defendants in their official capacity. Plaintiff has filed suit against Defendants in both their official and individual capacity. (Doc. 1). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's suit against Defendants in their official capacity is treated as a suit against the State. "States also enjoy a broader sovereign immunity, which applies against all private suits, whether in state or federal court." *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019) (citing *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015)). "[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to

all suits against public entities." *Metro.St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921–22 (Mo. 2016).

Missouri waives sovereign immunity only in cases of negligent motor vehicle operations involving state officials in the course of their employment and injuries caused by the conditions of public property. R.S.Mo. § 537.600. Plaintiff's claims do not fall into either category; also, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Michigan Dep't of State Police*, 491 U.S. at 71. Hence, sovereign immunity is not waived as to Plaintiff's § 1983 claims or RICO claims and sovereign immunity bars all damages claims made against Defendants in their official capacity.

**II. Plaintiffs' claims against Defendants are barred by the Eleventh Amendment to the extent such claims are brought against them in their official capacity.**

Though not sued directly in this action, the Circuit Court of St. Louis County is immune from suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars federal court actions against a state or its agencies unless the state waives immunity, or immunity is abrogated by Congress. *See* U.S. Const. Amend. XI; *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The nonconsenting state is immune from suits brought both by her own citizens and citizens of other states. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiffs have identified no applicable waiver by the State of Missouri. Further, no

Congressional abrogation exists here. *See Quern v. Jordan*, 440 U.S. 332, 343-45 (1979).

Eleventh Amendment immunity also applies with equal force to Plaintiffs' official capacity claims against any judicial officials, including Judge Hilton and Judge Greaves. The Eleventh Amendment's proscription of federal court suits against nonconsenting states "remains in effect when state officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A plaintiff may not bring a suit for monetary damages against a state actor in their official capacity. *See Pennhurst*, 465 U.S. at 100-01; *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011).

**III. Plaintiffs' claims against Defendants in their individual capacity are barred by judicial immunity.**

The claims against Defendants are barred by the doctrines of judicial immunity. Judicial immunity "insulat[es] judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 226 (1998). The doctrine of judicial immunity is one of the most established doctrines in the common law. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). It protects individual judges from civil damages suits even when the plaintiff alleges that the judge acted maliciously, corruptly, or committed "grave procedural errors" in violation of due process. *Stump v. Sparkman*, 435 U.S. 349, 356, 359 (1978). Even allegations of malice or corruption on the part of the

judge do not defeat judicial immunity. *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020).

The Eighth Circuit recognizes only two exceptions to the judicial immunity doctrine:

> The doctrine's broad protection yields in two circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."

*Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12, (1991)) (emphasis added).

Neither exception applies in this case. First, Plaintiff's complaints clearly arise solely from official court proceedings. *See* Amended Complaint and exhibits hereto. Second, nothing in the Amended Complaint suggests that Defendants' actions were taken "in the complete absence of all jurisdiction." *See Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 762 (8th Cir. 2019) (explaining that the scope of the judge's jurisdiction is construed broadly in the judicial immunity context). Missouri circuit courts "have original jurisdiction over all cases and matters, civil and criminal." *See* Section 478.070, RSMo. Plaintiff's Amended Complaint clearly stems from their state-court civil proceedings, and there are no well-pled allegations supporting Plaintiffs'

contention that Judge Hilton or Greaves lacked jurisdiction. Because Defendants' acts were purely judicial and undertaken with jurisdiction, judicial immunity bars Plaintiff's claims.

**IV. Plaintiff Stop Missouri Corruption, LLC lacks standing.**

As a threshold issue, Plaintiff Stop Missouri Corruption, LLC lacks standing to bring these claims. The Supreme Court has construed injury in fact as meaning an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). However, the LLC was not formed until after many of the allegations in the Amended Complaint occurred. See Doc. No. 35, ¶¶ 8, 121, 155, 159, 161, 165, 169, 174. There are no allegations in the Amended Petition that demonstrate Stop Missouri Corruption, LLC has experienced an invasion of a legally protected interest that is concrete and particularized. Therefore, Stop Missouri Corruption, LLC lacks standing to bring this lawsuit.

**V. Plaintiffs' Amended Complaint fails to comply with Rule 8(a) and should be dismissed.**

The Amended Complaint once again fails to follow Rule 8(a) of the Federal Rules of Civil Procedure. Ordinarily, a dismissal of a plaintiff's complaint for failure to comply with Rule 8 is with leave to amend. *Michaelis v. Neb. State Bar Asso.*, 717 F.2d 437, 439 (8th Cir. 1983). However, the Court

already allowed Plaintiffs leave to file an Amended Complaint to comply with Rule 8. The Amended Complaint is 79-pages long. The Amended Complaint is lengthy, repetitious, and confusing.

In *Michaelis v. Nebraska State Bar Assoc.*, the 8th Circuit Court of Appeals reasoned that if the plaintiff persists in violating Rule 8, then the district court is justified in dismissing the complaint with prejudice. 717 F.2d 437, 439 (8th Cir. 1983). Although Plaintiffs' Amended Complaint decreased in length, it still does not comply with Rule 8(a) and therefore should be dismissed.

