UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. GRANT, et al, ) | |
| ) | |
| *Plaintiffs*, ) | |
| vs. ) | |
| ) | |
| BRUCE F. HILTON, et al., ) | Case No. 25-CV-1203-JMD |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO STRIKE REBECCA A. COPELAND,
SARAH M. GRANT AND STACI THOMAS'
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR
VIOLATING COURT RULE ON MEMORANDUM LENGTH AND FOR ENTRY OF
ORDER OF DENIAL OF MOTION TO DISMISS AS APPROPRIATE SANCTION**

Honorable Joshua M. Devine's Judge's Requirements (Revised August 2025) are unambiguous and state:

> Format: Memoranda of points and authorities filed in support of or in opposition to any motion **may not**, without leave of the Court, **exceed 15 pages**.
>
> Judge's Requirements at 3 (emphasis added).

On November 14, 2005, Defendants Rebecca Copeland, Sarah M. Grant and Staci Thomas filed a Memorandum in Support of their Motion to Dismiss that is ***22 total pages in length***.[1] Doc. 87.

Defendants are well-aware of this Court's requirements as they cited them when they acknowledged: "This Memorandum is being filed jointly as mandated by **this Court's Requirements** when multiple movants are raising the same or similar issues, wherein they *must* file a joint motion, with one memorandum in support." Memo. at p. 4, ("*See page 5 of this Court's Requirements (Revised August 2025) located at*

---

[1] Defendants' substantive briefing spans pages 4-21.

*https://www.moed.uscourts.gov/moed/files/judges/requirements/jmd.pdf*") (emphasis added).

Despite the clear prohibition on excess page length, Defendants did not even seek leave of court for their unnecessarily long Memorandum. Instead, they simply took the unilateral liberty of additional briefing with the expectation that this Court would allow it.[2]

That leaves Plaintiffs in an untenable position. They are unable to file a brief of similar length but are still obligated to respond to each of Defendants' meritless arguments.

Defendants' misconduct does not end there. Defendants attempt to poison the well with this Court and falsely claim that "**for the last thirteen years, Copeland has had sole legal and physical custody of the children.**" Memo. at p. 5 (emphasis added).

This is an intentionally false statement made in bad faith.

Defendants are well aware that Plaintiff Matthew R. Grant not only has had at least 50% custody since the children's birth, but that he has been the sole provider of competent parenting for the minor children.

For example, during Defendant Copeland's deposition in the underlying matter, she could not state the minor children's dentist's last name. **Exhibit A,** pp. 46:17-47:3. Also, Copeland objected to the introduction of undisputed evidence that the minor children *missed more than 1,110 school periods* **in her physical custody**. **Exhibits B and C**. Further, one of the minor children was suspended from school while solely in Copeland's custody after she filed the contrived state court litigation. **Exhibit A a**t pp. 62:17-63:2.

---

[2] Plaintiffs understand why Defendants would deem this Court to have bias in their favor. *See* Docs. 89 and 90.

2

Further, just a few weeks ago, Plaintiff Matthew R. Grant received *yet another* letter from the minor children's school stating: "**We are concerned about your child's *significant* absences from school**."³ **Exhibit D** (emphasis added).

Plaintiff Matthew R. Grant is the Petitioner in the underlying state court case because he filed the initial Paternity action and he obtained joint legal and joint physical custody since shortly after the minor children's births, and he exercised that custody (50/50) without disruption until the state court nightmare began in March 2024. *See, e.g.,* **Exhibit B** (2012 Modification Judgment ordering 50/50 joint physical and legal custody)**.**

That litigation involved ongoing false representations. It seems Defendants intend to continue their intentional misrepresentations starting at the state court level and now continuing at the federal court level. That is more than troubling.

In contrast to Defendants' implicit suggestion that Plaintiff Matthew R. Grant has been deemed an improper custodian for the minor children, and this Court's incorrect statement that Plaintiff Matthew R. Grant is a 'state court loser,' in direct conflict with the allegations in Plaintiffs' initial and Amended Complaints, Defendant Bruce F. Hilton recently doubled Plaintiff Matthew R. Grant's physical custody of the minor children.

Plaintiff Matthew R. Grant is no state court loser.⁴ Instead, Plaintiff Matthew R. Grant continues to be a state court victim of inconceivable ***criminal conduct***.

It is no surprise that Defendant Hilton recently ruled in the state court **doubling** Plaintiff Matthew R. Grant's overnight physical custody of the minor children *after the filing*

---

³ This is the sort of educational neglect the state court criminal enterprise disregards as part of its pattern of RICO racketeering conduct.

⁴ The change in judicial misconduct that Plaintiffs demand has already begun. This follows from the shining of a bright light on what has been taking place in the *darkness* of the St. Louis County Family Court.

*of* this RICO and Civil Rights Act matter in which Defendants' Copeland, S. Grant, Thomas and Defendant Hilton's criminal conduct were exposed for all to see.

This entire litigation is focused on putting an end to the judicial corruption that prolongs state court child custody litigation and places children in the custody of abusive and neglectful parents such as Defendant Copeland in order to enrich the co-conspirators' bank accounts through, among other things, increased unnecessary attorneys' and Guardian *Ad Litem* fees.

With this background, this Court should see that it is improper to continue to allow these Defendants and co-conspirators to continue to take advantage of the court system.

It would be unfairly and unduly prejudicial to allow Defendants to maintain a memorandum on this Court's docket, while at the same time restricting Plaintiffs to compliance with the rules.  The Court's restriction on page length is not optional.[5]  *See, e.g. Efting v. Tokai Corp.*, 75 F. Supp. 2d 1006, 1008 (W.D. Mo. 1999). ("Therefore, I will not consider any of the arguments raised in Wal-Mart's motion for summary judgment.').

Plaintiffs do not suppose for one moment that they can now blatantly violate this Court's limitation on length in response to Defendants' memorandum.

To the extent this Court may entertain the idea that Defendants should be allowed to file a new, shorter memorandum, that is unworkable as it would be *unduly prejudicial* to allow Defendants to refile a shorter version as they now possess Plaintiffs' arguments and citations in opposition thereby allowing them *2 bites at the apple.*

---

[5] Here, Plaintiffs' proposed relief is not drastic.  No summary judgment is at issue.  Instead, Defendants should merely be deemed to have waived their right to file a Motion to Dismiss and they should be directed to file an Answer.

There is simply no explanation for Defendants' blatant violation of the very Judge Requirements that they cite in their own Memorandum. As such, the Court should strike their memorandum and enter an Order denying their Motion to Dismiss as the only appropriate sanction. *Id.*

WHEREFORE, Plaintiffs Matthew R. Grant and Stop Missouri Corruption, LLC respectfully request that this Court strike Defendants Rebecca Copeland, Sarah M. Grant and Staci Thomas' Memorandum in Support of their Motion to Dismiss (Doc. 87), enter an Order denying the associated Motion to Dismiss (Doc. 86) as an appropriate sanction, and Ordering them to file Answer within 14 days of this Court's Order, and for such further relief as the Court deems just and proper.

Respectfully submitted,

_____*/s/Matthew R. Grant*_____
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street
Suite 110, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
Email: mattgrant.stl@gmail.com

***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on November 28, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

<em>/s/ Matthew R. Grant</em>