UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. GRANT, et al, ) | |
| ) | |
|       *Plaintiffs*, ) | |
| vs. ) | |
| ) | |
| BRUCE F. HILTON, et al., ) | Case No.  25-CV-1203-JMD |
| ) | |
|       *Defendants*. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SET ASIDE INVALID ORDERS ENTERED AFTER NOVEMBER 17, 2025, AND FOR EITHER RECUSAL OR, IN THE ALTERATIVE, TRANSFER OF PLAINTIFFS' MOTION TO DISQUALIFY TO A SENIOR DISTRICT JUDGE WITHOUT A CONFLICT OF INTEREST**

Plaintiffs submit this Memorandum in Support ("Memo.") of their Motion To Set Aside Invalid Orders Entered After November 17, 2025, And For Either Recusal Or, In The Alterative, Transfer Of Plaintiffs' Motion To Disqualify To A Senior District Judge Without A Conflict Of Interest filed contemporaneously herewith ("Motion).

**INTRODUCTION**

On November 17, 2025, Plaintiffs filed their Motion to Disqualify and/or for the recusal of Honorable Joshua Divine in this matter and their Memorandum in Support thereof.  Docs. 89 and 90.

Section 144 expressly states that any judge at issue in a motion to disqualify filed under that statute: "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

As of the moment of Plaintiffs' Motion to Disqualify filings, Judge Divine lost all substantive jurisdiction over this matter and his ability to rule on matters unrelated to the Motion to Disqualify was suspended by operation of law.  *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017).

1

Specifically, as of November 17th, this Court had only 2 available options: "the judge may—at her option—transfer the matter to another judge for decision or determine it herself." *Id.* (citation omitted). Again, the law is clear that even if the Court were to enter a ruling regarding Plaintiff's Motion to Disqualify, the matters the Court could potentially address are limited to the technical issues of timeliness and the "sufficiency" of Plaintiff's Affidavit.[1] *Id.*

However, at all times, the facts contained in Plaintiff's Affidavit must be taken as true. *See Deal v. Warner,* 369 F. Supp. 174, 177 (W.D. Mo. 1973) ("Statements of fact set forth in the affidavit as the basis for belief that a judge is biased or prejudiced must be accepted as true by the judge even though the judge may know that such statements of fact are false.") (citation omitted).

Here, the Court disregarded well-settled law on this issue and attempted to create a 3rd option: ignore the filing of Plaintiffs' Motion to Disqualify and proceed with business as usual by entering a series of substantive Orders that are *prejudicial* to Plaintiffs with no apparent concern for the fact that Judge Divine's propriety as trial judge has been appropriately challenged.[2] *See* Docs. 100, 103, 104 and 106. This Court's actions constitute an abuse of discretion and reversible error.

---

[1] Without re-briefing the issue, Plaintiff Matthew R. Grant's Affidavit is more than sufficient as it alleges factual allegations that must be taken as true (they are true) and those facts relate to extrajudicial matters creating the bias and prejudice. The fact that Judge Divine's actions throughout this litigation *confirm* the alleged bias and prejudice does not eliminate the fact that Judge Divine's bias and prejudice existed before and at the moment of his receiving this case via transfer by the court clerk from District Judge Autrey. Moreover, Judge Divine's refusal to acknowledge the Motion to Disqualify is separate grounds for his disqualification and/or recusal.

[2] The court may mistakenly believe that Plaintiffs cannot seek a Writ of Prohibition or Mandamus on this issue. *See Liddell v. Bd. of Educ.*, 677 F.2d 626, 643 (8th Cir. 1982) ("we held that mandamus may be utilized to review a district judge's refusal to recuse himself.") (citing *Pfizer, Inc. v. Lord,* 456 F.2d 532, 537 (8th Cir. 1972) ("we believe that mandamus is

2

### A. The Court's Post-Disqualification Orders Illustrate and Confirm the Bias and Prejudice Plaintiffs have Alleged.

As it would be no surprise to any reasonable person with knowledge of the facts and allegations in this case, Judge Divine's rulings reflect the very bias and prejudice that Plaintiffs maintain existed in this matter at the moment it was transferred to Judge Divine.

