UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. GRANT, individually as Next Friend to C.L.G. and as Next Friend to C.M.G., and on behalf of all others similarly situated, <br><br> and <br><br> STOP MISSOURI CORRUPTION, LLC <br><br>    Plaintiffs, <br><br> vs. <br><br> BRUCE F. HILTON, ET AL., <br><br>    Defendants. | ) ) ) ) ) ) ) ) Case No.: 4:25-CV-01203-JMD ) ) ) ) ) ) ) ) ) |

**COULTER AND GROWE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET ASIDE**

COME NOW, Defendants Con Curran Coulter, II; The Coulter Law Group, LLC d/b/a Coulter Goldberger, LLC; Mat Eilerts; and Growe Eisen Karlen Eilberts, LLC (collectively, "Defendants"); and for their Response to Plaintiffs' Motion to Set Aside (Doc. 107), state:

On December 2, 2025, Plaintiffs filed a Motion to Set Aside this Court's Orders (Doc. 100, 103, 104, and 106). Defendants respectfully believe the motion should be denied based on the law, facts, and circumstances of the case.

Plaintiffs' argument is that this Court's Orders (Doc. 100 (granting motion for leave to file responsive pleadings out of time), 103 (denying motion to strike of Plaintiffs), 104 (granting motion for leave to file joint motion to dismiss), 106 (granting motion for leave to join Coulter and Growe's response to motion to disqualify)) were null and void as they were entered without jurisdiction (Doc. 108, p. 5) and that this Court should vacate the orders under its authority such that the issue of disqualification can first be addressed (*id.* at p. 6).

Plaintiffs' argument that this Court lacks jurisdiction to enter orders after a motion to disqualify is filed and before a motion to disqualify is determined ("interim orders") lacks supporting precedent. *See* Doc. 108, p. 1 (citing *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017)). *Akins* did not address the issue of jurisdiction or whether interim orders are null and void. *See Akins*, 863 F.3d at 1085, 1088. Rather, *Akins* addressed the propriety of the district court's order denying motions to recuse (affirming the denials). *Id.*

Sections 28 U.S.C. §§ 144 and 455 do not speak to the inherent authority of a court to manage its docket, nor do they speak to interim orders or the jurisdiction of the court subject to a motion to disqualify. "[T]he mere filing of a disqualification motion does not divest a judge of authority to proceed; the motion must be granted first." *Lawson v. Godderz*, No. 25-1179-JWB, 2025 U.S. Dist. LEXIS 224454, at *10 (D. Kan. Nov. 14, 2025) (citing *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988)). Plaintiffs' suggestion that this Court had only two options (Doc. 108, p. 2) is neither supported by 28 U.S.C. § 144, 28 U.S.C. § 455, case law, the inherent authority of this court to manage its docket,[1] nor Plaintiffs' own conduct in filing a motion with this Court during the pendency of the motion to disqualify referencing Judge Joshua M. Devine's Requirements (Revised August 2025).[2]

Plaintiffs also appear to argue several points in support of their motion to disqualify. Defendants have set forth their position in their response to Plaintiffs' Motion to Disqualify

---

[1] *See, e.g., Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 513 (2017) ("District courts, furthermore, have ample means and methods to administer their dockets and to ensure that any additional filings proceed in an orderly fashion.") (citing *Dietz v. Bouldin*, 579 U. S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"))); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal citations and quotations omitted).

[2] Doc. 95, 96, filed on November 28, 2025.

2

(Doc. 81), and do not believe it appropriate to argue the separate issue in this briefing absent this Court's request (especially where Plaintiff's Conclusion requests relief "regardless of this Court's view of Plaintiffs' Motion to Disqualify. . ." (Doc. 108, p. 7)).

WHEREFORE, Defendants respectfully request that this Court enter an Order denying Plaintiff's Motion to Set Aside, and for such further relief this Court deems just and proper.

/s/ Robert T. Plunkert
Robert T. Plunkert  #62064MO
PITZER SNODGRASS, P.C.
Attorney for Defendants Con Curran
Coulter, II; The Coulter Law Group, LLC
d/b/a Coulter Goldberger, LLC; Mat Eilerts;
and Growe Eisen Karlen Eilerts, LLC
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 3rd day of December, 2025:

Matthew R. Grant
GRANT FIRM LLC
701 Market Street, PMB 1709
St. Louis, Missouri 63131
Phone: 314-255-7760
mattgrant.stl@gmail.com
*Attorney for Plaintiffs*

Thomas J. Magee
Kathleen S. Hamilton
Gabrielle A. Deimeke
HEPLER BROOM LLC
701 Market Street, Suite 1400
St. Louis, Missouri 63101
Phone: 314-241-6160
Fax: 314-241-6116
tm1@heplerbroom.com
ksh@heplerbroom.com
gad@heplerbroom.com
*Attorneys for Defendants Maia Brodie, individually and d/b/a Brodie Law and Reinker, Hamilton & Fenley, LLC*

A.J. Bronsky
Bryce Pfalzgraf
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Phone: 314-421-3400
Fax: 314-421-3128
ajbronsky@bjpc.com
bpfalzgraf@bjpc.com
*Attorneys for Lawrence Gillespie and Gillespie, Hetlage & Coughlin, LLC*

Matthew A. Radefeld
RADEFELD LAW GROUP, LLC
7711 Bonhomme Ave, Suite 710
Clayton, Missouri 63105
Phone: 314-341-0374
matthew@radlaw.org
*Attorney for Defendants Rebecca A. Copeland, Staci Thomas, and Sarah M. Grant*

Lauren Kessler
Kelli J. Reichert
Assistant Attorney General
MISSOURI ATTORNEY GENERAL'S OFFICE
815 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: 314-340-4840 for Kessler
Phone: 314-340-7652 for Reichert
Lauren.Kessler@ago.mo.gov
Kelli.Reichert@ago.mo.gov
*Attorney for Defendants Bruce Hilton and Mary Greaves*

/s/ Phillip B. Schatz