ED113446

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - March 26, 2025 - 12:17 PM

## MISSOURI COURT OF APPEALS
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE ex rel.<br>MATTHEW R. GRANT,<br><br>    *Relator*,<br><br>vs.<br><br>The HONORABLE BRUCE HILTON,<br>Presiding Judge of the Circuit Court<br>of the County of St. Louis,<br>21st Judicial Circuit, Division 13,<br><br>    *Respondent*. | Case No.<br><br>Cause No. 2012SL-DR03959-02 |

### RELATOR'S *VERIFIED* MOTION TO DISQUALIFY THE ENTIRE MISSOURI COURT OF APPEALS FOR THE EASTERN DISTRICT OF MISSOURI FOR CAUSE AND/OR DUE TO THE APPEARANCE OF IMPROPRIETY, AND FOR TRANSFER TO THE MISSOURI SUPREME COURT

COMES NOW, Relator Matthew R. Grant ("Relator") and respectfully requests that this Court recuse from this matter, disqualify itself and/or otherwise transfer this matter to the Missouri Supreme Court ("Motion to DQ The Court of Appeals").

In Support of this Verified Motion to DC the Court of Appeals, Relator states as follows.

1. As detailed in Relator's Verified Petition for Temporary and Permanent Writs in this matter, and now in the attached Affidavit, Presiding Judge Hilton of the 21st Circuit Court has openly stated, off the record, that the Missouri Court of Appeals for the Eastern District of Missouri will protect his corruption from exposure and/or that at least some of the judges are part of the same criminal conspiracy. **Exhibit A.**

Exhibit F

2. As detailed in **Exhibit A**, a reasonable person conclude that under the facts of this case, that Missouri Court of Appeals for the Eastern District *at least* has an appearance of impropriety if it were to issue any substantive rulings in this case.

## LEGAL AUTHORITY

While it is obvious that this Motion should be granted, Relator notes the ethical cannons in the Missouri Code of Judicial Conduct that are applicable. Indeed, comparable facts and the exact same Missouri law requires that this Court transfer this Petition for Writs matter to the Missouri Supreme Court for its further handling.

Specifically, Relator cites the following judicial ethical cannons to this Court as support for his request:

2-2.11 Recusal

> (A) *A judge shall recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned.* including but not limited to the following circumstances:
>
> > (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer or knowledge of facts that are in dispute in the proceeding that would preclude the judge from being fair and impartial.
>
> ...
>
> Comment:   [1] Under this Rule 2-2.1 I, a judge ***should recuse*** whenever the judge's **impartiality might reasonably be questioned regardless of whether any of the specific provisions of paragraphs (A)(1) to (5) apply.**

Rule 2-2.11 (emphasis added).

*Remainder of page left intentionally blank*

2-2.2, Impartiality and Fairness

    (A) A judge shall uphold and apply the law, and shall perform all duties of judicial office promptly, efficiently, **fairly and impartially.**

    (B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate all litigants, including self-represented litigants being **fairly heard.**

Comment: [1] In disposing of matters promptly and efficiently, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary costs or delay. To ensure impartiality and fairness to all parties, a judge must be objective and open minded.

Rule 2-2.2 and comment (emphasis added).


2-2.3, Bias, Prejudice, and Harassment

    A. A judge shall perform the duties of judicial office **without bias or prejudice.**

    B. **A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice,** or engage in harassment, including but not limited to bias, prejudice. or harassment based upon race. sex, gender. gender identity. religion, national origin, ethnicity, disability, age, sexual orientation, or marital status, and shall not permit court staff, court officials or others subject to the judge's direction and control to do so.

Rule 2-2.3 (A)&(B) (emphasis added).

As noted above, Relator has no personal knowledge of any corruption within the Missouri Court of Appeals for the Eastern District of Missouri. However, the statements and actions of Presiding Judge Hilton, including but not limited to his personal statements and his express violation of *Matter of Buford,* 577 S.W.2d 809 (Mo. banc 1979), in the form of three (3) separate post-Motion for Change of Judge Orders, one of which denied

Relator joint physical custody of his Children until at least June 23, 2025, more than satisfy the Missouri Supreme Court's standard as it discussed in *Anderson v. State,* when it explained:

> Rule 2-2.11(A) sets the standard for when a judge should recuse in a proceeding. Rule 2-2.11(A) provides that "[a] judge shall recuse himself or herself in ***any proceeding in which the judge's impartiality might reasonably be questioned.***" This includes situations where "[t]he judge has a personal bias or prejudice concerning a party... or knowledge of facts that are in dispute...." Rule 2-2.11(A)(I). The rule <u>is not limited to actual prejudice</u> and also requires recusal when "<u>a reasonable person</u> would have factual grounds to find an appearance of impropriety and doubt the impartiality of the court"

*Anderson v. State.* 402 S.W.3d 86, 91 (Mo. 2013) (citations omitted) (emphasis added).

All reasonable persons would have factual grounds in this matter to find that ther would be a tremendous and shocking appearance of impropriety if the Court of Appeals where to handle this matter further. Moreover, all reasonable persons would doubt the impartiality of this Court of it were to move forward on this case in any way.

There can be no doubt that the unique facts of this case that the Court of Appeals for the Eastern District of Missouri must either recuse and/or transfer this matter to the Missouri Supreme Court so that it may evaluate and rule upon this Verified Motion.

### IMMEDIATE LACK OF JURISDICTION AND LIMITED POWER ONLY TO TRANSFER THIS MATTER TO THE MISSOURI SURPREME COURT

As Relator has made clear numerous times now on the record in this case, both to Commissioner Greaves and Presiding Judge Hilton in the 21st Circuit Court, Relator now demonstrates to this Court of Appeals that it too, has been stripped of any power to take any action other than to transfer this matter to the Missouri Supreme Court for further handling. *See Matter of Buford,* 577 S.W.2d 809 (Mo. banc 1979).

