UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW R. GRANT, et al, | ) | |
| | ) | |
| *Plaintiffs*, | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| BRUCE F. HILTON, et al., | ) | Case No.  25-CV-1203-JMD |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT BRODIE'S
MOTION TO SEAL OR REDACT PLEADINGS FILED BY PLAINTIFF**

For a second time, Defendant Brodie asks this Court to order the sealing or redaction of a critical pleading to which the general public has a constitutional right to access in its unredacted form.[1]  Doc. 118 (Motion) and Doc. 122 (Memo. in Support) (collectively "Motion to Seal or Redact").

As discussed herein, the law requires that Defendant Brodie's Motion to Seal or Redact should be denied as a matter of law.

**A. LEGAL STANDARD**

The United States Supreme Court has recognized that the First Amendment protects the public's right to access court documents except for the rarest of situations.

"In Mills, court recognized that "a major purpose of that Amendment was to protect the free discussion of governmental affairs," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604, 102 S. Ct. 2613, 2619 (1982) (citing *Mills v. Alabama*, 384 U.S. 214, 218 (1966)).  This concept applies in both criminal and civil cases.  *Id.* (criminal matter); *see also*

---

[1] To address an unexpected and meritless argument recently raised by Defendants Eilerts, Growe Eisen, Coulter and Coulter Law Group, Plaintiffs' well-grounded position is that this filing does not waive its previous Motion to Disqualify Judge Divine and his Honor lacks jurisdiction to rule on Defendant Brodie's Motion at this time.  *See* 28 U.S.C. § 144 ("such judge shall proceed no further therein"); *see also* Doc. 108.

*Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (civil matter).

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government."  *Globe Newspaper Co.* at 604.

The Eighth Circuit has recognized that in addition, "there is 'a **common-law right of access** to judicial records." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978))) (emphasis added).

"Interests served by the common-law right include bolstering public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, allowing the public to keep a watchful eye on the workings of public agencies, and providing a measure of accountability to the public at large (which pays for the courts)."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

"Proceedings may be closed and, by analogy, **documents may be sealed *if 'specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values*** and is narrowly tailored to that interest.""  *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (citing *In re New York Times Co.*, 828 F.2d at 116, citing *Press-Enterprise II*, 478 U.S. at 13-14 (citation omitted) and *In re Washington Post Co.*, 807 F.2d at 390) (affirming decision to keep warrant under seal because of "the on-going investigation") (emphasis added).

"The party seeking closure or sealing *must show that such a restriction of the first amendment right of public access is necessitated by a compelling government*

*interest*." *Id*. at (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 78 L. Ed. 2d 629, 104 S. Ct. 819 (1984) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. at 607) (emphasis added).

"If the district court decides to close a proceeding or seal certain documents, it must explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate."[2] *Id.* at 574 (citing Press-Enterprise I, 464 U.S. at 510-11).

To address the public's constitutional and common law rights to public access, this District's Local Rules state: "[t]he Court recognizes the right of the public to access material filed with the Court in civil and criminal cases." *See* EDMO Local Rule 13.05(A)(2).

The EDMO Local Rules then provide a procedure whereby the moving party must submit a supporting memorandum that "must state the specific legal and factual reasons justifying the sealing, with or without sworn factual declarations or affidavits, and must state whether any producing non-party has been served with Notice of the Motion and whether such producing non-party does or does not object to the sealing."  EDMO Local Rule 13.05(A)(4)(b)(i).

As discussed below, Movant Brodie's Motion and *1 page Memorandum* fail to satisfy the high burden of proving that a "government interest" or any other any interest exists

---

[2] Obviously, this Court committed reversible error when it granted Defendant Brodie's prior request to redact her home address without any explanation or known basis on the very day it was filed.  *See* Doc. 33 ("Docket Text ORDER: The Court GRANTS Brodie's Motion to Seal or Redact Pleadings 30. The clerk of court is ordered to seal Document 2, Document 3, Document 29, and Document 29-17. Plaintiff must file redacted versions of these documents within 3 days that exclude any personal addresses, phone numbers, and email addresses.").

Once again, this Court deprived Plaintiffs an opportunity to respond, oppose and provide the Court precedent detailed in this Reply of which it was apparently unaware.

Plaintiffs note the *objective* bias demonstrated by the Court's actions.

that supersedes the public's constitutional right of access to unredacted pleadings and other filings in this case.

### B. BRODIE'S REQUEST FOR REDACTION AND/OR SEALING FAILS TO SATISFY THE HIGH BURDEN REQUIRED TO RESTRICT THE PUBLIC'S ACCESS TO ALL DOCUMENTS IN THIS CASE.

