UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW R. GRANT, et al, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| vs. | ) | |
| | ) | |
| BRUCE F. HILTON, et al., | ) | Case No.  25-CV-1203-JMD |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Lawrence Gillespie ("Gillespie") and Gillespie Hetlage & Coughlin, LLC
("GHC") argue that despite the plethora of detailed facts in Plaintiffs' Proposed Second
Amended Complaint (**Exhibit A** to Doc. 114) ("PSAC"), they "amount to nothing more than
additional legal conclusions, formulaic recitations of the elements of asserted claims, or facts
that do not otherwise form the basis of a cause of action against Defendants." Doc. 120, p. 5
("Opposition").

Defendants' arguments are belied by the actual allegations included in the PSAC that
are sufficiently pleaded as a matter of law.   Plaintiffs' Proposed Second Amended Complaint
is *far* from futile.

This Reply demonstrates that PSAC easily meets the Rule 12(b)(6) plausibility
standard.  It then addresses Defendants' misplaced reliance on *McDonough v. Anoka Cnty.*,
799 F.3d 931, 945 (8th Cir. 2015) and *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir.
2011), showing why those cases support Plaintiffs rather than Defendants.

1

## <u>TABLE OF AUTHORITIES</u>

*Brown v. Linder*, 56 F.4th 1140, 1145 (8th Cir. 2023).....................................................8

*Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011).......................................8-9

*Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003)................................3

*McCaffree Fin. Corp. v. Principal Life Ins. Co.,* 811 F.3d 998, 1002 (8th Cir. 2016)..............3

*McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015).....................................5-7

*Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180 (1946)...................................7-8

*United States v. Pierce*, 479 F.3d 546, 550 (8th Cir. 2007).............................................8

*Watkins v. City of St. Louis*, 102 F.4th 947, 952 (8th Cir. 2024).......................................9

*Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,*
648 F.3d 452, 458 (6th Cir. 2011)................................................................................7

## A. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT EASILY SURPASSES A RULE 12(b)(6) REVIEW.

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.'" *McCaffree Fin. Corp. v. Principal Life Ins. Co.,* 811 F.3d 998, 1002 (8th Cir. 2016) (citations omitted).

"A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citation omitted).

More directly, the Eighth Circuit has cautioned: "We have said, 'as a practical matter, dismissal under Rule 12(b)(6) is likely to be granted **only in the unusual case** in which a plaintiff includes allegations that show on the face of the complaint that there is some **insuperable bar to relief**.'" *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003) (reversing Order dismissing complaint based upon incorrect finding that the claimant did not plead causation) (citation omitted) (emphasis added).

In response to the undeniable objective conclusion that Plaintiffs' Proposed Second Amended Complaint overflows with factual allegations, Defendants Gillespie and GHC make the conclusory statement that Plaintiffs' allegations remain "conclusory."  The fact that Defendants fail to analyze a single specific allegation and explain how it is conclusory is an admission of the *futility* of their argument.

As discussed herein, Plaintiffs have sufficiently and factually pled all elements and more than a "plausible" claim for legal malpractice against Defendants.[1]

---

[1] Notably, Defendants appear to have abandoned their argument that Plaintiffs' allegations violate Rule 8(a).  That argument was nonsensical from the start.

## B. PLAINTIFFS HAVE PROPERLY ALLEGED FACTS, NOT CONCLUSIONS, AGAINST GILLESPIE AND GHC.

Defendants argue that "[a] plaintiff must plead facts that nudge the claim across the line from conceivable to plausible, and conclusory group pleading does not suffice." Opposition, p. 4 (citing *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015)).

After quoting an unremarkable standard, they then pivot, skip over the always required legal analysis and simply state that "Plaintiffs' proposed amendments amount to nothing more than additional legal conclusions, formulaic recitations of the elements of asserted claims, or facts that do not otherwise form the basis of a cause of action against Defendants." *Id.* at 5. This argument is conclusory in and of itself and Defendants fail to explain how the pages upon pages, and paragraphs upon paragraphs of specific factual allegations, many date-specific, are supposedly nothing but a "formulaic citation of elements of asserted claims." Defendants' omission of substantive analysis is dispositive. Courts do not deny leave to amend based on abstract assertions untethered to the actual pleading.

Nowhere do Defendants compare and contrast Plaintiffs' allegations with the threadbare elements of the causes of action at issue. It is no oversight. A side-by-side comparison of the actual allegations included in Plaintiffs' PSAC rejects any potential finding that they are nothing but conclusory and threadbare recitations of elements.

