UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW R. GRANT, et al,                )
                                         )
            *Plaintiffs,*                )
                                         )
vs.                                      )
                                         )
BRUCE F. HILTON, et al.,                 )        Case No.  25-CV-1203-JMD
                                         )
            *Defendants.*                )

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Maia Brodie, John Fenley and RHF ("Defendants") argue that despite the plethora of detailed facts in Plaintiffs' Proposed Second Amended Complaint (**Exhibit A** to Doc. 114) ("PSAC"), they state: "in reality the Second Amended Complaint does nothing but add more conclusory allegations that do not pass muster."  Doc. 117, p. 2 ("Opposition").

Defendants' futility argument fails for three independent reasons:  1) they identify no specific allegation that is conclusory; 2) the PSAC pleads detailed, fact-specific predicate acts *far exceeding* the requirements of Rule 8 and Rule 9(b); and 3) binding Eighth Circuit precedent makes clear that disputes over inference and intent are not grounds for denial of leave to amend.

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009)……………………………………………....5-6

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007)…………………………………….6-7

*Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003)……………………….3

*McCaffree Fin. Corp. v. Principal Life Ins. Co.,*
811 F.3d 998, 1002 (8th Cir. 2016)………………………………………………………3

*McDonough v. Anoka Cty.,* 799 F.3d 931 (8th Cir. 2015)……………………………………5

*Neitzke* v. *Williams*, 490 U.S. 319, 327 (1989)………………………………………………7

*Scheuer* v. *Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)………………7

*Watson Carpet & Floor Covering, Inc.,* 648 F.3d 452 (6th Cir. 2011)……………………….5

*Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)…………………………………………3

## A. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT EASILY SURPASSES A RULE 12(b)(6) REVIEW.

Leave to Amend should only be denied when "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.'" *McCaffree Fin. Corp. v. Principal Life Ins. Co.,* 811 F.3d 998, 1002 (8th Cir. 2016) (citations omitted).

"A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citation omitted).

More directly, the Eighth Circuit has cautioned: "We have said, 'as a practical matter, dismissal under Rule 12(b)(6) is likely to be granted *only in the unusual case* in which a plaintiff includes allegations that show on the face of the complaint that there is some *insuperable bar to relief*.'" *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003) (reversing Order dismissing complaint based upon incorrect finding that the claimant did not plead causation) (citation omitted) (emphasis added).

The entirety of Defendants' argument regarding the Proposed Second Amended Complaint (**Exhibit A** to Doc. 114) ("PSAC") is that "the additions simply repackage legal conclusions and formulaic recitations of the elements of the asserted claims." Opposition, p. 5.

Defendants' argument is facially defective. Defendants cite several but not all of the relevant allegations in the PSAC but fail to discuss or analyze *any one of them* individually. *Id.* That failure is no oversight. A review of the actual text of the allegations demonstrates

the extreme level of factual detail provided that far surpasses the requirements of both Rule 9(b) and 12(b)(6).

### B.  DEFENDANTS FAIL TO IDENTIFY ANY DEFICIENT ALLEGATIONS.

The most telling implicit admission that Defendants' argument is baseless is their utter failure to cite and discuss how any of the factual allegations are "conclusory." Opposition, pp. 2-5.

Most telling, Defendants list allegations that are detailed and factual and then make the blanket argument that they are "simply repackage legal conclusions and formulaic recitations of the elements of the asserted claims."  Opposition, p. 5.  An objective review of Plaintiffs' extensive allegations reveals that they are far from conclusory and are nowhere close to "formulaic recitations of the elements of the asserted causes of action."  *Id.; see also* Proposed Second Amended Complaint ("PSAC").

### C.  PLAINTIFFS PROPOSED SECOND AMENDED COMPLAINT CONTAINS A PLETHORA OF FACTUAL ALLEGATIONS.

There is no reasonable dispute that Plaintiffs' PSAC does, in fact, include a litany of factual allegations.

For example, Defendants quote Plaintiff's allegations that:

> On June 2, 2025, in a phone call Defendant Fenley extort Plaintiff Grant via coercion.
>
> Defendant Fenley, in bad faith and with actual malice, refused to provide Plaintiff Grant additional custody of the minor children, but he offered a *quid pro quo* and offered to trade Plaintiff Grant custody of his children in exchange for Plaintiff Grant's agreement to disavow and abandon his truthful claims of criminal corruption and criminal conduct in the state court case.

Opposition p. 4 (citing PSAC ¶253-54).

Then, Defendants move on and avoid explaining how the quoted allegations, or any others, are conclusory.

The allegations quoted by Defendants provide precisely the who, what, when and where that the rules require. Defendants fail to cite a single example of necessary factual details that are missing.

In *Watson Carpet & Floor Covering, Inc.,* 648 F.3d 452 (6th Cir. 2011), cited by the Eighth Circuit in *McDonough v. Anoka Cty.,* 799 F.3d 931 (8th Cir. 2015), the Court of Appeals was faced with allegations the defendant claimed were mere conclusions. 648 F.3d 452, 458. In that decision, the court rejected the defendants' unsupported description of the allegations as conclusory and aptly noted:

> The defendants argue that the phrase "[p]ursuant to and in furtherance of the conspiracy" is a legal conclusion, which this court "need not accept as true," *In re Travel Agent*, 583 F.3d at 903. Similarly, the district court determined that Watson Carpet did not "point to any actual facts that support th[e] conclusory assertion" that the refusals to sell were pursuant to the 1998 conspiracy. R. 35 (Dist. Ct. Op. #1 at 11). ***There was, however, nothing more for Watson Carpet to plead.*** It articulated in detail the facts of the 1998 agreement. That the actions were taken *pursuant* to the plan is evident from the fact that the actions were the same ones contemplated as part of the plan. The agreement called for Mohawk to refuse to sell carpet, which is exactly what Mohawk allegedly did.

