UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Case No. 4:25-CV-1203-JMD

MATTHEW R. GRANT, et al.,
Plaintiffs,

v.

BRUCE F. HILTON, et al.,
Defendants.

---

## MOTION TO INTERVENE BY SHANE MICHAEL BACKES
### (FED. R. CIV. P. 24)

---

**Comes now Proposed Intervenor, Shane Michael Backes,** *pro se,* and pursuant to Rule 24 of the Federal Rules of Civil Procedure, respectfully moves to intervene as a Plaintiff, and states as follows:

## I. INTRODUCTION

This action alleges a coordinated enterprise involving judicial officers, attorneys, and related actors engaged in systemic misconduct within Missouri family courts, including violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Proposed Intervenor is a direct victim of the same enterprise and pattern of conduct alleged by Plaintiffs.

Specifically, Intervenor has been subjected to:

- obstruction of court records and transcripts;

- interference with appellate review;

Page 1 of 4

- persistent refusal to rule on properly filed motions, including a motion for nunc pro tunc relief affecting substantial financial obligations;

- misuse of state access and authority by individuals acting under color of law and in concert with private actors;

- threats, intimidation, and the use or threat of false criminal allegations to deter resistance and suppress legal claims.

Intervenor does not seek review, reversal, or modification of any state court judgment. Instead, Intervenor seeks redress for independent constitutional injuries arising from the same enterprise conduct at issue in this case.

## II. INTERVENTION OF RIGHT (Rule 24(a)(2))

Intervention is warranted as of right.

### A. Protectable Interest

Intervenor has a direct, substantial, and legally protectable interest as a victim of the same RICO enterprise and constitutional violations alleged in this action.

### B. Impairment

Disposition of this action may impair or impede Intervenor's ability to protect his interests, particularly where:

- the conduct is ongoing;

- the enterprise structure and participants are at issue;

- findings in this case may affect Intervenor's ability to obtain relief.

### C. Inadequate Representation

Existing Plaintiffs do not adequately represent Intervenor's distinct injuries, including:

- refusal to rule on a properly filed nunc pro tunc motion;

- denial of meaningful access to appellate review;

- interference with judicial records specific to Intervenor;

- coercive conduct, including threats and false allegations directed at Intervenor.

See *Trbovich v. United Mine Workers,* 404 U.S. 528 (1972).

## III. PERMISSIVE INTERVENTION (Rule 24(b))

Alternatively, intervention is appropriate because Intervenor's claims share common questions of law and fact, including:

- existence of a RICO enterprise;

- pattern of obstruction, delay, and manipulation of judicial processes;

- deprivation of constitutional rights under color of law.

Intervenor's claims arise from the same enterprise and involve overlapping actors, mechanisms, and misconduct.

## IV. NO UNDUE DELAY OR PREJUDICE

Intervention will not unduly delay or prejudice adjudication of the original parties' rights. Instead, it will promote judicial economy by resolving related claims arising from the same enterprise in a single proceeding.

## V. ATTACHED PLEADING

Pursuant to Rule 24(c), Intervenor attaches a proposed Intervenor Complaint.

## VI. CONCLUSION

**WHEREFORE,** Proposed Intervenor respectfully requests that this Court grant leave to intervene.

Respectfully submitted,

Shane Michael Backes
1016 Mansford Lane
Evans, GA 30809
(573) 694-6622
Pro Se
shanebackes@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have sent by commercial carrier this 9th day of April, 2026 a true and correct copy of the foregoing to the Clerk of Court for the Eastern District of Missouri who will scan in this motion to intervene into the ECF/PACER system and this document will be served upon Counsel for all parties.

Shane Michael Backes