**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**Case No. 4:25-CV-1203-JMD**

**MATTHEW R. GRANT, et al.,**
**Plaintiffs,**

**v.**

**BRUCE F. HILTON, et al.,**
**Defendants.**

---

**PROPOSED INTERVENOR COMPLAINT**

---

**I. NATURE OF THE ACTION**

This action arises from independent constitutional violations inflicted upon Intervenor through coordinated conduct by state-affiliated actors and private participants.

These acts include:

- obstruction of access to courts;

- interference with judicial records, transcripts, and filings;

- refusal to adjudicate properly filed motions;

- manipulation of court processes to prevent appellate review;

- threats, intimidation, and the use or threat of false criminal allegations to deter resistance and suppress legal claims.

These acts are collateral to and independent of any state-court judgment.

Intervenor does not seek appellate review of any state court decision, but instead challenges independent constitutional violations arising from extrinsic conduct that corrupted the judicial process.

## II. RELATION TO EXISTING RICO ENTERPRISE

Intervenor expressly incorporates and adopts the allegations of Plaintiffs regarding the existence of a coordinated RICO enterprise operating within the Missouri family court system.

**Intervenor alleges:**

1. The conduct described herein is part of the same enterprise, pattern, and scheme alleged by Plaintiffs;

2. The mechanisms of misconduct—including obstruction of court processes, manipulation of records, delay of rulings, and interference with appellate rights—are identical in nature to those described in the operative Complaint;

3. Intervenor is an additional victim of that same enterprise;

4. The conduct directed at Intervenor occurred within the same Missouri family court system and through the same mechanisms of judicial process manipulation alleged by Plaintiffs;

5. The acts directed at Intervenor are not isolated, but part of a broader coordinated pattern affecting multiple litigants.

## III. PARTIES

Intervenor
Shane Michael Backes

Defendant — Christine Renee Wojtasik

Defendant — Sara Michael, Carver and Michael, LLC

Defendants, together with those named in the underlying action, constitute an association-in-fact enterprise engaged in a coordinated pattern of obstruction, intimidation, and concealment.

## IV. FACTUAL ALLEGATIONS

1. Intervenor filed a motion for nunc pro tunc relief based on a documented reduction in income.

2. The motion affects substantial financial obligations and legal rights.

3. Despite proper filing and repeated efforts, the motion has not been adjudicated.

4. The refusal to rule:
   - prevents appellate review;
   - causes ongoing financial harm;
   - deprives Intervenor of meaningful access to the courts.

5. Defendant Wojtasik, acting under color of state law, had and used access to restricted judicial systems.

6. Upon information and belief, she used that access to:
   - interfere with judicial records;
   - affect availability of transcripts and filings;
   - disrupt judicial processes.

7. Defendant Michael acted jointly with state actors and participated in:
   - obstruction of judicial processes;
   - delay and non-resolution of matters;
   - interference with appellate rights.

- These actions constitute adverse actions taken under color of law that would deter a person of ordinary firmness from engaging in protected First Amendment activity and did in fact chill reporting, inquiry, and protected expression.

8. As part of this pattern, Defendants and associated actors engaged in coercive conduct, including:

- threats directed at Intervenor and others;

- use or threat of false criminal allegations;

- intimidation designed to suppress legal claims.

9. These acts are part of the same enterprise alleged by Plaintiffs.

10. As part of the enterprise's pattern of conduct, Defendants and associated actors have engaged in interference with public reporting, media exposure, and protected speech concerning the misconduct alleged herein.

11. Upon information and belief, such conduct includes efforts to suppress, discourage, or intimidate individuals and media sources from reporting on or exposing the enterprise's activities.

12. This interference with public dissemination of information further operates to conceal the enterprise, prevent accountability, and deter victims from asserting their legal rights. The foregoing conduct reflects a coordinated pattern of obstruction, intimidation, and concealment consistent with the enterprise alleged by Plaintiffs.

13. This depravation was not incidental, but part of a coordinated pattern designed to deny meaningful judicial review.

## V. COUNT I — 42 U.S.C. § 1983

Defendants, acting under color of law and in joint participation;

**Deprived Intervenor of:**

- access to courts;

- the ability to seek redress and communicate grievances through protected speech;

## VI. COUNT II — RICO

Defendants, together with those named in the underlying action, constitute an enterprise engaged in a pattern of:

- obstruction of justice;

- witness intimidation;

- manipulation of judicial processes;

- suppression of reporting and intimidation of individuals seeking to expose the enterprise.

## VII. COUNT III — CIVIL CONSPIRACY

**Defendants acted in concert to:**

- obstruct judicial proceedings;

- interfere with access to courts;

- deprive Intervenor of constitutional rights.

## VIII. COUNT IV — FIRST AMENDMENT RETALIATION
(42 U.S.C. § 1983)

1. Intervenor incorporates all preceding paragraphs as if fully set forth herein.

2. The First Amendment protects the right to speak, report, publish, and expose matters of public concern, including alleged governmental misconduct.

3. The conduct at issue in this case involves matters of significant public concern, including alleged corruption, obstruction of judicial processes, and misuse of governmental authority.

4. As part of the enterprise's pattern of conduct, Defendants and associated actors have engaged in actions designed to suppress, deter, or retaliate against individuals and entities who report on or expose such misconduct.

5. Such conduct includes, but is not limited to:

   a. public statements by government officials responding to media reporting in a manner designed to undermine credibility and discourage further reporting;

   b. characterizing lawful attempts to obtain public records or information as improper or as attempts to circumvent established procedures;

   c. framing criticism and reporting as "sensationalism" or misconduct in order to discredit and deter further exposure;

   d. using official authority and public platforms to signal potential consequences for continued reporting or inquiry.

6. By way of example, a public statement issued by the Cole County Sheriff in response to media reporting asserted that the reporter attempted to "circumvent" lawful processes and raised concerns about "sensationalism," thereby publicly discrediting and discouraging further reporting.

7. These actions constitute adverse actions taken under color of law that would deter a person of ordinary firmness from engaging in protected First Amendment activity.

8. The actions described were motivated, at least in part, by a desire to suppress exposure of the enterprise and to deter further reporting, investigation, and public scrutiny.

9. Such retaliation has the effect of chilling protected speech, discouraging media inquiry, and preventing victims from bringing forward information regarding the enterprise's conduct.

10. As a direct and proximate result, Intervenor has suffered injury, including interference with the ability to communicate grievances, seek redress, and participate in protected expression concerning the matters at issue.

WHEREFORE, Intervenor respectfully requests relief as set forth above.

## IX. RELIEF REQUESTED

**Intervenor requests:**

1. Declaratory relief;

2. Compensatory damages;

3. Punitive damages;

4. Injunctive relief preventing further interference with access to courts and judicial processes;

5. Any further relief deemed appropriate.

## X. JURY DEMAND

Intervenor demands trial by jury.

Respectfully submitted,

Shane Michael Backes
1016 Mansford Lane
Evans, GA 30809
(573) 694-6622
Pro Se
shanebackes@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have sent by commercial carrier this 9th day of April, 2026 a true and correct copy of the foregoing to the Clerk of Court for the Eastern District of Missouri who will scan in this motion to intervene into the ECF/PACER system and this document will be served upon Counsel for all parties.

Shane Michael Backes