**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

MATTHEW R. GRANT,

    *Plaintiff,*

v.

BRUCE F. HILTON, et al.,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 4:25-CV-01203-JMD

## ORDER

After the Court informed Matthew Grant that his sprawling, 170-page RICO complaint was deficient, Grant filed a new, shorter complaint and separately asserted that the federal district court judge randomly assigned to his case is biased and must recuse. ECF 90 at 5. He moves for recusal under 28 U.S.C. §§ 144 and 455 and requests that this case be reassigned to a judge "nominated by a President from the Democrat Party." *Id.* at 17. Because Grant's attached affidavit is legally insufficient to trigger § 144, and because the Court concludes recusal would be unwarranted under § 455, Grant's motion is denied.

### Background

Grant initially filed a 170-page RICO complaint, suing more than 100 defendants, including a sitting state court judge, the mother of his children, and the State of Missouri. ECF 2. The Court *sua sponte* issued an order explaining that the complaint was plainly deficient many times over. ECF 22. For example, the complaint included 48 pages of unnumbered paragraphs (contrary to Federal Rules of Civil Procedure 8 and 10(b)), it provided no apparent theory for why sovereign immunity did not apply, and it asked the

1

Court to forcibly expel state court judges from office without providing any explanation for how this Court would have authority to issue such an extraordinary order. ECF 2 ¶ 133. The Court also noted that Grant appeared to have filed his sprawling complaint in response to judicial decisions that he disliked that were part of a custody dispute. That raised the concern that Grant may have filed a deficient complaint for vindictive, improper purposes simply to draw more than 100 defendants into meritless litigation.

After the Court ordered Grant to show cause why he should not be sanctioned, Grant withdrew his initial complaint and submitted an 81–page amended complaint with a total of 515 paragraphs. ECF 29, 35. Months later, he filed this motion to disqualify the presiding judge and attached an affidavit asserting "proof and objective evidence of public corruption that has persisted in the St. Louis Family Court of the 21st Circuit Court for the State of Missouri." ECF 89-1 ¶ 1. He asserts that criminally prosecuting these allegations is part of the Missouri Attorney General Office's tasks, and that the presiding judge was previously employed in that office. ECF 89-1. He further asserts a belief that discovery would implicate the presiding judge's former coworkers, that the presiding judge has actual and constructive knowledge of the office and the judicial nomination process, and that the presiding judge had personal interactions with individuals Grant intends to prove were involved in the alleged corruption. *Id.* On its merits, Grant's motion fails.

## Analysis

Grant seeks recusal under §§ 144 and 455. Section 144 requires a federal court to reassign a case "[w]henever a party to any proceeding in a district court makes and files a *timely and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" (emphasis

2

added).  A timely and sufficient affidavit is indispensable to a motion under § 144.  "When an affidavit does not meet the requirements imposed by law, the judge *should not* disqualify himself."  *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984) (emphasis added).  The analysis under § 455 is similar.  "As grounds for disqualification set out in the statutes are quite similar, both may be considered together."  *Id.*  Neither statute requires—or even permits—recusal here.

Grant's affidavit is legally insufficient.  "To be legally sufficient, an affidavit must allege bias or prejudice, and such bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  *Id.* at 1211 (cleaned up) (citing *United States. v. Grinnell Corp.*, 384 U.S. 563 (1966)).  In his affidavit, Grant presses two alleged sources of bias: the presiding judge's previous order in this case, and the presiding judge's previous employment within the Office of the Missouri Attorney General.  Neither is legally "sufficient to demonstrate personal prejudice bias, or an inability to be impartial."  *Id.*

First, the presiding judge's show-cause order dated September 3, 2025, does not "stem from an extrajudicial source," so it is not the proper target of a recusal motion.  *Id.*  To the contrary, it is a judicial opinion issued in the course of judicial duties.  Grant's dislike of that order is no ground for recusal.

Second, no reasonable person could conclude that the presiding judge's previous employment in the Office of the Missouri Attorney General creates any bias or need to recuse in this case.  28 U.S.C § 144.  Earlier government employment does not create bias or require recusal when the presiding judge never "participated as counsel, [or] adviser . . . or expressed an opinion concerning the merits of the particular case in controversy" as part of his earlier

3

employment. § 455(b)(3). Grant faults the Attorney General for allegedly failing to investigate his assertions of local corruption. But the presiding judge has no knowledge of the facts underlying the allegations of the case, never participated in this case, and has no personal relationship with any party, so his impartiality cannot "reasonably be questioned." § 455(a). Grant's conclusory allegations are legally insufficient.

Grant further asserts that he intends to call employees of the Missouri Attorney General's Office as fact witnesses, so "Judge Divine will likely be called upon to rule on anticipated Motions to Quash and/or for Protective Orders." ECF 90 at 11. That too is no basis for recusal. Indeed, the incentives created by Grant's argument are perverse. If a litigant is entitled to a judge's recusal any time a former coworker of a judge is called to the stand, litigants could call those witnesses whenever they desire a different judge. That is not the standard. "A judge is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality." *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1399 (8th Cir. 1983). A reasonable, uninvolved observer could not automatically assume that a judge is biased merely because the judge happened to previously work in the same large, governmental organization as a witness. A "reasonable person, knowing all the circumstances, would [not] expect that the judge would have actual knowledge" of the allegations simply because of previous employment at the same large organization. *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 860–61 (1988) (citation omitted). In a reply brief, Grant also asserts that a United States senator, who previously employed the presiding judge, might be a fact witness. For the same reasons, the presiding judge's previous employment could not reasonably create an impression of partiality.

Finally, Grant assumes that the presiding judge must be biased because the presiding judge was appointed by a Republican President, and Grant has asserted that some of the defendants in this case are local Republicans.  As a remedy, Grant demands that the Court reassign this case to a "Judge that was nominated by a President from the Democrat Party."  ECF 90 at 17.  But "[t]he recusal statute does not provide a vehicle for parties to shop among judges." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988).  And Grant's argument is self-defeating.  Grant's (incorrect) assumption is that anybody appointed by a Republican will automatically be sympathetic to every local Republican.  But by that logic, anybody appointed by a Democrat would automatically be biased *against* local Republicans.  Both assumptions are false.  The party of the nominating President, by itself, provides no basis to recuse or reassign a case.

### Conclusion

Because judges "should hear and decide matters assigned, unless disqualified," Code of Conduct for United States Judges Canon 3(A)(2) (2019), **IT IS HEREBY ORDERED** that Grant's motion to disqualify the presiding judge, ECF 89, is **DENIED**.  Grant's motion to set aside the district court's prior order/judgment, ECF 107, is **DENIED**.

Dated this 23rd day of April, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

5