UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW R. GRANT, individually, )
as *Next Friend* to C.L.G. and as )
*Next Friend* to C.M.G., and on behalf of )
all others similarly situated, and )
STOP MISSOURI CORRUPTION, LLC, )
d/b/a www.StopMissouriCorruption.com )
)
    Plaintiffs, )
) Case No. 4:25-cv-01203-JMD
v. )
)
BRUCE F. HILTON, et. al., )
)
    Defendants. )

## DEFENDANTS' COMBINED SUGGESTIONS IN SUPPORT OF SANCTIONS

COME NOW, Defendants Maia Brodie, John Fenley, Rienker, Hamilton & Fenley, LLC, Rebecca Copeland, Sarah Grant, and Staci Thomas, by and through undersigned counsel, for their suggestions in support of sanctions against Plaintiff Matthew R. Grant.

### INTRODUCTION

This Court entered an order granting Defendants' Motions to Dismiss on April 23, 2026. In the Order, the Court invited the Defendants to file this brief suggesting Sanctions. The Defendants listed above now file this brief suggesting sanctions and hereby state as follows:

### SUGGESTIONS

This Court possesses inherent authority to impose attorneys' fees as sanctions against parties who abuse the judicial process through bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133 (1991); *see* also *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67, 100 S. Ct. 2455 (1980). Although under Rule 11 a sanction of attorneys' fees is impermissible when the Court imposes

1

sanctions *sua sponte*, the award of attorneys' fees *is* permissible under a court's inherent powers where the sanctioned party has demonstrated bad faith. *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (emphasis added). In *Chambers v. NASCO, Inc.*, the U.S. Supreme Court reasoned that federal courts may invoke their inherent power to assess attorneys' fees against parties that have acted in bad faith, vexatiously, wantonly, or for oppressive reasons. 501 U.S. 32, 45; 111 S. Ct. 2123, 2133 (1991). The Court's inherent authority to award attorneys' fees operates independently of Rule 11 and the Court may invoke that authority even where procedural rules exist that sanction the same conduct. *Id.* Additionally, it is worth noting that a party is entitled to due process prior to the imposition of sanctions, including notice and an opportunity to be heard. *See Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005).

Here, the procedural requirements for imposing inherent authority sanctions have been satisfied. Plaintiff received notice of his specific conduct and that sanctions were being considered in the Court's order, and the Court is allowing the Plaintiff to reply to these suggestions in support. *See* Doc. #130, at17-18. This case falls within the bad faith exception to the general rule governing attorney's fees. The Court in its April 23, 2026, Order found that Grant has litigated in bad faith in numerous areas. *See* Doc. #130, at 16-17. The Court additionally found that this case is motivated by Grant attempting to repackage a custody dispute into a federal RICO case, constituting improper purpose. *See* Doc. #130 pg. 16. Notably, the Court also held that "[t]he effect of Grant's actions has been to impose costs on people who have

2

disagreed with him in other litigation. *See Id.* That is precisely what has occurred here. Defendants have spent significant time and incurred substantial expenses in responding to Plaintiff's 81-page Amended Complaint with extensive motion practice. As such, Defendants respectfully suggest to this Court that the recovery of Defendants' reasonable attorneys' fees is a proper and proportionate sanction given Plaintiff's conduct and the expenses incurred as a result. If the Court were inclined to grant said relief, each Defendant will provide their expended attorneys' fees under separate cover.

WHEREFORE, Defendants respectfully suggest this Court enters an order permitting Defendants to recover reasonable attorneys' fees against Plaintiff and any other relief this Court deems just and proper.

HEPLERBROOM LLC

By:  */s/ Thomas J. Magee*
Thomas J. Magee No. 32871MO
Gabrielle A. Deimeke No. 74624MO
701 Market Street, Suite 1400
St. Louis, MO 63101
314-241-6160
tmagee@heplerbroom.com
gad@heplerbroom.com
*Attorneys for John Fenley, Rienker,*
*Hamilton & Fenley, LLC, and Maia*
*Brodie, individually and d/b/a Brodie*
*Law*

RADEFELD LAW GROUP, LLC

By: /s/ Matthew A. Radefeld
MATTHEW A. RADEFELD (#52288)
7711 Bonhomme Ave, Suite 710
Clayton, Missouri 63105
Telephone: (314) 341-0374
E-mail: matthew@radlaw.org

3

Attorney *for Defendant Staci Thomas,
Rebecca Copeland, and Sarah M. Grant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2026, the foregoing was filed electronically with the Clerk of Court, therefore, to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas J. Magee*