Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

IN THE CIRCUIT COURT OF
ST. LOUIS COUNTY MISSOURI

| | | |
|---|---|---|
| *In Re the Matter of:* | ) | |
| | ) | |
| MATTHEW R. GRANT, | ) | |
| | ) | Case No. 12SL-DR03959-02 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Division 13 |
| | ) | |
| C.M.G. et al, | ) | **SENIOR JUDGE T. LYNN BROWN** |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S VERIFIED
*APPLICATION FOR DISQUALIFICATION* OF JUDGE HILTON FOR
PREJUDICE AND BIAS PURSUANT TO RSMO. § 508.090,
MOTION FOR *RECUSAL* PURSUANT TO MISSOURI CODE OF
JUDICIAL CONDUCT RULE 2-2.11(A) DUE TO THE
APPEARANCE OF IMPROPRIETY,
MOTION FOR LEAVE TO FILE OUT TIME DUE TO EXCUSABLE
NEGLECT, FRAUD, AND CONTINUED VICTIMIZATION,
MOTION TO STAY PROCEEDINGS AND DEADLINES,
AND MOTION FOR TRANSFER TO THE MISSOURI SUPREME
COURT BY APPOINTED SENIOR JUDGE T. LYNN BROWN FOR THE
ASSIGNMENT OF A NON-21ˢᵗ CIRCUIT JUDGE WITHOUT ANY
POTENTIAL CONFLICTS OF INTEREST**

COMES NOW, Petitioner, Matthew R. Grant ("Petitioner"), and respectfully

requests that Judge Hilton either recuse from this matter pursuant to Missouri Code of

Judicial Conduct Rule 2-2.11(A), or, in the alternative, grant Petitioner's Application for

Change of Judge for Prejudice and Bias pursuant to RSMo. § 508.090.

Petitioner asks that, should Judge Hilton not recuse, *Senior Judge T. Lynn Brown*

set a hearing wherein Petitioner can cross-examine Judge Hilton regarding his criminal

conduct.   Petitioner formally requests that *Senior Judge Brown* grant Petitioner's

Application for Disqualification and Motion for Change of Judge for Cause (bias and

1

**Exhibit B**

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

prejudice) pursuant to RSMo. § 508.090.  Further, Petitioner requests a stay of all proceedings and deadlines in this matter, including the August 25, 2025 deadline for the parties' submissions of Proposed Findings of Fact and Conclusions of Law, and requests an additional Order from *Senior Judge Brown* transferring this matter to the Missouri Supreme Court for its assignment of a new trial judge from outside the 21st Circuit and that is an appointee of a Democrat Governor.

Finally, although unnecessary, Petitioner also requests that *Senior Judge T. Lynn Brown,* grant leave for this Application and Motion to be filed Out of Time due the excusable neglect, fraud, and his continued victimization – if such a motion is wrongfully deemed required - and if Judge Hilton elects not to recuse and elects to attempt to controvert the allegations below in a hearing.

**<u>Cessation of Activity and Stay of Proceedings:</u>**

Petitioner again requests, that Presiding Judge Hilton immediately recuse, and if not, follow the ***mandatory*** Missouri Court of Appeals for the Eastern District precedent in *Elnick v. Caracci*, 255 S.W.3d 692 (Mo. App. E.D. 2008) (addressing change of judge for cause pursuant to RSMo. § 508.090.1) ("These minimal procedures are necessary because, in the face of a proper application for a change of judge, the judge lacks jurisdiction to proceed in the action in which his impartiality is questioned.") (citation omitted).

The quotation above was from an earlier decision by the Missouri Court of Appeals in *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 695 (Mo. App. E.D.1990).  That case also provides mandatory guidance consistent with the requests made by Petitioner in this Application and Motion.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

More specifically, the *Goeke* court noted that:

> It is vital to public confidence in the legal system that decisions of the court are not only fair, but also appear fair. Thus, whether the disqualification of a judge hinges on a statute or on a rule, ***we adhere to the liberal construction of that statute or rule in favor of the right to disqualify***.  A liberal construction is necessary if we wish to promote and maintain public confidence in the judicial system.

*Id.* at 695 (emphasis added);

The Court went on to make the key holding applicable here:

> These minimal procedures are necessary because, in the face of a proper application for a change of judge***, the judge lacks jurisdiction to proceed in the action in which his impartiality is questioned***.

*Id.* at 699; *see also Matter of Buford*, 577 S.W.2d 809, 833 (Mo. banc 1979) (addressing Rule 51.05 change of judge as a matter of right).

The *Geoke* court made the final ruling to make its writ of prohibition absolute and it mandated that:

> <u>We prohibit judge from taking any further action in the underlying case</u>, other than to grant wife's motion for disqualification or to proceed in a manner not inconsistent with this opinion.[1]

*Id.* (emphasis added)

As this precedent demonstrates, Judge Hilton can take *no further action in this matter* other than to: 1) recuse, 2) grant Petitioner's RSMo. § 508.090.1 Application, or 3) allow *Senior Judge T. Lynn Brown*, who was appointed by the Missouri Supreme Court to serve as Senior Judge in this matter for "any judicial activity necessary to complete the

---

[1] The court also observed "[c]hallenges for cause, under either the statutes or canon, are rare because of the stringent procedural and substantive requirements for such an application and because of the professional reticence of attorneys to file spurious motions. Spurious motions can be dealt with under Rule 55.03 relating to sanctions." *Id.* at 698, n. 5.  It is quite telling that Petitioner's repeatedly motion practice has never encountered a Motion for Sanctions.  Instead, Judge Hilton has thus far avoided removal from this case due to the technical errors by Petitioner's former counsel as noted herein.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

assignment, **including after-trial proceedings**" to schedule a hearing and make a ruling on this Application, Motions and requests in this filing. *See* March 4, 2025 Missouri Supreme Court Order located on Court Docket (emphasis added).

