IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
STATE OF MISSOURI

<table>
<tr><td>Matthew Grant,</td><td>)</td><td></td></tr>
<tr><td>    Petitioner,</td><td>)</td><td>Cause No: 12SL-DR03959-02</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Division: 13</td></tr>
<tr><td></td><td>)</td><td>Judge Zerr</td></tr>
<tr><td>CMG, et al.,</td><td>)</td><td></td></tr>
<tr><td>    Respondents.</td><td>)</td><td></td></tr>
</table>

FILED
08/29/25
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

**JUDGMENT ON PETITIONERS MOTION TO DISQUALIFY OR RECUSE, FOR CAUSE PURSUANT RSMo SECTION 509.090**

This matter was called for hearing on August 27, 2025. This matter was heard by Richard Zerr, a Senior Judge, appointed by the Supreme Court, at the request of the 21st Circuit, to hear the Motion to Disqualify or Recuse, for cause, pursuant to RSMo section 508.090. Appearing at the hearing was the Petitioner, Matthew Grant, appearing pro se, Respondent Rebecca Copeland, by Maia Brodie, her attorney, and the minor children CLG and CMG, by their Guardian ad Litem, John Fenley. The Court heard the testimony of Matthew Grant and Bruce Hilton. The Court received 6 exhibits offered by the Petitioner. The Court, by agreement of the parties, listened to a recording of a conversation between Petitioner and Guardian, recorded on Exhibit 6, after the hearing. At the request of the Petitioner the Court took Judicial Notice of the entire Court File. On August 28, 2025 the Court received an email from the Petitioner. The email had the following attachments: a copy of a Temporary Restraining Order Filed March 27, 2025,A Filing delineated ORDER, Filed March 28, 2025, An Our Family Wizard Message Report for a message  sent 3/25/25 at 9:08PM,A document marked Exhibit A Fenley Email, A document titled 8.28 filing, A document  marked Ex E Hilton case, containing a copy of an appellate opinion in *Hendrix v. City of St Louis*, 636 SW3d 889, which was provided by Judge Hilton during his testimony, A document described as Ex G, a copy of suggestions filed in ED113799, and a document titled Ex F, which is a copy of a Perdition for Writ ,filed in ED113799.The Court has reviewed all these documents and they are items either previously discussed, filed of record before the Appellate Court or, in the case of "8.28 filing", Petitioners Post-Hearing Response. The Petitioner also indicated to the Court that Counsel for the Respond has blocked Petitioner on her email account.

1

**Exhibit E**

The Court has carefully reviewed all the information provided and believes it is fully advised and enters the following Findings and Judgment:

1.  RSMo Section 508.090 provides,

    The judge of a court of record may be disqualified in any civil suit for any of the following causes:

    (1) That the judge is interested or prejudiced, or is related to either party, or has been of counsel in the cause;

    (2) That the opposite party has an undue influence over the mind of the judge.

2.  RSMo Section 508.130 provides:

    Any party, his agent or attorney, may present to the court, or judge thereof in vacation, a petition setting forth the cause of his application for disqualification of the judge or for a change of venue, and when he obtained his information and knowledge of the existence thereof; and he shall annex thereto an affidavit, made by himself, his agent or attorney, to the truth of the petition, and that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged….

3.  The decision in *Williams v. Reed*, 6 S.W.3d 916, 921–22 (Mo. Ct. App. 1999) provides some guidance:

    "To constitute a disqualifying bias, the bias "must come from an extrajudicial source that results in the judge forming an opinion on the merits based on something other than what the judge has learned from participation in the case." *State v. Jones*, 979 S.W.2d 171, 178 (Mo. banc 1998), cert. denied, 525 U.S. 1112, 119 S.Ct. 886, 142 L.Ed.2d 785 (1999). The judge's bias or prejudice must be personal, rather than judicial, and must be "to such an extent so as to evince a fixed prejudgment and to preclude a fair weighing of the evidence." State ex rel. *Wesolich v. Goeke*, 794 S.W.2d 692, 697–98 (Mo.App.1990). Because litigants who present their disputes to a Missouri court are entitled to a trial which is not only fair and impartial, but which also appears fair and impartial, id. at 695, the test for recusal is not whether the court is actually biased or prejudiced. *Grissom v. Grissom,* 886 S.W.2d 47, 56 (Mo.App.1994). Rather, the test for recusal when

2

the judge's impartiality is challenged is " 'whether a reasonable person would have a factual basis to find an appearance of impropriety and thereby doubt the impartiality of the court.' " *Jones*, 979 S.W.2d at 178 (quoting *State v. Smulls*, 935 S.W.2d 9, 17 (Mo. banc 1996))."

