IN THE MISSOURI COURT OF APPEALS
EASTERN DISTRICT

MATTHEW R. GRANT,            )
                             )
        APPELLANT,           )
                             )
vs.                          ) Appeal No. ED114144
                             )
C.M.G., ET AL,               )
                             )
        RESPONDENTS.         )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
TWENTY-FIRST JUDICIAL CIRCUIT, DIVISION 13
Honorable Bruce Hilton, Presiding

MATTHEW R. GRANT,            )
                             )
        PETITIONER,          )
                             )
            vs.              ) Cause NO. 12SL-DR03959-02
                             )
C.M.G., ET AL.,              )
                             )
        RESPONDENTS.         )

TRANSCRIPT ON APPEAL

FEBRUARY 7, 2025

=========================================================

For the Petitioner:            For the Respondents:
Matthew R. Grant, Pro Se       Maia Brodie
                               Brodie Law
                               8909 Ladue Road
                               Clayton, MO 63105


Guardian Ad Litem:             For Sarah Grant:
John Fenley                    Lawrence G. Gillespie
Attorney at Law                120 S. Central Avenue
2016 S. Big Bend Blvd.         Suite 650
St. Louis, MO 63117            Clayton, MO 63105


Reported by:
Suzanne M. Bacyinski, RPR, CCR 1338
Official Court Reporter
Twenty-First Judicial Circuit
(314) 615-4532

1

**Exhibit I**

MR. GRANT:  Okay.  In any event, I was made aware that there was a safety issue at my son's -- my oldest son's school.  I sent your -- I was immediately concerned for the safety and wellbeing of my children.  I sent your Honor an email that I have attached as an exhibit, which accurately reflects --

MS. BRODIE:  Your Honor, I'm going to object.  That's hearsay.  It's also an ex parte communication.  It was improper on its face and I would ask that the Court remove that document from the Court file and disregard any content.

THE COURT:  Thank you, Ms. Brodie.  I'll allow it.  Go ahead.  Overruled.

MR. GRANT:  So the intent of the email was what I was -- my alarm was what was intended, which was that obviously I am no safety risk to my children.  They have been in my custody on -- per the consent order since October 2nd.  And, if the Court will recall, the Court's commentary on the record on January the 21st, I've never been in a better position than I am right now.  And candidly, since we're on the record, I hold all the cards.  So when I received that notice, I knew only one thing, which was -- my concern was only one thing,

7

which was that Ms. Copeland indeed knew what was coming and was unwilling to accept it and --

MS. BRODIE:  Your Honor, I would object.  That's hearsay.  He doesn't know what she knew.  He's speculating.

MR. GRANT:  That's not hearsay, your Honor.  I'm sharing my feelings.  My present sense impression of what I read.

THE COURT:  Okay.  The problem I have and I'm sympathetic to everything that you have pled, which I have read, but this is an evidentiary hearing.  So you can opine as the father of your children on how you believe the children have been harmed but what is your evidence of that harm?

Every parent is entitled to an opinion but what is your independent evidence that your children have been harmed and continue to be harmed if I don't go ahead and dissolve this temporary consent order?

MR. GRANT:  The harm is what I have observed with my eyes.  Both of my children went out of their way to confide in me.

MS. BRODIE:  Your Honor, I'm going to object to anything the children said as hearsay.

THE COURT:  He hasn't gotten there yet.

8