# House Bill (HB _____)

*(last revised on April 9, 2026)*

This Act shall be known as the CHILD Protection Act of 2027.  Consistent with Act's title, this Act recognizes the serious concern that this nation's family courts are plagued, in part, by Corruption Hidden In Legal Dockets and this Act shall begin to address it.

This Act shall amend and repeal the Federal Courts Improvement Act of 1996 104-317, 1996-10-19, 110 Stat. 3847 (28 U.S.C. 1 note) to the extent it changed the scope of liability for judicial officers and appointees and ***adopts the scope of judicial immunity as determined by the United States Supreme Court in Pulliam v. Allen, 466 U.S. 522 (1984).***

As such, This Act shall amend and revise the 18 U.S.C. § 1961 *et seq.* (Racketeering Influenced Corrupt Organizations Act (RICO) and 42 U.S.C. § 1983 *et seq.* (Civil Rights Act).

***In sum, this Act amends existing law to allow civil actions against sitting judges to the extent the relief includes prospective injunctive relief and seeks an award of attorneys' fees.  See Pulliam v. Allen, 466 U.S. 522 (1984).***

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# 42 U.S.C. § 655 – Payments to States

## This Act hereby adds the following subsection (35):

**(35)** provide that the State shall be deemed a "Qualifying State" under this part if:

(A) Establishment of the Family Court Compliance Office:

    a. The Secretary shall nominate an individual to serve on an annual basis as the Family Court Czar (FCC) and such individuals shall only be appointed if approved by the Family Court Committee (FC Committee) as designated in this section:

**Exhibit Y**

(B) Establishment of the Family Court Committee (FC Committee):

a.  the judicial committee of the House of Representatives of each State shall appoint six (6) individuals to serve on the FC Committee;

b.  The six individuals shall include at least 2 representatives of the Democrat Party as determined by its Majority Whip, and it shall include at least 2 representatives of the Republican Party as determined by its Majority Whip;

c.  the FC Committee shall develop such requirements deemed necessary by the Secretary to ensure that each State has developed and submitted a Family Court Protection Plan and Report as approved by the Secretary:

d.  The FC Committee shall appoint ten (10) individuals to serve as a Family Court Oversight Appointee;

e.  The FC Committee shall allocate each Family Court Oversight Appointee with 5 States for which such Appointee shall have responsibility to qualify or disqualify any State for compliance with this Chapter;

f.  Any State shall appoint a State Family Court Oversight Committee responsible for reviewing Judicial Complaints as received by the Committee:

g.  Any State seeking funding under this Chapter shall adopt a Family Court Protection Czar;

h.  Any State's Family Court Protection Czar shall adopt such regulations as it deems necessary and as approved by the Czar to provide a State Child Protection Plan;

i.  Any State's Child Protection Plan shall include at least the following safeguards in order to qualify for funding under this Chapter;

  i.  An independent committee as appointed under each State's Family Court Protection Group:

i. Each State's Family Court Protection Group shall be developed by the State in a manner to include at least (2) state court legislature by vote of its members as it deems appropriate;

ii. In order to qualify for Full Funding under 42 U.S.C. § 655, any State must develop and submit a State Family Court Protection Plan;

iii. Each State's Family Court Protection Group shall recommend to the legislature of each State a bi-annual Removal Recommendation Report:

iv. Each State's Family Court Protection Group's Removal Recommendation Report shall include a list of all complaints as submitted by any citizen to the Family Court Complaint Office as established by the Family Court Protection Group.

v. Each State's Family Court Compliance Office shall receive and Publish all Family Court Parental Complaints received by that Office through the State's Secretary of State website which shall have a separate and conspicuous FCCO Webpage that provides reasonable guidelines for any citizen of any State to submit a full and complete Family Court Parental Complaint that encompasses any grievance any citizen of any State shall possess regarding any State Level Judicial Officer;

    a. each State shall establish a Family Court Protection Office for Minors that includes at least 1 appointee as determined by a public election for each County and/or Municipal level every two (2) years;

    b. each State Level Judicial Officer shall include any judge or commissioner that serves in any Circuit or similar Court that provides Family Court Litigation:

    c. Family Court Litigation shall be defined as any litigation in which the temporary or permanent custody of a Minor Child is at issue;

d. Family Court Litigation shall include Divorce Action and Paternity Action;

e. Family Court Litigation shall exclude any adoption proceedings;

f. Family Court Litigation shall exclude Juvenile Discipline matters;

vi. Each State's Family Court Compliance Office shall make annual recommendations of any Judicial Officer it identifies as an Impeachment Candidate;

vii. Impeachment Candidates, if any, shall be identified by Publication and delivery to each member of the House of Representatives of each State;

viii. A list of Impeachment Candidates shall be Published conspicuously on each State's at least semiannually updated FCC Office's Website;