**VI. Plaintiffs failed to state a claim of Civil RICO Violations against Defendants.**

"Section 1964(c) of RICO . . . provides a private right of action to any person injured in its business or property by reason of a violation of the activities prohibited by section 1962." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (dismissing RICO claims against defendants and their attorneys where the predicate acts were based on prior litigation activity). To establish a violation of Section 1962, a plaintiff must show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). A RICO enterprise must have three basic characteristics: (1) a common or shared purpose; (2) some continuity of

structure or personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering." *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769-70 (8th Cir. 1992). An "enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associations function as a continuing unit." *U.S. v. Turkette,* 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981). The existence of an enterprise may be determined if it would still exist were the predicate acts removed from the equation. *Handeen v. Lemaire,* 112 F.3d 1339, 1352 (8th Cir. 1997).

Plaintiffs appear to be alleging that every Defendant worked together to create a scheme to use the St. Louis County Family Courts to somehow make money. Plaintiffs allegations are nothing more than speculation and are completely unsupported other than conclusory allegations made by Plaintiffs. Throughout Plaintiffs rambling and confusing Amended Complaint Plaintiffs largely complain of the outcome of a family court matter. Plaintiffs fail to plead the existence of an enterprise that is distinct from the participation in the fraudulent scheme and fails to plead the requisite facts. As such, due to the deficiencies in Plaintiffs RICO claim against Defendants Hilton and Greaves, the Count must be dismissed for failure to sufficiently plead a violation of §1964.

**VII. Plaintiffs fail to state a claim for a Civil Rights Violation.**

To establish a civil rights violation under 42 U.S.C. § 1983[1], a plaintiff must demonstrate two essential elements: (1) the defendant acted "under color of state law," and (2) the defendant's actions resulted in the deprivation of a right, privilege, or immunity secured by the Constitution or federal laws. *Freeman v. Clay Cty. Bd. of Cty. Comm'rs*, 706 F. Supp. 3d 873, 881 (D.S.D. 2023).

Plaintiffs again failed to plead any ultimate facts to demonstrate against Defendants Hilton and Greaves that their civil rights were violated. Plaintiffs only make allegations based legal conclusions and speculation. Plaintiffs state: "the constitutional violations that have taken place are too numerous to even list." See Doc. No 35 ¶220. However Plaintiffs fail to list any constitutional violations by Defendants. Plaintiffs fail to allege any way that their constitutional rights were deprived, or a conspiracy to do so. Therefore, Count II fails to state a claim and Defendants Hilton and Greaves should be dismissed.

**VIII. Plaintiffs' claims against Defendants are also barred by qualified immunity and official immunity.**

Judge Hilton and Judge Greaves, as Missouri governmental officials, are protected by the doctrines of qualified immunity and official immunity.

[1] Defendants note Plaintiffs filed their claim under 18 U.S.C. § 1983, however, Defendants believe Plaintiffs are trying to bring his claim under 42. U.S.C. § 1983.

Plaintiffs have not pled facts sufficient to defeat these immunities, and Plaintiffs' claims therefore must be dismissed.

Official immunity protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts. *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. *banc* 2021). The doctrine of official immunity provides immunity from suit and not just judgment. *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 360 (Mo. *banc* 2022), quoting *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. *banc* 2021). A narrow exception to official immunity applies when a public officer fails to perform a ministerial duty required by statute or regulation. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008).

A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued. *Id.* A ministerial act, in contrast, is an act "to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to [the public official's] judgment or opinion concerning the propriety or impropriety of the act to be performed." *Helms*, 624 S.W.3d at 164. A ministerial act is "clerical" and does not leave "any room whatsoever for variation in when and how a particular task can be done." *Id.* at 163.

Qualified immunity protects a government official from liability unless her conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006).

To the extent the Court determines that the Amended Complaint sufficiently pleads an otherwise viable individual capacity claim against Judge Hilton or Judge Greaves, both official immunity and qualified immunity bar such a claim. Defendants clearly were acting within the scope of their employment as a Missouri state-court judge when they made the decisions that were issued and that are the basis for Plaintiffs' claims. And Plaintiffs have not pled facts suggesting any degree of intent or malice on the part of Judge Hilton or Greaves. Without such allegations, the Court must dismiss Plaintiffs' Amended Complaint for failure to state a claim.

**CONCLUSION**

For all the reasons set forth above, the Court should dismiss Plaintiffs, claims against Defendants Hilton and Greaves, with prejudice, as it is clear on the face of the Amended Complaint that the claims lack merit and that Plaintiffs can pursue no viable claims against Defendants Hilton and Greaves.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Kelli J. Reichert*
Kelli J. Reichert, #73910
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63110
Telephone: (314) 340-7652
Email: Kelli.Reichert@ago.mo.gov

**Certificate of Service**

I hereby certify that on Wednesday, November 26, 2025, a copy of the foregoing was electronically filed to be served on all counsel of record via the Court's electronic filing system.

*/s/ Kelli J. Reichert*
Kelli J. Reichert