Most notably, after Plaintiffs filed their Motion to Disqualify the Honorable Judge Divine, this Court ignored that filing and, among other things, granted the Motion to File Out of Time filed by Defendants Hilton and Greaves *before* Plaintiffs had any opportunity to respond via a Memorandum in Opposition.  *Compare* Docs. 93 and 100 *with* Local Rule 4.1(b) (FRCP 7) ("Except as otherwise provided in these rules or by order of the Court, each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies.").

Even in a routine case, granting substantive relief before the 14-day opposition period runs – without any emergency or justification – would raise serious fairness concerns.  In this case, it is far more troubling:  the Court's rushed ruling effectively saved the Missouri Attorney General's Office and its former colleagues from a default that already

---

an appropriate vehicle to review Judge Lord's refusal to recuse himself.")); *see also Scarrella v. Midwest Fed. Sav. & Loan,* 536 F.2d 1207, 1210 (8th Cir. 1976) ("we have held that such a determination is reviewable by a petition for a writ of mandamus"); Further, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *In re MidAmerican Energy Co.,* 286 F.3d 483, 486 (8th Cir. 2002) (citing *Kerr v. United States Dist. Court,* 426 U.S. 394, 403 (1976)).

3

occurred.[3] In these circumstances, the Court's ruling is a patently obvious and non-waivable conflict of interest.

Further, Plaintiffs have alleged that Judge Divine's federal judicial appointment was itself intertwined with the very judicial and political corruption that Plaintiff Matthew R. Grant exposed prior to Judge Divine's May 2025 nomination and that is central to this litigation.[4]  *See* Docs. 29, 89 and 90. Moreover, Plaintiffs have explained that, given Judge Divine's service in the Missouri Attorney General's Office between 2017 and 2025, he may ultimately be a fact witness in this case.  Docs. 89 and 90.

In that context, the Court's decision to:

- Ignore the constraints of § 144 and *Atkins*;

- Act to grant relief to this former office; and

- Do so without even allowing Plaintiffs the response period guaranteed by Local Rule 4.1(b);

---

[3] Plaintiffs do not suggest the Court would not have later had a right to find, among other thigs, excusable neglect – had the moving parties *not* been his former colleagues as of *just a short 4 months ago.*  At a minimum, Honorable Judge Divine should have adopted a "period of repose," "insulation period" or a "cooling off period" relating to cases directly involving the Missouri Attorney General's Office in which he was employed at the moment before his confirmation as a federal district court judge.  *See, e.g., United States v. Hollister,* 746 F.2d 420, 425-26 (8th Cir. 1984) ("Avoiding the appearance of impropriety is as important to developing public confidence in the judiciary as avoiding impropriety itself.") (citing 28 U.S.C. § 455 (a) (1982); Code of Judicial Conduct for United States Judges Canon 2 (Rev. 1981); see also Code of Judicial Conduct for United States Judges Canon 3 C (Rev. 1979); cf. Interim Advisory Comm. on Judicial Ethics, Advisory Op. 11 (1970) (discussing the propriety of a judge acting in controversy where a friend of long standing or a friend's law firm is counsel)).

[4] Those instrumental in Judge Divine's appointment must be overjoyed by his receipt of this case after it was assigned elsewhere, followed by his scathing Show Cause Order containing factual misrepresentations and ignoring objective evidence of family court lawyers in the 21st Circuit of the State of Missouri "Buying future litigation."

4

would cause any reasonable observer to question the Court's impartiality. This is precisely what 28 U.S.C. § 455(a) & (b) are designed to prevent.[5]

### B. This Court Should Set Aside Its Orders Entered Without Jurisdiction and Either Recuse or Transfer the Motion to Disqualify to a Senior Judge Nominated by a Democrat President.