It is theoretically possible that the Missouri Supreme Court will deny this Motion and remand this matter back down to this Court of Appeals. However, in light of serious

corruption proven by Relator that will not happen.

  WHEREFORE, Relator prays that the Missouri Court of ppeals for the Eastern District of Missouri recuse from this matter, or otherwise transfer this matter to the Missouri Supreme Court for further handling, and for such further relief as the Court deems just and proper.

Respectfully submitted,

/s/Mathew R. Grant
Matthew R. Grant, #50312
1625 Mason Knoll Rd.
St. Louis, MO 63131
T: (314) 412-9112
Email: mattgrant.stl@gmail.com

**Pro Se Relator**

## NOTARY ACKNOWLEDGEMENT

State of Missouri )
County of St. Louis )

On this 24th day of March, 2025, before me, the undersigned notary, personally appeared Matthew R. Grant, proved to me through identification documents (a Missouri Driver's license), to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
(official signature and seal of notary)

ANDREW JENNINGS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 22317624
My Commission Expires 11-13-2026

MISSOURI COURT OF APPEALS
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE ex. rel.<br>MATTHEW R. GRANT,<br><br>    *Relator*,<br><br>vs.<br><br>The HONORABLE BRUCE HILTON,<br>Presiding Judge of the Circuit Court<br>of the County of St. Louis,<br>21st Judicial Circuit, Division 13,<br><br>    *Respondent*. | Case No.<br><br>Cause No. 2012SL-DR03959-02 |

## AFFIDAVIT OF MATTHEW R. GRANT

COMES NOW, Matthew R. Grant ("Affiant"), and swears as follows:

1. I am over the age of 18 and competent to make this Affidavit.

2. All allegations in my various filings are true. This includes my *Verified* Petition For Preliminary And Permanent Writs Of Prohibition, Or In The Alternative, Preliminary And Permanent Writs Of Mandamus, Both Relating To Judicial Corruption Within The 21st Circuit Court Of The State Of Missouri ("Petition") that I filed with the Missouri Court of Appeals for the Eastern District of Missouri.

3. Similarly, all allegations in my Motion to Disqualify the Entire Missouri Court of Appeals for the Eastern District of Missouri are completely true.

4. I have practiced law for 24+ years, am a former litigation equity partner at Husch Blackwell LLP, an AM Law 100 law firm, and my allegations, while difficult to believe, are absolutely true. I am skilled litigator with a reputation that suggests that I should be taken seriously.

5. I have acted *pro se* since late December, 2024, despite the dates of the withdrawals of my former counsel Mat G. Eilerts and C. Curran Coulter.

6. I have encountered numerous obstacles while drafting the pleadings and gathering the exhibits necessary to bring this matter, procedurally, to this court's attention. This is as fast as I could pull this effort together without any assistance.

7. Presiding Judge Hilton told me in open court in no uncertain terms that the Missouri Court of Appeals for the Eastern District would protect him and it would not issue any rulings in my favor or, likely, against me.

8. Judge Hilton's comments will not appear on the official transcript as at least Court Reporter Rhonda Laurentius is part of the corruption. As is Judge Hilton's secretary Veronica Gipson.

9. It is possible that Judge Hilton was bluffing and the Missouri Court of Appeals for the Eastern District, and its Republican appointed members, are *not* corrupt. I leave that determination to the Missouri Supreme

Court but I welcome the opportunity to provide sworn testimony on that and all other topics relating to this corruption.

10. I have knowingly placed myself in grave physical danger by insisting on exposing this corruption.

11. My Petitions are verified which is the same as testimony or a separate Affidavit. My review of Missouri law deems this Affidavit as unnecessary. However, I don't want any of these RICO criminals to avoid exposure and accountability based upon a technicality.

12. I remain shocked that I am the one to have seen the corruption and I am proud to be the one to expose it.

13. The corruption in all Missouri Courts must stop. If it must be me to incur the risks of doing so, so be it. This is a greater purpose for me and a service to others.

14. If successful, no matter what happens, I have done my best to ensure that my children will be with me or my wife, Mary Christine Tinker-Grant, and their horrible mother Rebecca A. Copeland will be in prison or jail. Even if I'm not here to see it, I am pleased to have been the one to expose the corruption that has damaged so many families in St. Louis County and St. Charles County.

15. I hope that the Missouri Supreme Court makes this public as opposed to enacting reform quietly, so that citizens of Missouri can see the impact of the Non-Partisan Court Plan. With pressure, the Missouri Legislature

can and should repeal all laws supporting that misguided approach to judicial appointments and enact a democratic vote process as much as possible. Obviously, judges must be Missouri licensed lawyers in good standing, etc.

16. The Courts belong to the people. The people, not politicians should decide what Judges sit in *their* Courts.

17. I declare under the penalty of perjury that every single statement in this Affidavit and all of my filings in the Circuit Court, Eastern District Court of Appeals, and this Court, are 100% true.

_____
Matthew R. Grant, #50312

Electronically Filed - EASTERN DISTRICT CT OF APPEALS - March 26, 2025 - 12:17 PM

## NOTARY ACKNOWLEDGEMENT

State of Missouri   )

County of St. Louis  )

On this 24th day of March, 2025, before me, the undersigned notary, personally appeared Matthew R. Grant, proved to me through identification documents (a Missouri Driver's license), to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____

(official signature and seal of notary)

```
ANDREW JENNINGS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 22317624
My Commission Expires 11-13-2026
```