As detailed above, both the First Amendment and common-law rights are insurmountable obstacles to Brodie's request. Here, Brodie has failed to identify any basis for this Court to *"a compelling government interest."*

Movant Brodie claims that the following information was improperly included in Plaintiffs' proposed Second Amended Complaint:

1. Municipality of Brodie's home;

2. The value of Brodie's home;

3. The **non-existent** name of Brodie's husband;[3]

4. The name of an LLC owned by Brodie and her husband;

5. The address and value of a commercial property owned, in part by Brodie's husband.

Memorandum in Support, pp. 1-2.

Brodie states that "**[c]learly,** Plaintiff's motive in providing personal information about the Defendant has more to do with his desire for publicity rather than any fact relevant to the lawsuit." *Id.* at p. 3 (emphasis added). Brodie provides no explanation for her conclusory allegation.

Next, Brodie states regarding a non-party's mortgage refinancing records, "[e]vidence of this is clearly shown with inclusion of information about a non-party's

---

[3] Contrary to Brodie's clear and unequivocal allegation, the Proposed Second Amended Complaint does *not* include her husband's first or last name. Brodie's direct claim to the contrary is careless, *at best*.

refinancing of their mortgage that is inexplicably included in the proposed Second Amended Complaint." *Id.* at p. 2.

Neither of these statements by Brodie comply with Local Rule 13.04's requirement that she "state the specific legal and factual reasons justifying the sealing."[4] EDMO Local Rule 13.05(A)(2). More importantly, neither statement overcomes the public's common law and First Amendment right of access to all documents in this case.[5]

There is nothing "confidential,' such as trade secrets, in the information that Plaintiffs included in their proposed Second Amended Complaint. The very fact that Plaintiffs obtained the information without the aid of discovery in this litigation proves it does not qualify for protection.

More importantly, Brodie's Motion to Redact or Seal reveals her ongoing and improper desire to *litigate in the dark*. As Brodie states, Plaintiffs' filings include "some highly charged allegations." Opposition, p. 1. She is correct and that is the very reason all filings in this case must be available to the public via PACER. Civil litigation raising corruption within the courts of any State are amongst the most important to make available in their unredacted form. *See, e.g., Transit Cas. Co. ex rel. Pulitzer Publishing*

---

[4] It may be that Brodie understandably thinks that Judge Divine, should he somehow *regain j*urisdiction to rule on this issue, will once again summarily grant her request, without any cited authority or support and before Plaintiffs have the chance to file an Opposition Brief pointing out the very law that this Court failed to follow previously. This Court's prior docket entry fails to comply with the requirement that he "must explain why closure or sealing [or redacting] was necessary and why less restrictive alternatives were not appropriate." *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d at 574 (citation omitted). Plaintiffs took no issue with the ruling as the address at issue was merely included for service purposes.

[5] Certainly, the parties will seek a Rule 26(c) Protective Order in the future that is narrowly tailored to seal or redact specified information that *does* qualify for protection. As discussed herein, Brodie seeks to conceal publicly available information that is otherwise does not qualify for concealment from the public.

*Co., Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees,* 43 S.W.3d 293 (Mo. banc 2001):

> The public's right to inspect court and other public records comes not from any personal interest in the subject matter of the records. Rather, the right stems from **the public's presumed interest in the <u>integrity</u> and impartiality of <u>its government</u>**. 622 S.W.2d at 735; *See 3 W. Blackstone, Commentaries 372; M. Hale, The History of the Common Law of England 343–345 (6th ed. 1820).* Contrary to TCCR's assertions, open records do not simply accommodate the public's amusement, curiosity, or convenience. Instead, it is simply beyond dispute that public records are freely accessible to **<u>ensure confidence in the impartiality and fairness of the judicial system</u>**, and **generally to discourage bias and <u>corruption in public service</u>**. "Without publicity, <u>all other checks</u> are insufficient...." 1 J. Bentham, Rationale of Judicial Evidence 524 (1827).

*Id.* at 300-301 (emphasis added).

Plaintiffs' allegations are that Brodie is part of an ongoing racketeering enterprise that includes sitting judges, at least one commissioner, Guardians Ad Litem and family court practitioners such as certain Defendants in this case. The public has a heightened interest in having access to every detail and every pleading in this litigation due to the public's interest in ensuring that "corruption in public service" is not allowed to take place and is eliminated from one of ***its*** *Missouri Circuit Court courthouses*.