Defendants unconvincingly claim that nothing has changed. A simple review of the redlined version of the PSAC submitted to this Court reveals that Defendants' argument is wholly unsupported. *See* **Exhibit B** to Doc. 114. Plaintiffs' amended allegations were *surgical* and eliminate any potential claim that they are simply "conclusory."

Based upon *their* conclusory argument, Finally, Gillespie and GHC simply state that "because the proposed amendments add no meaningful factual content that would render the claims plausible, leave to amend should be denied as futile." *Id.* at p. 5.

Indeed, nowhere in their short Opposition brief, do Defendants quote a single allegation that is supposedly insufficient and explain *how it is conclusory*. Defendants' "ARGUMENT" section of their Opposition is less than a page. *Id.* at p. 5. Defendants do not provide any analysis or explanation because the deeply factual allegations asserted by Plaintiffs are the *antithesis* of "conclusory."[2] Plaintiffs' PSAC flows over with factual detail. Notably, the extent of factual detail was previously alleged to violate Rule 8(a).

Plaintiffs' PSAC is not futile. Defendants' Opposition fails to meaningfully engage with the allegations or the governing pleading standards.

Although Defendants attempt to minimize their importance, Plaintiffs' new factual allegations include, among others, more than 10 specific acts that form the basis of Plaintiffs' allegations of Wire Fraud (18 U.S.C. § 1343) and Obstruction of Justice (18 U.S.C. § 1503), including the allegation that those actions form the basis for Gillespie's violations of the Wire Fraud and Obstruction of Justice statutes. PSAC, ¶190(a)-(e).

Notably, Defendants fail to even acknowledge the *additional **11 paragraphs*** of factual allegations in the PSAC that specifically relate to Gillespie and GHC. *Id.* at ¶¶102, 109, 111-12, 122(c), 130, 148, 175-76, 195 and 305.

Defendants cite the Eighth Circuit's decision in *McDonough v. Anoka Cty.,* 799 F.3d 931 (8th Cir. 2015) as purported support for their position that Plaintiffs have not stated a claim. Opposition, p. 5. However, in the *McDonough* decision, the Eighth Circuit *reversed* the district court's findings and its order granting a Rule 12(b)(6) Motion to Dismiss in several

---

[2] Defendants' conclusory 'check the box' Opposition brief demonstrates that Plaintiffs' allegations in their ***First*** Amended Complaint were more than sufficient. Clearly, no matter how many names, specific factual events and specific dates Plaintiffs add, Defendants will continue to cry out "conclusory!". Their tactics are unconvincing.

consolidated cases.   799 F.3d at 937.   The case cited fails to reach the conclusion that Defendants urge this Court to adopt.

The *McDonough* case didn't involve RICO claim.  Instead, it involved claims under the Driver's Privacy Protection Act (DPPA or Act), 18 U.S.C. §§ 2721-2725.  *Id.*

In reaching its determination that the Plaintiffs had, in fact, sufficiently alleged a cause of action, the Eighth Circuit recognized that "'[f]erreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage.'" *Id.* at 946 (citing *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011).  The only issue is if Plaintiffs state a plausible claim for relief.  Of course, Plaintiffs here did and they do.

Defendants' criticisms in this matter ring particularly hollow and are very similar to those rejected in the *Watson Carpet & Floor Covering, Inc.* decision that the Eighth Circuit quoted in *McDonough*.

In *Watson Carpet & Floor Covering, Inc.,* the Court of Appeals was faced with allegations the defendant claimed were mere conclusions.  648 F.3d at 458.  In that decision, the Court of Appeals rejected the defendants' baseless description of the allegations as conclusory and aptly noted:

> The defendants argue that the phrase "[p]ursuant to and in furtherance of the conspiracy" is a legal conclusion, which this court "need not accept as true," *In re Travel Agent*, 583 F.3d at 903. Similarly, the district court determined that Watson Carpet did not "point to any actual facts that support th[e] conclusory assertion" that the refusals to sell were pursuant to the 1998 conspiracy. R. 35 (Dist. Ct. Op. #1 at 11). ***There was, however, nothing more for Watson Carpet to plead.*** It articulated in detail the facts of the 1998 agreement. That the actions were taken *pursuant* to the plan is evident from the fact that the actions were the same ones contemplated as part of the plan. The agreement called for Mohawk to refuse to sell carpet, which is exactly what Mohawk allegedly did.
>
> *Id.* at 458 (emphasis added).

6

The same analysis applies here.  Plaintiffs' PSAC alleges, in detail, the expansive RICO enterprise, its independence from its members, and the factual racketeering patterns and methods utilized to accomplish its goal of theft of excess fees and costs from parents. *See generally* PSAC; *see also* discussion *infra*.