> *Id.* at 458 (emphasis added).

The same reasoning applies to Defendants' unsupported argument. First, Defendants have claimed that Plaintiffs have exceeded the limits of Rule 8(a) with its detailed allegations relating to the RICO enterprise at issue in this matter, but at the same time they argue that Plaintiffs did nothing but "repackage conclusions and formulaic recitation of the elements." Opposition, p. 5. Second, Defendants' description of Plaintiffs' factually detailed allegations is belied by their text.

Defendants not only fail to analyze a single allegation that is purportedly "conclusory," they fail to discuss a single case in any detail and explain why it supports their position that Plaintiffs' PSAC is futile and would not survive a Rule 12(b)(6) Motion to Dismiss.

**D. PLAINTIFFS' ALLEGATIONS SURPASS THE MINIMAL REQUIREMENTS OF *IQBAL* AND *TWOMBLY*.**

Defendants quote *Ashcroft v. Iqbal* for the unremarkable statement that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," but they fail to engage in the critical next step and demonstrate how any of Plaintiffs' allegations, much less all of them, are either "threadbare recitals of elements" or "mere conclusory statements." Opposition, p. 5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

In *Iqbal*, the United States Supreme Court addressed broad allegations by a Muslim citizen of Pakistan following the September 11th attacks. *Id.* at 666. The court addressed the plaintiff's conclusory allegations relating to his constitutional violation claims arising from his federal detention as a suspected terrorist and it addressed: "Did respondent, as the plaintiff in the District Court, plead factual matter that, if taken as true, states a claim that petitioners deprived him of his clearly established constitutional rights." *Id.*

The *Iqbal* court enforced the requirement of factual allegations relating to the administration superiors at issue and it rejected the plaintiff's claim that "under a theory of 'supervisory liability,' petitioners can be liable for 'knowledge and acquiescence in their subordinates' use of discriminatory criteria to make classification decisions among detainees.'" *Iqbal* at 677. The *Iqbal* case involved allegations that were speculation and conclusions, as opposed to the detailed factual allegations at issue in this case.

The *Iqbal* court explained that its earlier decision in *Twombly* was based upon its consideration of allegations of parallel business behavior that was alleged, without any facts, to equate to antitrust behavior. *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007).

Importantly, in *Twombly*, the Supreme Court reaffirmed that "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"

6

and that "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 566 (quoting and discussing *Neitzke* v. *Williams*, 490 U.S. 319, 327 (1989) and *Scheuer* v. *Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

The *Iqbal* court noted that *Twombly* was unique, in that, it addressed speculative allegations that were suggested to create an antitrust cause of action and that alleged conduct at issue was "more likely explained by, lawful, unchoreographed free-market behavior." *Id.* at 680 (citing *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007)).

Specifically, the *Twombly* court recognized that "plaintiffs rest their § 1 [antitrust] claim on descriptions of parallel conduct and ***not on any independent allegation*** of actual agreement among the ILECs." 550 U.S. at 564 (emphasis added).

Here, this Court is not faced with an antitrust claim, a case involving terrorists or a case that lacks a mountain of "**independent allegations**." *Id.* Instead, the PSAC in this matter details a long-standing RICO enterprise and details, often by specific date, times and sometimes down to the specific second, the acts of the defendants that participated in the RICO conduct at issue. *See, e.g.,* PSAC at ¶171 (email sent on May 21, 2024, at 10:42:50 a.m.), ¶190 (Brodie's June 12, 2024, July 17, 2024, November 26, 2024, December 17, 2024, March 27, 2025, and August 25, 2025, filings via wire), and ¶330 (Fenley's June 2, 2025, phone call via wire and extortion by coercion).

Unlike in *Twombly*, the Court in this matter need not struggle with whether or not Plaintiffs allege actionable misconduct because those specific factual allegations abound. *Id.*

Further, this Court is not faced with a situation where "the plaintiffs here have not nudged their claims across the line from conceivable to plausible." *Id.* at 569.

Nowhere do these Defendants or the others argue that Plaintiffs' allegations are not plausible. They are not only plausible, but they are also supported by evidence within the

allegations, and they are more than probable.  Instead of addressing the actual text of the allegations, Defendants skirt the issue by slinging around the term "conclusion" at every opportunity.  There is *no dispute* that Plaintiffs *factually* allege RICO misconduct and those allegations must be taken as true.

## CONCLUSION

Because Defendants have failed demonstrate futility, and because the PSAC pleads detailed, date-specific facts establishing plausible RICO and related claims – leave to amend should be granted and Defendants should be ordered to file an Answer within 14 days of this Court's Order of the same.

Respectfully submitted,

_____/s/Matthew R. Grant_____
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street
Suite 110, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
Email:  mattgrant.stl@gmail.com

***Pro Se* Plaintiff and counsel for Co-Plaintiff Stop Missouri Corruption, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2026, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

/s/ Matthew R. Grant_____