A review of *Caracci, Goeke* and *Matter of Buford* make it clear that Judge Hilton cannot substantively proceed in any other way.

**Petitioner's Application Has No Time Requirement:**

1. As an initial matter, Petitioner notes that there is no timeliness requirement for an Application for Change of Judge for Prejudice filed pursuant to RSMo. §§ 508.090 and 508.130.

2. The Missouri Supreme Court addressed this issue in *State ex rel. Ferguson v. Corrigan* when it held that with regard to an Application for Change of Judge for Cause filed pursuant to section 508.090:

   > [b]ut sec. 508.130 **does not have any time limit** as to when the motion to disqualify the judge must be filed and **no time limit** for annexing the affidavits.
   >
   > 959 S.W.2d 113, 115 (Mo. banc 1997) (emphasis added).

3. As the *Ferguson* court explained:

   > However, the movant must allege when he obtained the information and knowledge of the existence of the cause for disqualification. Sec. 508.130. The obvious purpose of this provision is to **discourage surprise or undue delay in bringing disqualifying information to the judge's attention**.
   >
   > *Id.* (emphasis added).

4. If there was ever a case in which a judge is *not surprised* to hear for the zillionth time that he is prejudiced and biased, it is this one.

5. As Petitioner has previously made clear, it was Judge Hilton's actions at the hearing

4

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

on February 7, 2025 that made him 100% sure that Judge Hilton was a part of the very Family Court Corruption that he became a victim of and that Judge Hilton falsely promised to assist Petitioner in this case as he and the minor children have "suffered," Petitioner's child support obligations were extreme and that his prior counsel could and should have moved to dissolve all injunctive relief granted to Respondent once Petitioner returned from an out of state rehabilitation facility.

6. Petitioner's January 28, 2025 *Ex Parte* Motion for Temporary Restraining Order confirms the timing and previous uncertainty in Petitioner's mind as he withdrew his prior consent to jurisdiction to Judge Hilton in light of the judge's verbal comments to Petitioner on January 24, 2025:

> a. In light of what has happened, Petitioner ***formally moves and requests*** that his consent to Division 13 **be placed on hold** for the time being.[15]

7. As discussed below, while Petitioner was duped by his former counsel of record yet again, but Judge Hilton's chickens have finally come home to roost.[2]

8. To be sure, Judge Hilton has surely sat back all of these months and observed Petitioner fail over and over again to properly cite and file a technically proper Application for Change of Judge for Cause.

9. It is Petitioner's former counsel of record and their law firms that are the legal and proximate cause of those mistakes.

10. But, Judge Hilton has known that this point in time would come eventually as Petitioner has screamed to the heavens and not delayed in attempting to properly

---

[2] At this point, Petitioner will *not* be surprised to find yet another trap laid by his former counsel of record.  This case proves that it is certainly possible.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

raise this issue over again.

11. Only now, does Petitioner see the *time bomb* that his prior counsel left behind before their departure from this case.

12. As discussed below, there is **no deadline** by which Petitioner must file an Application for Change of Judge for prejudice/bias or a Motion for Recusal as it has been Judge Hilton's responsibility to recuse all on his own.

## Motion for Leave to File Out of Time Regarding Application and RSMo. § 508.130:

1. To the extent any trial or appellate judge would find there is an applicable time limit, Petitioner formally moves for Leave to file this Application and Motion to Recuse Out Of Time.

2. Petitioner has made several *pro se*, procedural attempts to clarify that Judge Hilton can no longer serve as the trial judge in this matter.

3. Just now, Petitioner is ***physically sickened*** to learn that he has been defrauded and victimized yet again, this time by yet another round of malfeasance by at least his former counsel of record, Mat G. Eilerts and Growe, Eisen, Karlen Eilerts, and C. Curran Coulter and Coulter Goldeberger LLC.

4. Indeed, Petitioner has finally solved the *quite difficult puzzle* as to why his Petitions for Writs were denied, and that elusive solution proves the very underlying basis of this Application for Change of Judge for prejudice/bias and Motion for Recusal.

    a. Petitioner has, yet again, been the victim of corruption that plagues the St. Louis County Family Court, and here, Division 13, and that corruption once

6

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

again involved his own former counsel.[3]

5.  With more specificity, while none of the above-referenced counsel and law firms agreed to place their signature blocks on the final Motion(s) to Disqualify directed at Commissioner Greaves, each of the family law lawyers that Petitioner hired in this case specifically provided substantive legal advice, including drafting and legal citations, are the very source of Petitioner's *misplaced* reliance on Rule 51.05 and omission of, and compliance with RSMo. § 508.090 and RSMo. § 508.130.

6.  Petitioner's former counsel did not move to withdraw until <u>December 31, 2025</u> and <u>January 13, 2025</u>, respectively.

> **12/31/2024**
> ☐🔒 <u>**Notice of Hearing Filed**</u>
>     Notice of Hearing; Electronic Filing Certificate of Service.
>       **Filed By:** CON CURRAN COULTER
> ☐🔒 <u>**Motion to Withdraw**</u>
>     Motion to Withdraw; Letter; Electronic Filing Certificate of Service.
>       **Filed By:** CON CURRAN COULTER

---

[3] Contrary to the content of the Entry of Appearance filed by Mr. Coulter and his law firm, and as Petitioner has previously stated, Mr. Coulter provided *broad, general* legal advice in this matter, including the Motion to Disqualify, and the misdirection and encouragement for Petitioner to delay his Motion for Disqualification filing and to affirmatively seek out a ruling by Judge Hilton and not Judge Ott. Petitioner waives no privilege by confirming these facts as all of Mr. Eilerts' and Mr. Coulter's communications, and not Petitioners, are admissible under the reverse application of Missouri's crime-fraud exception. At some point, if necessary, a special master will be the one to review the privileged communications at issue for final ruling by the *next* trial judge. That protocol will surely be needed for the review of all communications between at least Respondent Rebecca A. Copeland and her counsel Maia Brodie.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