4. Additionally, the case of *Barden v. Barden*, 492 S.W.3d 641, 645 (Mo. Ct. App. 2016) reminds: "Furthermore, for bias or prejudice to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. An impersonal prejudice resulting from background experience is insufficient." *Elnicki v. Caracci*, 255 S.W.3d 44, 50 (Mo.App.E.D.2008) (quoting State ex rel. Wesolich v. Goeke, 794 S.W.2d 692, 697 (Mo.App.E.D.1990)). Wife does not cite to any evidence that the trial court has an extrajudicial source of prejudice against her".

5. Petitioner cites the Court to *State ex rel Ferguson v. Corrigan*, 959 S.W.2d 113, for authority that this application to disqualify is not time barred. The Court agrees with the Petitioner that this application is not barred by rules setting a time period in which the application may be filed, as may exist in a Change of Judge, as a matter of right.

6. The Court does not believe the matter is time barred simply because an application was previously filed and denied by Judge Terry Brown, based upon the Petitioners failing to appear for hearing.

7. Judge Hilton presented to the Court the case of *Hendrix v City of Saint Louis*, 636 S.W.3d 889. Petitioner, in his written response, expresses outrage about the response made by Judge Hilton, to the question posited by Petitioner about what does the *Hendrix* case mean. Judge Hiltons response You Lose, reflects his belief that the case is dispositive as to the ability to disqualify a Judge after a case is submitted for ruling. There was nothing in that statement that was an expression of animus towards the Petitioner. In fact, when asked by the Petitioner, Judge Hilton responded the he has no bias against Petitioner.

8. In listening to the testimony of Petitioner and reading the many filings he has made in this Court and in the Appellate Courts, it is clear that the Petitioner sincerely believes that he is enmeshed in an organized and pervasive conspiracy to deprive him of a fair hearing. While the appearance of fairness in the Courts is almost as important as the actual

3

fairness in our Courts, the appearance of fairness has to be tested in the arena of those who view the Courts with an unbiased view.

9.  In the eye of the Petitioner, every action that does not proceed in a fashion that he believes is correct, it is the result of a pervasive conspiracy reaching to the bench of the Court of Appeals and not the result of any action by the Petitioner ,or simple accident.

10. The Court will address two examples:

A) When the Petitioner filed his first motion to disqualify for cause, Judge Hilton testified he request the Supreme Court appoint judge to hear that Motion. The Court appointed Judge Brown to hear the matter. The appointment Order arrived in the clerk's office and apparently sat of the desk of a clerk for several weeks because she was unfamiliar with the process. The Petitioners view is that the Supreme Court, sua sponte, appointed Judge Brown to oversee the actions of Judge Hilton because of their concerns to his actions in the case. He also believes that Judge Hilton intentional hid the fact of the appointment for a number of weeks, He views both of these beliefs as evidence of bias.

B) On an occasion the Petitioner asked to admit a business record from Assure Test, reflecting a test of the Petitioner for Drugs/Alcohol. The Petitioner believed that the document was admissible with a business records affidavit. Judge Hilton ruled that the receipt of a result of a laboratory test required someone to testify as to the nature of the testing and to interpret the results. Rather than viewing this disagreement as a difference over the law, Petitioner cites this as another indication of the bias of the Judge and his involvement in a RICO criminal enterprise. An old adage says, "If your only tool is a hammer, everything looks like a nail". Here Petitioner is so convinced of the involvement of virtually everyone in the court as being involved in a criminal conspiracy, (even alleging the Court Reporter criminally altered a transcript) that he is unable to recognize that not everything that happens is the result of a conspiracy against Petitioner.

11. Judge Hilton may be correct that *Hendrix* is dispositive, but this Court does not base its ruling on that decision.

12. Nothing in this Courts ruling is an indication of the Trial Judge obligations under Cannon 2.

AFTER FULL AND FAIR CONSIDERATION OF THE PLEADINGS, THE TESTIMONY AND THE EXHIBITS IT IS THE ORDER OF THE COURT THAT THE PETITIONERS MOTION TO DISQUALIFY AND MOTION TO RECUSE, FOR CAUSE, PURSUANT TO RSMo SECTION 508.90 is **DENIED**

<u>**SO ORDERED**</u>

RICHARD ZERR, SENIOR JUDGE

SPECIAL JUDGE SAINT LOUIS COUNTY

ENTER: AUGUST 29, 2025