(c) Non-Qualifying States:  the Secretary shall implement at least the following:

i. Any State that fails to satisfy the criteria detailed in this Chapter (35) shall be deemed as Non-Qualifying.

ii. After a non-binding recommendation from the FCC, the Family Court Czar shall make the determination of whether a State is Qualifying under this Chapter.

(d) Penalty for Non-Qualifying States

i. In the event a State is deemed Non-Qualifying and beginning in the next quarter in which funding is otherwise due to the State, the State's allocation of funding (66%) or the percentage in effect at the time under section 655, shall be reduced by ten-

percent (10%) pro-rata on a calendar day basis (example 66% reduced to 56%).

iii. Only after substantial improvements and complete compliance shall any State be eligible for re-designation as "Qualifying."

iv. Each State may reapply on any future quarterly funding date, however, any such State can only reapply after a period of 120 calendar days.

v. One fiscal quarter shall, at a minimum, be a non-reimbursable.

vi. In no event shall the redesignation of any State as "Qualifying" be deemed to cause any retroactive funding.

vii. Upon the date of determination of any Non-Qualifying State shall be designated Qualifying, future funding shall proceed on a daily, pro-rata basis.

(e) Funding for the Family Court Compliance Program

a. Funding for the Program established under this Chapter shall be funded with the monies that otherwise would be paid at 66% under section 654(24)(B) of this title.

b. any reduction in funds to any State shall be applied to the future budget of the Family Court Compliance Program.

# 42 U.S.C. § 655(a) shall be amended as follows:

**(iii)**

The Secretary shall reduce the amount of any reduction that, in the absence of this clause, would be required to be made under this paragraph by reason of the failure of a State to achieve compliance with section 654(24)(B) and section 35 of this title during the fiscal year, by an amount equal to 20 percent of the amount of the otherwise required reduction, for each State performance measure described in section 658a(b)(4) and section 35 of this title with respect to which the applicable percentage under section 658a(b)(6) of this title for the fiscal year is 100 percent, if the Secretary has made the determination described in section 658a(b)(5)(B) and section 35 of this title with respect to the State for the fiscal year.

(iv)

The Secretary shall reduce the amount of any reduction that, in the absence of this clause, would be required to be made under this paragraph by reason of the failure of a State to achieve compliance with section 654(24)(B) and section 35 of this title during the fiscal year, by an amount equal to 20 percent of the amount of the otherwise required reduction, for each State performance measure described in section 658a(b)(4) of this title with respect to which the applicable percentage under section 658a(b)(6) and section 35 of this title for the fiscal year is 100 percent, if the Secretary has made the determination described in section 658a(b)(5)(B) and section 35 of this title with respect to the State for the fiscal year.

**(d) State reports**

Notwithstanding any other provision of law, no amount shall be paid to any State under this section for any quarter, prior to the close of such quarter, unless for the period consisting of all prior quarters for which payment is authorized to be made to such State under subsection (a), there shall have been submitted by the State to the Secretary, with respect to each quarter in such period (other than the last two quarters in such period), a full and complete report (in such form and manner and containing such information as the Secretary shall prescribe or require) as to the amount of child support collected and disbursed and all expenditures with respect to which payment is authorized under subsection (a).

**(d)(1)  Family Court Czar**

The Secretary shall appoint an individual to serve as the Family Court Czar under this section.  The Czar shall possess at least the following powers that the Secretary is authorized to make those decisions and rulings as provided under this Title.

**(d)(2)  Child Support Compliance Program.**

Notwithstanding any other provision of law, no amount shall be paid to any State under this section (d) above unless the State has submitted to the Secretary a Certificate of Compliance issued by the Family Court Czar appointed by the Secretary as authorized in subsection (d)(2) below.