#### 1. The Post-Disqualification Rulings are Void Under Rule 60.

Federal Rule of Civil Procedure 60 provides the proper mechanism for this Court to vacate and set aside its Order entered without jurisdiction and that are null and void as a matter of law. *See, e.g., Johnson v. Arden*, 614 F.3d 785, 799 (8th Cir. 2010) ("A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process."). Rule 60 applies to orders just as it does to judgments. *See* Rule 60 ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, **order**, or proceeding for the following reasons…") (emphasis added); *see also Bruno v. Hamilton,* 521

---

[5] In response to the Court's prior question as to how a federal judge might conceivable have the power to protect citizens from state court judges and commissioners that violate their federally protected constitutional rights, Plaintiffs refer Honorable Judge Divine to the United States Supreme Court opinion in *Mitchum v. Foster*, 407 U.S. 224 (1972).  In that case, Justice Stewart on behalf of an unanimous court, recognized that § 1983 claims are "expressly authorized" exceptions to the to the Anti-Injunction Act, and he noted in his discussion of the Civil Rights Act and its predecessor's adoption: "**Proponents of the legislation noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were *in league with* those who were bent upon abrogation of federally protected rights**." *Id.* at 240 (emphasis added).  Here, if it is not clear, Plaintiffs include an Officer of *this* Court, and they regretfully acknowledge that Missouri's state courts appear to be *in league with* the state court judge and state court commissioner named as defendants in this case.  Plaintiffs suggest that the courts *may* prefer to intervene but are concerned about the fallout that would follow their acknowledgement of the RICO conspiracy and criminal enterprise Plaintiffs have exposed and proven to exist in the state's second largest judicial circuit.  Plaintiff Matthew R. Grant vividly recalls the oath he swore to become a member of the Missouri Bar and an also the oath he took to become an officer of *this* district court each time he makes these extremely unfortunate observations. *See* https://www.uscourts.gov/forms-rules/forms/attorney-oath-admission.  Plaintiffs' efforts will hopefully result in the *return* of public trust in the 21st Circuit Court of the State of Missouri's Family Court and the permanently stained role of Presiding Judge.

5

F.2d 114, 117 (8th Cir. 1975) ("If no such jurisdiction exists, the magistrate's order should be vacated for lack of jurisdiction.") (applying Rule 60).

Once Plaintiffs' Motion to Disqualify was filed, Judge Divine's jurisdiction to enter substantive orders was suspended.

By instead issuing substantive orders that altered the parties' rights and positions of the parties, including but not limited to Docs. 100, 103, 104 and 106, the Court acted outside the limited jurisdiction left to it under § 144 and *Atkins*.

Orders entered without jurisdiction are null and void and must be set aside under Rule 60(b)(4).

### 2. Rule 54 Provides an Independent Basis to Vacate the Improper Interlocutory Orders.

Even if the Court were to find that Rule 60(b)(4) does not apply, Federal Rule of Civil Procedure 54(b) and this Court's inherent authority provide an independent and less exacting path for vacating the orders at issue.

Rule 54(b) allows a district court to revise "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liability of fewer than all parties" at any time before entry of final judgment.  See Rule 54; *see also Ideal Instruments, Inc. v. Rivard Instruments, Inc.,* 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006) ("The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be [applicable to] a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b).").

6

Here, the orders are interlocutory, were entered after the § 144 motion had divested the Court of its authority to act on the merits and are prejudicial to Plaintiffs.

At a minimum, the Court should exercise its authority under Rule 54(b) to vacate them so that any further substantive rulings occur only after the disqualification issue has been resolved by a judge without conflict.

## CONCLUSION

As the foregoing demonstrates, regardless of this Court's view of Plaintiffs' Motion to Disqualify filed pursuant to 28 U.S.C. § 144 and alternative request for recusal pursuant to 28 U.S.C. 455(a) & (b), the law is clear that this Court's orders relating to other issues that followed the Motion's filing, particularly in light of their prejudicial impact on Plaintiffs and in favor of Judge Divine's former office, should be vacated and set aside. Thereafter, this Court should either recuse or transfer Plaintiffs' Motion to Disqualify to a Senior District Judge without a conflict of interest, in accordance with 28 U.S.C. § 144 and 455, and the Eighth Circuit's guidance in *Atkins*. Plaintiffs also request such further relief as the Court deems just and proper.

Respectfully submitted,

/s/Matthew R. Grant
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street
Suite 110, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
Email: mattgrant.stl@gmail.com

***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

Case: 4:25-cv-01203-JMD Doc. #: 108 Filed: 12/02/25 Page: 8 of 8 PageID #: 1679

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 2, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Matthew R. Grant*

8