All of the information that Defendant Brodie seeks to conceal is publicly available. There is nothing about that publicly available information that qualifies for protection via a Rule 26(c) Protective Order, much less redaction or sealing from the general public.

Brodie is correct that Plaintiffs have made continual efforts to bring attention to this *important* litigation. Plaintiff Grant will continue to do so as an Officer of this and the Missouri State Courts. Contrary to Defendant Brodie's argument, the fact of public

dissemination only further supports the constitutional conclusion that those who Plaintiffs efforts reach have access to all pleadings in this case, in unredacted form.[6]

This case *more than any other* requires full open access to all filings in this case. While it is Brodie's burden of proof to show that the information qualifies for concealment from the public, Plaintiffs' note that each piece of information included in the Second Amended Complaint at issue was included in good faith.[7] Plaintiffs note that neither Defendant Brodie nor any other Defendant has filed a Motion to Strike any allegations.

Brodie certainly desires to hide the fact that she, through criminal racketeering conduct in violation of RICO, has *amassed **enormous wealth***. The public has a right to know relevant factual allegations as it considers whether Judge Divine was wrong and Plaintiffs' action in commencing this litigation was made in good faith and was not filed "for an unlawful purpose" and "was filed for the vindictive purpose of harassing others." Doc. 22, pp. 1 and 4.

Brodie has not cited any authority or even a reason why she is so special that any publicly available information about her must be sealed from the public's view. She cannot seriously believe that members of the general public will scour each square inch of the municipality at issue hoping to somehow identify her home.

---

[6] Plaintiffs do not intend to address or take any position regarding Judge Divine's failure to make a proposed intervenor's filings available to the general public via the docket and PACER. *See* Docs. 17-20.

[7] Plaintiffs note that they concealed the home addresses of Defendant Judge Hilton and Defendant Commissioner Greaves in light of their judicial roles outside this litigation. Again, Plaintiff Grant, more than anyone, strives to ensure the judiciary regains the public's trust and he proactively eliminated the use of these Defendants' home addresses as there is no need, and only downside, for litigants, including criminal defendants, to have easier access to those addresses. The suggestions by this Court and Defendants that Plaintiffs' actions are anything but honorable are unsupported and *offensive*. Despite the poor taste it will leave in everyone's mouths, Plaintiffs will end the corruption that permeates *at least* the 21st Circuit Court of the State of Missouri.

Instead, Brodie seeks what many criminals seek, concealing their conduct from the general public, including where the funds stolen from St. Louis Family Court litigants that are members of the general public may be located. Unfortunately for Brodie, her desire does not pass constitutional muster.

Plaintiffs note that Brodie is also attempting to protect a non-party, a retired judge's financing activities. Again, Plaintiffs obtained the information just as the general public could if it desired – from publicly available sources. The fact that evidence included in Plaintiffs proposed Second Amended Complaint is *damning* is no reason to conceal it from the general public. Plaintiffs suggest that the general public would be interested in the fact that the retired 21st Circuit Judge refinanced his residence approximately 20 times in 20 years, including into rising interest rates. *See* Proposed Second Amended Complaint, ¶122(b)(1). The general public, like Plaintiffs, might find that this publicly available information just might weigh in favor of the conclusion that Plaintiffs' allegations of judicial corruption are true, particularly when coupled with the tax exempt Non-Governmental Organization (NGO) allegations. *Id.* at ¶122(c).

Notably, Brodie herself, along with Defendant Gillespie were founding members of the Board of Directors of a supposed non-profit entity that was formed by six individuals, one of which is Defendant Hilton, **to benefit a "Family Court."**

Plaintiffs have a good faith belief that the "non-profit" will be proven to be a poorly crafted avenue to illegally funnel money to judges, commissioners and others involved in the more than a decade old corruption that Plaintiffs seek to end in this case. Only time and fact discovery will ultimately tell.

Further, the public may also find it interesting that one of the addresses listed in the "non-profit's" publicly available filings with the Missouri Secretary of State has *never even existed*. *See* Proposed Second Amended Complaint, ¶122(c)(2).

As detailed above, all of Plaintiffs' allegations were made in good faith and are fact "relevant to the lawsuit."  Memo. in Support, p.2.

## CONCLUSION

For the reasons detailed above, Defendant Brodie's Motion to Seal or Redact (Doc. 118) should be denied in its entirety.

Respectfully submitted,

_____/s/Matthew R. Grant_____
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street
Suite 110, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
F:  (636) 200-1960
Email:  mattgrant.stl@gmail.com

***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2026, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Matthew R. Grant*