Plaintiffs' PSAC then goes on to detail Gillespie and GHC's liability relating specifically to Gillespie's date-specific (February 7, 2025) ***admitted involvement*** in the criminal enterprise and Gillespie's insider status, management and his alternative "outsider" direct participation in the RICO enterprise.  PSAC at ¶¶109-11.  Further, Plaintiffs specifically alleged that Gillespie's involvement in the corruption dates to his law practice partnership with Defendant Hilton and his apparent participation in at least one specific money laundering scheme *Id.* at ¶¶122(c) and 130(c).  Critically, Plaintiffs alleged that Gillespie's role in the corrupt racketeering enterprise was intentional, with "malice," and was accomplished through his collusion with co-Defendant S. Grant as demonstrated by specific actions that took place on specific dates. *Id.* at ¶148.

The Eighth Circuit rejected the idea that each allegation must be read in isolation and held that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *McDonough* at 946 (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).  While Plaintiffs' allegations are sufficient read independently, there simply is no doubt that the RICO violations by Gillespie and those for which he is liable for under the *Pinkerton Doctrine*, collectively far surpass the bar of factual specificity established by the Eighth Circuit.  *See, e.g. United States v. Pierce*, 479 F.3d 546, 550 (8th Cir. 2007) ("In *Pinkerton*, the Supreme Court held that the overt act of one member of a conspiracy is attributable to all other members of the conspiracy.") (citing *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180

(1946)); *Watkins v. City of St. Louis,* 102 F.4th 947, 952 (8th Cir. 2024) (holding that "because she [plaintiff] alleges she was restrained and nonresistant when the individual officers used force against her absent any police or penological purpose" her allegations were sufficient) and *Brown v. Linder*, 56 F.4th 1140, 1145 (8th Cir. 2023) (affirming dismissal of complaint because: "And absent from the complaint is any detail about what Linder's official duties as a state employee include or how his conduct was facilitated by state resources.").

Defendants next summarily argue that "Rule 9(b) requires the plaintiff to state with particularity the circumstances constituting fraud, which means the who, what, when, where, and how of the alleged misconduct" and cite the only case they claim to have found that supports their position, the Eighth Circuit's decision in *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). Opposition, p. 5. But Defendants provide no analysis of the *Crest Const. II, Inc.* decision or how its reasoning applies to Plaintiffs' PSAC and/or the facts of this case. The truth is, Plaintiffs did precisely what Defendants summarily claim they did not do. *See generally* **Exhibit A** to Doc. 114.

In the *Crest Const. II, Inc.* case, the Eighth Circuit affirmed an order for dismissal in a case in which the court found that the plaintiffs proposed complaint and amended complaint suffered from a *laundry list* of fatal errors relating to their RICO claims. *Id.* at 353-358.

First, the plaintiffs in that case did not even attach the dismissed complaint as part of the appellate record. *Id.* at 350, n.3. Second, the Plaintiffs' complaint was initially filed in October 2017, and the plaintiffs had obtained 3 amendments and new deadlines for amending that complaint, including the final deadline pursuant to which the district court "amended with the admonition that absent extraordinary circumstances no further

amendments or extensions would be granted." *Id.* at 359. Third, the plaintiffs ignored the final deadline of March 12, 2010 (*~2.5 years* after the initial complaint's filing), and after plaintiffs failed to file an amended complaint, the defendants in that case filed their motion to dismiss on June 10, 2010 arguing that the Complaint should be dismissed for failing to appropriately state a claim for relief. *Id.* at 352.

The *Crest Const. II, Inc.* court found that "Plaintiffs' RICO claim is fatally flawed because it does not state a pattern of racketeering." *Id.* at 355 (citation omitted). In contrast to the vague allegations at issue in *Crest Const. II, Inc.*, the PSAC in this matter provides ***extremely detailed*** factual allegations regarding the pattern of racketeering utilized in the St. Louis Family County Court. *See* **Exhibit A** to Doc. 114 (Proposed Second Amended Complaint):

- Using an "orchestrated playbook" and placing children in custody of abusers to increase fees. *Id.* at ¶118;

- Improper transfer of family law matters to specific judges that are RICO members. *Id* at ¶134(2);

- Stalking by vehicle, following and harassment tied to a specific private investigative agency. *Id* at ¶119(a)-(b);

- Illegal access to cellular phones, laptops and tablets (i.e., wiretapping). *Id.* at ¶119(e);

- Confrontation of victims. *Id.* at ¶119(f);

- Improper judgment collection practices including inflated dollar amounts, lack of notice to the judgment debtors, and garnishments filed in improper jurisdictions. *Id.* at ¶120;