**01/13/2025**

☐🔒 **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
**Filed By:** MATHEW G EILERTS

☐🔒 **Motion to Withdraw**
Motion to Withdraw; Exhibit A; Electronic Filing Certificate of Service.
**Filed By:** MATHEW G EILERTS

a.  When the time is appropriate, Petitioner will move to admit additional evidence, including emails and cell phone records, to prove the full extent of direction, omissions and legal advice provided by, *at least* Mr. Eilerts, the Growe Eisen law firm, and Mr. Coulter and the Coulter Goldberger law firm.

b.  Petitioner's apparently fatally flawed Motion to Disqualify Commissioner Greaves relying upon Rule 51.05 and omitting RSMo. § 508.090 *et seq.* was finally filed on December 23, 2024, long before either counsel's Motion to Withdraw was even filed, much less granted:[4]



| 12/23/2024 1:11:32 PM | EF37256269 | | 🔒 12SL-DR03959-02 | MATTHEW R GRANT V C M G ETAL | St Louis County - Circuit Court | Motion to Disqualify Commissioner Greaves for Cause, and for Transfer to the Missouri Supreme Court | RETURNED TO FILER |
| 12/24/2024 2:51:13 PM | EF37267966 | | 🔒 12SL-DR03959-02 | MATTHEW R GRANT V C M G ETAL | St Louis County - Circuit Court | Motion to Disqualify Commissioner Greaves for Cause, and for Transfer to the Missouri Supreme Court | RETURNED TO FILER |

7.  However, Petitioner can prove that he and his former counsel addressed a draft citing Rule 51.05 that was emailed on December 13, 2024.

---

[4] Petitioner only entered his appearance in July 2024 to attempt to save the cost of additional attorneys' fees and handle the deposition of a single fact witness who refused to be examined by Mr. Eilerts himself. Petitioner *never* took over his own representation until after both counsel were granted withdrawal by Order from this Court.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

8. As Petitioner has previously stated, his Motion to Disqualify was intentionally delayed by the Court for formal acceptance, after all corrections, until after January 1, 2025 in order to avoid the jurisdiction and review of former Presiding Judge Ott.[5]

9. Petitioner incorporates by reference his January 30, 2025, Motion To Vacate And Set Aside October 2, 2024, Interim Consent Order And December 20, 2017, Modification Judgment, In Part, And For An Order Requiring Respondent To Pay Unjustly Received Child Support Monies:

> [12] It should be noted that Mr. Eilerts is quite the grifter. He defrauded Petitioner while at the same time making it appear that he was his advocate. Setting aside his lack of any moral character, his routine was quite convincing. Petitioner is no fool, but he was taken to be sure. Clearly, it has been well-rehearsed and used on many others. The lack of knowledge in family law is the primary weakness these crooks exploit with their unsuspecting "clients."

> [13] Hello Mr. Coulter. Don't think for one second that Petitioner has forgotten about you in this instant matter. Petitioner's vengeance for you is waiting in his freezer. Billing $22,000.00+ to handle the deposition of one fact witness and some comments on a Motion to DQ you refused to sign? Tsk Tsk. There are only so many hours in the day that Petitioner can research and draft filings for this case. He will be getting to you soon enough. Oh wait, this Motion will be treated at sealed for the time being so he will have no idea of this reference to him. Yeah, right.

*Id.* at footnotes 12 and 13.

**The Prejudice to the Minor Children Demands That The Application for Change of Judge Be Reviewed Immediately:**

1. The Motion for Leave to File Out of Time, if wrongfully deemed necessary, and this Application should be granted as Plaintiff's failure to act sooner and in the proper format is his ***excusable neglect***, caused by his former counsel, and the result of any action or inaction by the minor children.

2. Petitioner ***emphatically*** notes again that he was represented by ***2 separate law***

---

[5] *See* note 3 *supra*.

9

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

___firms and 3 individual attorneys___ (Mat G. Eilerts, Dzenana Delic and C. Curran Coulter), when the reliance upon Rule 51.05 and omission of RSMo. § 508.090 and RSMo. § 508.130 along with those sections' formal language and formats were ignored. *Compare* December 31, 2024 Motion to Withdraw by C. Currant Coulter and January 9, 2025 by M. Eilerts and the Growe Eisen firm, *with* December 23, 2024 initial filing of Motion to Disqualify Commissioner Greaves that cites only Rule 51.05.

    a.  However, other facts tip the scale if there is any doubt:

        i.  This case and situation is beyond *exceptional.*

        ii.  Only recently did Petitioner go back to square one and reconsider every step done with the assistance with his former counsel.

        iii.  This situation dates back to the bias and *ex parte* judicial communications of Commissioner Greaves with Respondent's counsel Maia Brodie.

        iv.  The allegations of prejudice and corruption present a situation in which the merits of this Application should be heard.

        v.  Missouri Supreme Court appointee *Senior Judge Brown* must be allowed to consider and rule upon the Motion for Leave to File Out of Time based upon ***excusable neglect***, if it is wrongfully deemed necessary, in addition to Plaintiff's prior Motion to Vacate his Order entered *in absentia.*

        vi.  The disposition fact on this issue is that the denial of Plaintiff's

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

Motion for Leave to File Out of Time would *severely prejudice the minor children* in this case.

vii. This is not an ordinary case in which a failure to cite and follow a rule and time requirements might impact *only* the party seeking leave to file out of time.