- Use of Adult Conservatorship and Guardians Ad Litem to "improperly seize and sell the individual's personal assets to generate illegal proceeds for the RICO enterprise and its members. *Id* at ¶121;

- Use of 2 specific money laundering methodologies, refinancing and fake non-profit organizations *Id.* at ¶121;

- Judicial RICO members' denial of proper discovery. *Id.* at ¶197(a);

9

- Improper delay and intentional relocation of depositions such as by Defendant Gillespie. *Id.* at ¶121;

- Intentional delay of litigation. *Id.* at ¶195-96;

- Perjury to assist the RICO enterprise such as the perjury committed by Defendant Thomas. *Id.* at ¶¶149 and 193:

- The use of improper ex parte judicial communications.  *Id.* at ¶¶197-201.

- Intentionally false statements by counsel of record such as Defendant Brodie. *Id.* at ¶246;

- Retaliation towards victims who attempt to expose corruption via removal of custody of their minor children. *Id.* at ¶¶238, 244 and 247;

- Retaliation towards victims such as a malicious Escort Order entered 48 hours after the filing of this RICO litigation.  *Id.* at ¶¶259-65.

- Intentionally false statements and representations by judges and commissioners such as those made by Defendant Hilton from the bench to conceal the existence and operation of the RICO enterprise. *Id.* at ¶¶219-227;

- The intentional disregard of truthful testimony by outside experts in order to place abused children with alleged abuser in order to "buy" ongoing future litigation.  *Id.* at ¶134;

- The intentional and malicious reliance on "bought" expert testimony to create ongoing and future litigation *Id.* at ¶134; and

- The manipulation of deposition, court hearing and court trial transcripts *Id.* at ¶¶137-38.

Additionally, Plaintiffs here have alleged much more than the vague claims at issue in *Crest Const. II, Inc.,* that included "<u>indefinite</u> times, in <u>nondescript</u> ways, and for <u>unidentified</u> purposes, some, but not all Defendants provided On Time Auto with funds or services."  660 F.3d at 356 (emphasis added).

Unlike in *Crest Const. II,* Plaintiffs specifically **allege** and do *not* "**presume**[] rather than detail[] any use of the U.S. mails or electronic wire carrier in perpetrating the alleged scheme." *Compare Id.* at 357 (emphasis added) *with* PSAC ¶168 and ¶190(a)-(i).

10

Moreover, Plaintiffs' PSAC is not "fatally flawed because the complaint fails to adequately specify the predicate acts." *Id.* at 358. Instead, Plaintiffs have detailed the predicate acts at issue with factual allegations and citations to specific RICO predicate acts and governing statutory violations. *See, e.g.,* PSAC at ¶¶ 119(e), 149-58, 168, 190, 285 and 313.

Finally, unlike the court in *Crest Const. II, Inc.,* Plaintiffs' PSAC does not fail from the flaw that "[t]he Complaint does not identify [the who, what, when, where, and how] with respect to a single allegation of mail or wire fraud; in fact the Complaint ***fails to specify a single date with respect to any such allegation***." *Id.* at 358 (emphasis added). Here, Plaintiffs' PSAC includes many dates of and detailed descriptions of the relevant *factual* events. *See, e.g.,* PSAC at ¶¶119(a)(1)(February 9, 16, 17, 20, 21 and 23, 2025); 119(e) (February 23, 2025 and April 26, 2025); 124 (February 3, 2025); 143 (December 2-3, 2024); 148 (June 10, 2024); 150 March 10, 2024); 152 (March 11, 2024, **at 10:22 a.m.**); 155 and 164 (March 12, 2024); 166 (March 19, 2024); 167 (April 29, 2024); 171 (May 21, 2024, **at 10:42:50 a.m.**); 175 (June 7, 2024); 181 and 188 (June 10, 2024); and 190 (December 16, 2024, June 13, 2024, December 16, 2024, June 12, 2024, July 17, 2024, November 6, 2024 – **Gillespie,** November 26, 2024, December 17, 2024, March 26, 2025, August 25, 2025, December 5, 2024).

Defendants' claim that Plaintiffs' PSAC lacks sufficient factual detail is unsupported and contrary to the text of Plaintiffs' allegations.

## CONCLUSION

Because Defendants have failed demonstrate futility, and because the PSAC pleads detailed, date-specific facts establishing plausible RICO and related claims – leave to amend should be granted and Defendants should be ordered to file an Answer within 14 days of this Court's Order of the same.

Respectfully submitted,

_____/s/Matthew R. Grant_____
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street
Suite 110, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
Email: mattgrant.stl@gmail.com

***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2026, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

_/s/ Matthew R. Grant_____