viii. *Here this case primarily impacts the lives of 14- and 16-year-old young men.*

ix. The minor children in this matter bear *no fault* for any infirmities in the filings by their father and as edited and overseen by *his counsel of record.*

x. Similarly stated, the minor children should not lose their right to *an impartial judge* due to the, at least, legal malpractice by one parent's multiple counsel, or even the actions of one *pro se* parent.

xi. Most importantly, the minor children should have been appointed their *own counsel* long ago, long before trial was even on the horizon.  Their Guardian *Ad Litem* John Fenley has never protected their rights from the very beginning.

xii. Importantly, the children's <u>Due Process rights</u> would further be violated if leave to file out of time is not granted because the Guardian *Ad Litem* in this case, John Fenley, *should have filed his own Application for Change of Judge*, but he did not because he is part of the corruption, bias and prejudice at issue in this

11

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

case.[6]

    xiii.  As the Missouri Supreme Court's *sua sponte* Order reveals, this is truly a once in a lifetime case within the State of Missouri.

    xiv.  The minor children in the case should not lose their right to an impartial judge due to the actions or inactions of others.

**If Even Necessary, Only *Senior Judge Brown* Can Rule On The Motion For Leave To File Out Of Time:**

1. The threshold issue is what judge is empowered to rule on the Motion for Leave to File Out of Time if Judge Hilton somehow conjures up an unsupported procedure to dodge the proper procedure to finally remove him from this case.

2. The answer is quite clear:  Only *Senior Judge T. Lynn Brown* can issue a ruling on the Motion for Leave to File Out of Time, if one is needed.

3. Because an Application for Disqualification of Judge for Prejudice/Bias, asserts that the very trial judge at issue should no longer issue any rulings in the case and must be removed, it is axiomatic that that the same trial judge cannot be one the decide whether or not an otherwise meritorious Application should be allowed to be filed out of time, if the incorrect conclusion is made that a deadline applies.

4. This is the obvious result because in *every single situation*, the judge being alleged to be prejudiced and biased will elect *every single time* to reject any motions for leave to file out of time to avoid a substantive review of their alleged

---

[6] Recall it was John Fenley that provided the proof of Commissioner Greaves' bias and "hate."  As such, Mr. Fenley should have filed at least 2 Applications for Disqualification in this matter to protect the interests of the children in this matter.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

prejudice and bias by a more senior judge.

5. For this reason, only *Senior Judge T. Lynn Brown* can rule on whether or not Plaintiff's Application, that so substantially impacts the minor children in this matter, should be allowed out of time.

6. Again, the Missouri Supreme Court clarified in *State ex rel. Ferguson v. Corrigan* that <u>no such deadline exists</u>. 959 S.W.2d at 115.

**<u>This Application for Disqualification of Judge Hilton for Prejudice and Bias Must Be Granted Immediately:</u>**

1. Even if actual bias needs to be *<u>shown</u>* in this matter, which it need not be due to the appearance of impropriety, the evidence previously presented clearly satisfies that burden as "prejudice" can be found all over the trial court record in this case, including in Petitioner's appellate court filings which Petitioner incorporates by reference as set forth herein.

2. However, the RSMo. § 508.090 does not even require evidence, but rather, an Application *and Affidavit* with proper contents.

3. Here there is no doubt that this filing is "substantively adequate." *Elnicki v. Caracci*, 255 S.W.3d 44, 49 (Mo. App. E.D. 2008).

4. "Substantively adequate" simply means "whether the motion on its face alleges facts that, *if true*, warrant disqualification for cause under Section 508.090.1." *Id.*

5. Here, Judge Hilton does have an option.

6. As the *Elnicki* court explained:

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

then the judge shall be disqualified in accordance with Section 508.140.1, unless the facts alleged in the application are disputed. "If the facts in the application are to be controverted rather than accepted as true for purposes of the motion, a hearing on the record must be held."

*Id.* (citations omitted).

7. Petitioner is right here in St. Louis, Missouri, and not in a foreign country, and he *challenges* Judge Hilton to elect for a hearing so that Petitioner can examine him, under oath, on his criminal conduct. That testimony will be helpful down the road.

8. Plaintiff also confirms:

   a. I have "just cause to believe that [I] cannot [and did not] have a fair trial on account of the cause alleged." *See* RSMo. § 508.130; and

   b. This "application is made in good faith and not to delay trial or to vex or harass the adverse party";[7]

9. Again, Plaintiff also requests leave to file this Application Out of Time, and notes that there is no time after which it is permissible for Judge Hilton to remain the trial judge in this case.

10. Plaintiff is filing contemporaneously herewith and includes in this Application a Notice of Hearing that **this Application will be heard on August 12, 2025, at 1:30 p.m. in Division 13.**

---

[7] Petitioner is aware that Rule 51.06 applies only to Rule 51.05 changes of judge as a matter of right. However, in light of the importance of the issues presented in this Motion, he sees no harm in confirming this statement as truthful also.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

11. Just a few additional examples of actual prejudice and bias are:

    a. Judge Hilton, in bad faith, made intentional and false statements from the bench on January 21, 2025, intended to be relied upon by Petitioner and to cause him to consent to the jurisdiction of this Court, which he regrettably did.

    b. Judge Hilton, in bad faith, instructed his Court Reporter to manipulate the transcript of the January 21, 2025 hearing to omit the enticing and false statements referenced above altogether.

    c. Judge Hilton, in bad faith, stated in open court that the Missouri Court of Appeals would ***intentionally*** delay any appeal of this matter until both children were 18 years old.

        i. This is important.  The statement was not a prediction of timing.  The statement alleged ***intentional misconduct*** by some members of the Missouri Court of Appeals.[8]

    d. Judge Hilton, in bad faith, directed his court personnel to conceal the Missouri Supreme Court's March 4, 2025 *sua sponte* Order from Petitioner and not publish it on the docket in this case until March 27, 2025.

    e. Judge Hilton, in bad faith, and without any basis granted an *ex parte* Motion for TRO filed by Respondent on March 27, 2025 which took all custody and visitation away from Petitioner.

        i. This action by Judge Hilton was retaliation for Petitioner's March 26,

---

[8] Again, this statement of fact may have been a bluff, but it was enough to lead the recusal of two Republican Court of Appeals judges.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

2025 filing of his Petition for Writ in the Court of Appeals.

 f. Judge Hilton threatened, in bad faith, to order that Guardian *Ad Litem* John Fenley's fees be paid **from my children's 529 accounts.**

  i. Judge Hilton is well-aware that such accounts are exempt from any levy or enforcement of judgment under RSMo. § 513.430(13) (citing sections 166.500 to 166.529).

   1. This threat was unconstitutional.

### *Caracci, Geoke,* and *Matter of Buford:*

1. Here, finally, there can be no technical objections to the application of the clear precedent of *Caracci, Geoke,* and *Matter of Buford.*

2. Petitioner is well aware of the situation in which he finds himself.

3. It is the 11th hour and he just discovered the key that would have opened the door to salvation so many months ago.

4. Unfortunately, Senior *Judge T. Lynn Brown*, although appointed *sua sponte* by the Missouri Supreme Court can now seemingly take no action unless Judge Hilton allows him to fulfill the very role to which he was appointed to complete.

5. This case is an illustration of the outright **usurpation of power** by a Circuit Court judge in flagrant disregard of an express Order from the Missouri Supreme Court.

6. Again, Petitioner's failure to use the word "Recusal" in the title of his prior Motions, now corrected, and his misplaced reliance upon the expertise of his prior counsel, **should not impact the minor children's right to Due Process and an impartial judge.**

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

7. For the sake of brevity, Petitioner incorporates by reference his prior February 27th, February 28th and May 16th Motions for Change of Judge as if each and its exhibits were fully set forth herein.  These filings and exhibits thereto provide additional allegations and evidence of bias and prejudice.

**Judge Hilton Must Recuse Pursuant To Code of Judicial Conduct 2-2.11 or Allow _Senior Judge Brown_ to Rule on The Motion To Recuse:**

1. Setting aside the Application for Change of Judge pursuant to RSMo. § 508.090 *et. seq.,* Petitioner has repeatedly cited Rule 2-2.11 and the "appearance of impropriety" to Judge Hilton in his express request for his recusal and removal.

2. At the outset, Petitioner notes that Missouri law is clear:

> This canon has **no requirement for timely filing** of a written motion or the filing of an affidavit. It at least suggests that a judge is required to pass on the merits of a claim of bias and prejudice or other cause for recusal, whenever such claim is brought to the judge's attention, and that addressing such claims cannot be finessed by asserting a procedural defect in the motion.

*State ex rel. Ferguson v. Corrigan*, 959 S.W.2d 113, 115 (Mo. banc 1997) (emphasis added).

3. As noted above and as was relevant in *Corrigan*, here there can be no claim of "surprise" to anyone, particularly Judge Hilton, in this case and there is simply no legitimate argument that Petitioner has waived his right demand an impartial judge.  *Id.* at 115.

4. There is no doubt that *the children* have had no practical chance to demand their right to an impartial judge.

5. Before the trial of this matter, Petitioner clarified any doubt and orally moved for "RECUSAL" of Judge Hilton the morning of the first day of trial before the

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

first witness was called and before any evidence was offered.  *See* Trial Transcript (pending).

6.  In response to the oral motion for recusal, Judge Hilton again stated that he had a lack of "actual" bias and intentionally refused to acknowledge the appearance of impropriety standard of Rule 2-2.11.

7.  Petitioner again reiterates that *actual bias* need **not** be shown for Petitioner's Motion for Recusal to be granted.

8.  Rule of Judicial Conduct 2-2.11 is dispositive in this matter.

9.  Judicial Canon 2-2.11, Recusal states:

> A judge shall recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned…

Canon 2, Rule 2-2.11(A)

10. The Missouri Supreme Court has explained the application of Rule 2.11(A) in *Anderson v. State*, when it held:

> Rule 2-2.11(A) sets the standard for when a judge should recuse in a proceeding. Rule 2-2.11(A) provides that "[a] judge shall recuse himself or herself **in any proceeding in which the judge's impartiality might reasonably be questioned."** This includes situations where "[t]he judge has a personal bias or prejudice concerning a party ... or knowledge of facts that are in dispute...." Rule 2-2.11(A)(1). The rule is not limited to actual prejudice and **also requires recusal when 'a reasonable person would have factual grounds to find an appearance of impropriety and doubt the impartiality of the court.'**

*Anderson v. State*, 402 S.W.3d 86, 91 (Mo. 2013) (citations omitted) (emphasis added).

11. Here, there can be no doubt that a reasonable person would have irrefutable and overwhelming factual grounds to find an appearance of impropriety and

18

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

seriously doubt the impartiality of the court.  *See Anderson* at 91.

12. *Every reasonable Missourian* would be utterly floored to learn that Judge Hilton has not recused, particularly after the cross-examination of Petitioner at trial.

13. Starting with the most recent factual events, Petitioner was cross-examined at trial by both Respondent's counsel Maia Brodie and Guardian *Ad Litem* John Fenley, and he was <u>*asked to apologize to the Court*</u> and all others in the courtroom for his allegations of criminal activity and corruption.  *See* Trial Transcript.[9]

14. The very idea that Petitioner was put in the *untenable* position to provide truthful testimony and affirm, once again, that the corruption he has alleged is real, before the very corrupt judge that will determine the outcome of custody and child support in this matter is simply incredible and unconstitutional.

    a.  To the extent there was any legitimate doubt in Judge Hilton's mind as to recusal, the trial cross-examination presented new evidence that was overwhelming on the clear appearance of impropriety.[10]

15. More importantly, the entire scenario in this case, including the trial cross-examination, was a violation of Petitioner's procedural and substantive Due Process Rights under the Missouri Constitution and the United States

---

[9] The ~567 page trial transcript was just received by Petitioner at 1:29 p.m. as he was finalizing this Application and Motion.  Petitioner will review that transcript and provide supporting citations and quotations via supplementation assuming the transcript is accurate.

[10] Petitioner does not concede that Judge Hilton had any good-faith basis to refuse to recuse much sooner. Quite the opposition is objectively true.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

Constitution. Mo. Const. art. 1 § 10 ("That no person shall be deprived of life, liberty or property without due process of law"); U.S. Const. amend. V ("No person shall be … deprived of life, liberty, or property without due process of law") and U.S. Const. amend. XIV, § 1 ("… nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.").

16. There can be no doubt that the trial cross-examination alone requires Judge Hilton to recuse in this matter.

17. This is the very reason why Petitioner moved to recuse before trial began, although it remains to be seen if that oral motion will be reflected on the transcript.[11]

18. No reasonable Missourian would believe it is proper for a trial judge that has been accused of corruption to remain as the trial judge on the case and determine the custody and child support rights and obligations of the accuser.

19. From a policy perspective, there is *objective* evidence that Petitioner's allegations are based on *more than* objective good-faith and are not a scheme to simply avoid a trial judge that he prefers not to have assigned to his case.

20. Indeed, that is hardly the situation here.

21. Petitioner has been open about the fact that he has repeatedly reported Judge Hilton

---

[11] Petitioner requested the 8-hour trial transcript on July 1, 2025 and it still has not been delivered despite pre-payment of $2,500 on July 11, 2025. If Petitioner's worst fears are true, Judge Hilton has directed another manipulation of another transcript in this matter. Hopefully, the court reporter at issue will refuse to cooperate in the ongoing criminal activity.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

to the United States Department of Justice (DOJ) for his actions in this case.

22. Petitioner has also made it clear that he has reported Judge Hilton to Missouri's Commission on Retirement, Removal and Discipline.[12]

23. As this Court is aware, Petitioner has filed a total of four (4) Writ Petitions during this case to date, 2 Petitions with the Missouri Court of Appeals for the Eastern District of Missouri, and 2 Petitions with the Missouri Supreme Court.

24. Petitioner's allegations are so overwhelmingly in "good faith" that the Missouri Supreme Court entered a March 4, 2025, *sua sponte* Order assigning Senior Judge T. Lynn Brown to this case:

---

[12] Petitioner notes that he received a July 31, 2025 letter from the Commission on Retirement, Removal and Discipline indicating that an investigation into Judge Hilton has *finally* been opened. Petitioner submitted his complaint, a copy of his Petition for Writ filed with the Court of Appeals and his May 17, 2025, Motion for Change of Judge, including the full Missouri Supreme Court *sua sponte* Order back on May 31, 2025. Recall, that Commission *summarily rejected* Petitioner's submissions by email dated June 2, 2025. There are several scenarios that would explain the change in course. While Petitioner deems the letter a CYA maneuver, he also notes the fact that Judge Torbitsky is, as of August 1, 2025, now the Chief Judge of the Missouri Court of Appeals for the Eastern District of Missouri. If relevant, the Commission's website does not reflect any change to the one member of the Court of Appeals that serves on it at this point in time. https://www.courts.mo.gov/page.jsp?id=230

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

*See* Court Docket.

25. Neither Judge Hilton nor Senior Judge T. Lynn Brown need read the tea leaves on what the Missouri Supreme Court's Order reflects.

26. The undisputed fact is that the Missouri Supreme Court's March 4, 2025, Order was ***not filed and published to the docket*** in this case until ***23 days later*** on March 27, 2025.



27. That undisputed fact is critical.

28. Unconvincingly, the court clerk in this case, Veronica Gipson, has stated in open court that she is responsible for the "clerical error" that led to *momentous* Missouri Supreme Court Order's omission from the Court docket.[13]

---

[13] Petitioner notes that the Missouri Supreme Court surely observed and noticed that its Order was concealed. Petitioner copied then Chief Justice Russell on his May 17, 2025 email to Judge Hilton attaching his *New Evidence* Motion for Change of Judge based in large part on the concealment of the *en banc* Order Chief Justice Russell signed on behalf of the Court. Again, Petitioner has not waived his demand for the removal of Judge Hilton.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

29. The credibility of that claim, however, is completely irrelevant.

30. These facts alone create an irrefutable and irrefutable factual basis upon which a *reasonable person* would question the circumstances and deem it improper for the trial judge that is subject to the oversight included in the Order to remain as trial judge after the Order appointed a Senior Judge to oversee his conduct was not disclosed to the complaining party *for 23 days*.

31. But the facts in this case are even worse.

32. Here, the Missouri Supreme Court's March 4, 2025 Order appointing retired judge T. Lynn Brown was not only filed *23 days late*, it was not filed on this docket in this case *until after* Petitioner filed his Petition for Writ in the Missouri Court of Appeals challenging Judge Hilton's actions.

33. A reasonable person would find overwhelming impropriety due to the likelihood that Judge Hilton faced a "cat is out of the bag" scenario and scrambled to belatedly publish the March 4th Supreme Court Order as Petitioner had outed his misconduct to the Court of Appeals.

34. Again, a reasonable person would undoubtedly find that the circumstances in this case lead to the inescapable conclusion that it would be improper for Judge Hilton to remain as trial judge in this case.

35. Most damning, when Petitioner filed his May 20, 2025, Motion To Vacate And Set Aside *Senior Judge Brown's* April 2, 2025, Order Entered *In Absentia*, Judge Hilton refused to allow Senior Judge Brown to rule on Petitioner's Motion to Vacate that Order.  Senior Judge Brown is the only individual who had the power and authority

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

to rule on that motion.

36. Moreover, before Senior Judge T. Lynn Brown had any chance to consider it, Judge Hilton denied it, *without even reading it*, 24 hours after it was filed.

37. It was denied outright was Petitioner made clear that he intended to argue excusable neglect and fraud for his failure to personally appear.

38. Judge Hilton knew both arguments would be successful.  Therefore, he denied the Motion to Vacate, in addition to a New Evidence Motion for Change of Judge, to create a procedural roadblock prohibiting Senior Judge Brown from considering either motion.

39. Petitioner, is not just any parent, but **an officer of this court**, and he has alleged and detailed a litany of factual situations whereby not some, but every reasonable person, would be shocked to learn that, after which, Judge Hilton did *not* recuse and poised to issue a final round of retaliation against Petitioner in this case.

40. The examples of actual bias under RSMo. § 508.090 are never-ending and only Senior Judge Brown can resolve the issue **on the merits.**

41. The facts stated in the above and foregoing application are true.

WHEREFORE, Petitioner  prays that Judge Hilton enter an Order of Recusal as required by Missouri Code of Judicial Conduct Rule 2-2.11(A), and/or in the alternative, that *Senior Judge Brown* be allowed to rule on this Motion for Recusal Change of Judge pursuant to Rule Missouri Code of Judicial Conduct Rule 2-2.11(A), that *Senior Judge Brown* rule on Petitioner's Application for Change of Judge, after a hearing if necessary, and remove Judge Hilton from this matter for cause pursuant to RSMo. § 508.090, and, if necessary, enter an Order granting leave to file this Application and Motion out of Time,

24

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

and Petitioner requests transfer of this matter to the Missouri Supreme Court for the selection and appointment of a new, non-conflicted trial judge from another circuit, a Democratic Governor appointee, for further handling of this matter as detailed herein, and for such further relief as the Court deems just and proper.

Respectfully submitted,

By: ____/s/ Matthew R. Grant_____
Matthew R. Grant, #50312
Petitioner
1625 Mason Knoll Rd.
St. Louis, MO 63131
T: (314) 412-9112
mattgrant.stl@gmail.com

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

IN THE CIRCUIT COURT OF
ST. LOUIS COUNTY MISSOURI

| | | |
|---|---|---|
| *In Re the Matter of:* | ) | |
| | ) | |
| MATTHEW R. GRANT, | ) | |
| | ) | Case No. 12SL-DR03959-02 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Division 13 |
| | ) | |
| C.M.G. et al, | ) | **SENIOR JUDGE T. LYNN BROWN** |
| | ) | |
| Respondent. | ) | |

## AFFIDAVIT OF MATTHEW R. GRANT

COMES NOW, Petitioner Matthew R. Grant and states as follows:

1. I am over the age of eighteen (18) and I am competent to make these statements.

2. I submit this Affidavit to verify, under oath, that all factual statements in this filing are true and accurate, and should be accepted as evidence by this Court.

3. I hereby incorporate by reference all of the factual allegations in the attached Application and Motion as if set forth fully herein.

4. Judge Hilton, in bad faith, made intentional and false statements from the bench on January 21, 2025, intended to be relied upon by Petitioner and to cause him to consent to the jurisdiction of this Court, which he regrettably did.

5. Judge Hilton directed the manipulation of at least one court hearing transcript in this case.

6. I know corruption when I see it and it is alive and well in Division 13 and within at least the broader St. Louis County Family Court.

7. Before the trial of this matter, I moved for "RECUSAL" of Judge Hilton the morning of the first day of trial before the first witness was called.

8. In response to the oral motion for recusal, Judge Hilton again stated that he had a lack of "actual" bias and he summarily denied my motion.

9. I again reiterate that *actual bias* need **not** be shown for my request for recusal to be granted.

26

10. Rule of Judicial Conduct 2-2.11 is dispositive in this matter.

11. The attached Application and Motion presents additional allegations, if true, and actual evidence of both an appearance of impropriety and Judge Hilton's actual prejudice and bias.

12. I moved for Recusal pursuant to Missouri Code of Judicial Conduct Rule 2-2.11(A) prior to trial and I renew the motion now, and additionally and, alternatively, I move for Disqualification of Judge Hilton and for Change of Judge for cause pursuant to RSMo. § 508.090.

13. I have repeatedly cited and relied upon Judicial Canon 2-2.11 for Judge Hilton's Recusal.

14. I have personally explained Rule 2-2.11's "reasonable person" standard for an appearance of impropriety.

15. I was cross-examined at trial by both Respondent's counsel Maia Brodie and Guardian *Ad Litem* John Fenley, and I was asked to apologize to the Court and all others in the courtroom for my truthful allegations of criminal activity and corruption.

16. I was placed in an *untenable* position to provide truthful testimony and affirm, once again, that the corruption I have alleged is real, before the very corrupt judge that will determine the outcome of my custody and child support in this matter.

17. I have been open about the fact that I have repeatedly reported Judge Hilton to the United States Department of Justice (DOJ) for his actions in this case.

18. I have also made it known that I have reported Judge Hilton to Missouri's Commission on Retirement, Removal and Discipline.

19. I have filed a total of four (4) Writ Petitions during this case to date, 2 with the Missouri Court of Appeals for the Eastern District of Missouri, and 2 with the Missouri Supreme Court.

20. My allegations are so overwhelmingly in "good faith" that the Missouri Supreme Court entered a March 4, 2025, *sua sponte* Order assigning Senior Judge T. Lynn Brown to this case:

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM



21. The undisputed fact is that the Missouri Supreme Court's March 4, 2025, Order was *not filed and published to the docket* in this case until *23 days later* on March 27, 2025.

22. This is a true and accurate copy, with emphasis, of the email I received from the Missouri e-courts filing system that provided my first notice of the Supreme Court Order:

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM



23. The court clerk in this case, Veronica Gipson, stated in open court that she is responsible for the "clerical error" that led to *momentous* Missouri Supreme Court Order's omission from the Court docket.

24. The Missouri Supreme Court's March 4, 2025 Order appointing retired judge T. Lynn Brown was *not only* filed *23 days late*, it was not filed on this docket in this case ***until after*** I filed my first Petition for Writ in the Missouri Court of Appeals in which I exposed Judge Hilton's actions and the ongoing corruption in the St. Louis County Family Court.

25. I filed my May 20, 2025, Motion To Vacate And Set Aside Senior Judge Brown's April 2, 2025 Order Entered *In Absentia*, and Judge Hilton refused to allow Senior Judge Brown to rule on that Motion. Senior Judge Brown is the only individual who has the power and authority to rule on that motion.

26. Before Senior Judge T. Lynn Brown had any chance to consider my motion to vacate, Judge Hilton denied it, *without even reading it*, less than 24 hours after I filed it.

27. My motions were denied outright after I stated in open court that I intended to argue excusable neglect and fraud for my failure to personally appear on April 2, 2025.

28. Judge Hilton denied my Motion to Vacate, in addition to my *New Evidence* Motion for Change of Judge, to create a procedural roadblock prohibiting Senior Judge Brown from considering either motion.

29. I have been retaliated against ever since I disclosed reporting this corruption and these crimes to the United States Department of Justice and after my first Writ filing with the Missouri Court of Appeals.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

30. Just a few additional examples of actual prejudice and bias are:

    i.  Judge Hilton made intentional, material, and false statements from the bench on January 21, 2025, intended to be relied upon by Petitioner and to cause him to consent to the jurisdiction of this Court.

    ii.  Judge Hilton instructed his Court Reporter to manipulate the January 21, 2025, hearing transcript to omit the enticing statements altogether.

    iii.  Judge Hilton's statement in open court that the Missouri Court of Appeals would ***intentionally*** delay any appeal of this matter until both children were 18 years old.

        1.  Judge Hilton's statement was not a prediction of timing.  His statement alleged ***intentional misconduct*** by some members of the Missouri Court of Appeals.

    iv.  Judge Hilton, in bad-faith, and without any basis granted an *ex parte* Motion for TRO filed by Respondent on March 27, 2025 which took all custody and visitation away from Petitioner.

        1.  This action was blatant retaliation for Petitioner's March 26, 2025 filing of his Petition for Writ in the Court of Appeals.

    v.  Judge Hilton threatened to Order that Guardian *Ad Litem* John Fenley's fees be paid ***from my children's 529 accounts that I have established and that I have disclosed in this matter.***

        1.  Judge Hilton is aware that my children's 529 accounts are exempt from any levy or enforcement of judgment under RSMo. § 513.430(13) (citing sections 166.500 to 166.529).

31. The facts stated in the above and foregoing application are true.

32. I have posted many redacted copies of court filings in my case on Facebook and Linked In.  I have been retaliated against by Judge Hilton for doing so.  I am a party in this case and I have the right to publish what I please so long as I do not violate the Protective Order in this matter.  I have zero intention to cease bringing public attention to this decades' long corruption in the St. Louis County Family Court.  In fact, my mission is still in earliest of stages.

Electronically Filed - ST LOUIS COUNTY - August 05, 2025 - 03:46 PM

33. In just instance and example, Judge Hilton *reversed his ruling in my favor* on a Motion to Quash filed by a fact witness after he was told by Guardian *Ad Litem* John Fenley and/or Respondent's counsel Maia Brodie that I was filing more pleadings on Facebook. Again, all pleadings disclosed have been properly redacted versions.

34. Judge Hilton continues to enforce an unconstitutional Gag Order in this case in order to conceal the actions of the parties in this case from the minor children.

35. The application is made in good faith and not to delay trial or to vex or harass the adverse party.

36. I declare under the penalty of perjury that the foregoing is true and correct.


_____

Matthew R. Grant

Electronically Filed - ST. LOUIS COUNTY - August 05, 2025 - 03:46 PM

STATE OF MISSOURI          )

COUNTY OF ST. LOUIS        )

NOTARY ACKNOWLEDGEMENT

On this 5th day of August, 2025, before me, the undersigned notary, personally appeared Matthew R. Grant, proved to me through identification documents (a Missouri Driver's license), to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Affiant

Subscribed and sworn to before me, the undersigned Notary Public, on this 5th day of August 2025.

My Commission Expires: 11/15/2025

PAUL STEENSLAND
Notary Public, Notary Seal
State of Missouri
St. Charles County
Commission # 21514270
My Commission Expires 11-15-2025

_____
Notary Public

32

Electronically Filed - ST. LOUIS COUNTY - August 05, 2025 - 03:46 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served in accordance with Rule 103.08 of the Missouri Rules of Civil Procedure, through the electronic filing system of the State of Missouri, this 5th day August 2025 to:

Maia Brodie
Brodie Law
8909 Ladue Road
St. Louis. Missouri 63124
(3 14) 726-6242
(314) 726-5155 (Fax)
mbrodie@brodielawstl.com
*Attorneys for Respondent*

John R. Fenley
Reinker, Hamilton & Fenley, LLC 2016 South Big Bend Blvd.
St. Louis, MO 63117
(314) 333-4140
(314) 754-2701 (Fax)
john@rhflegal.com Guardian *Ad Litem*

_____/s/ Matthew R. Grant_____